**Eden P. Quainton**
**Quainton Law, PLLC**

**2 Park Avenue, 20th Floor**
**New York, NY 10016**

**245 Nassau St.**
**Princeton, NJ 08540**

---

**Telephone (212) 419-0575, (609) 356-0526**
**Cell: (202) 360-6296**
**Email equainton@gmail.com**

January 10, 2023

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *GateGuard, Inc. v. Amazon.com, Inc. et al., Case No. 21 Civ. 09321 (JGK)*

Dear Judge Koeltl,

      I represent the Plaintiff, GateGuard, Inc. ("GateGuard"), in the above-captioned matter. I am writing for leave to appear remotely at any oral argument scheduled for the Motion to Dismiss filed by Amazon.com, Inc. et al., ("Amazon") on March 18, 2022 (the "Motion").[1] Since the filing of the Motion, I have developed a serious medical condition that currently would make it extremely difficult for me to appear personally. The condition was initially diagnosed as Guillain-Barré syndrome, *see* https://www.mayoclinic.org/diseases-conditions/guillain-barre-syndrome/symptoms-causes/syc-20362793. It was then thought to be more serious and was treated as transverse myelitis, *see* https://www.mayoclinic.org/diseases-conditions/transverse-myelitis/symptoms-causes/syc-20354726. However, my doctors are now unsure of the precise nature of my condition and I am waiting for the results of further testing and examinations. I

---

[1] Amazon does not oppose the request, but now believes the matter can be resolved without oral argument, contrary to its earlier request for oral argument filed with the Court on June 6, 2022. Dkt. 26. Amazon reserves the right to appear in person.

have been hospitalized twice for a total of 30 days and am currently undergoing physical and occupational therapy on an outpatient basis. It may be several months or more before I will be able to appear physically in Court.

In addition, I would respectfully request that oral argument be scheduled as soon as practicable for the Court, for two reasons. First, although my condition is improving and I am hoping to be well on the way to recovery in several months, a relapse or retrogression remains possible, and it would not be fair to my client for there to be any delay as a result of my medical issues if that can be avoided.

Second, GateGuard informs me that the conduct alleged in the First Amended Complaint, notably the installation of the Amazon Key on or through GateGuard intercoms and the intercom systems of other Amazon competitors, resulting in damage to the intercoms and the business of GateGuard and others, continues unabated. As a commercial matter, GateGuard respectfully submits that a rapid hearing and resolution of the claims against Amazon is a matter of urgency. While Amazon has vast resources to play a waiting game, delay disproportionately damages smaller players such as GateGuard, whose very business survival is threatened by the alleged anti-competitive conduct.[2] Justice delayed, as the adage goes, can very well mean justice denied.

I thank your Honor for your courtesies in this matter.

Respectfully submitted,

*Den Quainton*
Eden P. Quainton

cc: All counsel of record (via ECF)

---

[2] Amazon contests that it has engaged in any unlawful conduct.