UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
GATEGUARD, INC.,                                            :
                                                            :
                         Plaintiff,                         :
                                                            :
         -against-                                          :
                                                            :    Case No. 21 Civ. 9321 (JGK)
AMAZON.COM, INC.,                                           :
AMAZON.COM SERVICES, INC.,                                  :
AMAZON.COM SERVICES, LLC,                                   :
AMAZON LOGISTICS, INC.,                                     :
                                                            :
                         Defendants.                        :
                                                            :
------------------------------------------------------------x

**<u>DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Anne M. Champion
Christopher D. Belelieu
David P. Salant
Marc Aaron Takagaki
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000

*Counsel for Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Logistics, Inc.*

## INTRODUCTORY STATEMENT

This suit is merely the latest attempt by GateGuard, a company that sells apartment building intercom and surveillance devices in the New York City area, to obtain millions of dollars from Amazon based on unsubstantiated allegations of harm purportedly stemming from installations of Amazon's Key For Business ("KFB") at buildings with GateGuard intercoms.  When GateGuard first contacted Amazon about these alleged technical issues, Amazon promptly attempted to investigate and remedy them.  As part of that process, Amazon asked GateGuard to identify buildings where these alleged problems had occurred so that Amazon could investigate and resolve any issues GateGuard might be having as a result of installations of KFB, a device that allows Amazon package deliverers to access locked buildings so that they can safely deposit packages inside.  But despite repeatedly being asked for basic information that would allow Amazon to verify, and if needed, address any issues KFB might be causing with GateGuard intercoms, GateGuard refused to share it, instead continually escalating its allegations of harm and trying to pitch Amazon on buying GateGuard for millions of dollars.

When GateGuard finally did provide a limited list of allegedly affected properties, Amazon promptly investigated any KFB activities at each address by reviewing its records and having trained Amazon technicians conduct site visits to examine the premises.  Amazon found no evidence that KFB had interfered with the operation of any GateGuard devices at any of the addresses provided.  In fact, Amazon found no evidence of damaged GateGuard devices at any of the addresses, and no evidence of any KFB installation *at all* at some of the addresses.  GateGuard thus has had extensive opportunities to present evidence that Amazon's KFB installations interfered with its apartment building intercom devices, and to allow Amazon to remedy any problems that were occurring, if that was its goal, but it has failed to do so.  What has instead

1

emerged is that GateGuard's owner, Ari Teman, is a serial litigant who was criminally charged and convicted of defrauding GateGuard's own customers. This suit is just another in a long line of Mr. Teman's schemes, and while his claims of harm remain unsubstantiated, his demands for payoffs from Amazon have escalated from the millions to tens of millions to hundreds of millions of dollars, while his legal claims grow more outlandish.

Simply put, GateGuard's claims of malfunctioning devices and device incompatibility are factually unsupported and meritless. GateGuard's allegations that Amazon misappropriated GateGuard's intellectual property are conclusory and bear no resemblance to the actual disputed issue: allegedly malfunctioning intercom devices. And GateGuard's more fantastical legal theories of trademark misappropriation and attempted monopolization have already been dismissed with prejudice by the Court. GateGuard is entitled to none of the relief sought in its First Amended Complaint.

## DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants Amazon.com, Inc., Amazon.com Services LLC,[1] and Amazon Logistics, Inc. (collectively, "Amazon"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by Plaintiff GateGuard, Inc. ("GateGuard") in its First Amended Individual and Class Action Complaint ("FAC").

## RESERVATION OF RIGHTS AND GENERAL DENIAL

Defendants deny any and all liability under the causes of action asserted in the FAC. Further, the FAC contains allegations pertaining solely to claims that were dismissed with

---

[1]   Defendant Amazon.com Services, Inc. no longer exists and is now known as Amazon.com Services LLC.

prejudice by the Court in its Memorandum Opinion and Order dated February 16, 2023, ECF No. 30, and thus no response to these allegations is required; to the extent a response is required, such allegations are denied. Numerous allegations in the FAC state legal conclusions that do not require a response; to the extent a response is required, such allegations are denied. The FAC also includes a number of unnumbered section headings, placed in quotation marks herein, to which no response is required; to the extent a response is required, such allegations are denied. Amazon denies each and every allegation in the FAC not expressly and specifically admitted herein. Amazon further reserves all rights to amend and supplement its Answer as information becomes available and as may be necessary.

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the FAC. Except as specifically admitted, Amazon denies the allegations in the FAC, including without limitation the headings, footnotes, charts, photographs, and images contained within the FAC.

## "INTRODUCTION"

1.      Paragraph 1 contains legal conclusions, to which no responsive pleading is required. Paragraph 1 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. To the extent a response is required, Amazon admits that this is an action for damages and that GateGuard is seeking an injunction. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 1.

2.      Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.      Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.      Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6.      Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.      Paragraph 7 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 7.

8.      Paragraph 8 contains legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 8.

9.      Paragraph 9 contains legal conclusions, to which no responsive pleading is required.

10.     Amazon denies the allegations in Paragraph 10.

11.     Paragraph 11 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 11.

12.     Amazon denies the allegations in Paragraph 12, except that Amazon admits that this matter began on October 14, 2020 when GateGuard sent Amazon a letter regarding unspecified "unauthorized installations" of Amazon's KFB devices in buildings containing GateGuard's devices.

13.     Paragraph 13 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 13.

14.    Paragraph 14 contains legal conclusions, to which no responsive pleading is required.  Amazon admits that GateGuard brought this lawsuit.  Except to the extent expressly admitted, and to the extent any response is required, Amazon denies the allegations in Paragraph 14.

"<strong><u>THE PARTIES</u></strong>"

15.    Amazon admits that, to the best of its current understanding and knowledge, GateGuard, Inc. is a Delaware corporation.  Paragraph 15 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16.    Amazon admits that Amazon.com, Inc. is a Delaware corporation, and that Amazon, Inc. has a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

17.    Amazon denies the allegations in Paragraph 17.  Defendant Amazon.com Services, Inc. no longer exists and is now known as Amazon.com Services LLC.

18.    Amazon admits that Amazon.com Services LLC is a Delaware limited liability company, and that Amazon.com Services LLC has a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 18.

19.    Amazon denies that Amazon Logistics, Inc. is a Washington State corporation. Amazon admits that Amazon Logistics, Inc. has a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

20.    Paragraph 20 contains legal conclusions, to which no responsive pleading is required.

## "<u>JURISDICTION AND VENUE</u>"

21.    Amazon admits this Court has subject matter jurisdiction over the federal-law claims pleaded in this action.

22.    Amazon admits this Court may exercise supplemental jurisdiction over this action to the extent it takes jurisdiction over Plaintiff's federal-law claims.

23.    Paragraph 23 contains legal conclusions, to which no responsive pleading is required.  Amazon admits this Court has personal jurisdiction over Amazon.

24.    Paragraph 24 contains legal conclusions, to which no responsive pleading is required.  Amazon admits venue is proper in this District.

## "<u>FACTUAL BACKGROUND</u>"

"*General*"

25.    Paragraph 25 contains legal conclusions, to which no responsive pleading is required.  Paragraph 25 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 25.

26.    Paragraph 26 contains legal conclusions, to which no responsive pleading is required.  Paragraph 26 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 26.  To the extent a response is required to the image in Paragraph 26, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

27.    Paragraph 27 contains legal conclusions, to which no responsive pleading is required.  Paragraph 27 contains allegations pertaining to claims that were dismissed with

prejudice by this Court, to which no responsive pleading is required. Paragraph 27 purports to characterize the contents of a report of the House of Representatives' Subcommittee on Antitrust, Commercial and Administrative Law in part and out of context, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents. To the extent a response is required, Amazon admits that Amazon operates a frequently visited website for e-commerce. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 27.

28.    Amazon denies the allegations in Paragraph 28.

29.    Paragraph 29 contains legal conclusions, to which no responsive pleading is required. Paragraph 29 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 29.

***"Amazon Logistics"***

30.    Paragraph 30 contains legal conclusions, to which no responsive pleading is required. Paragraph 30 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. To the extent a response is required, Amazon admits that Amazon makes certain deliveries through Amazon Logistics, Inc., and that Amazon Logistics, Inc. is an indirect, wholly owned subsidiary of Amazon.com, Inc. Amazon denies that Amazon Logistics, Inc. was founded in 2016. Paragraph 30 purports to characterize the contents of a report located at the link in footnote 3 in part and out of context, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30. To the extent a response is required to the images in

Paragraph 30, Amazon lacks knowledge or information sufficient to form a belief as to whether they are authentic, reliable images of what Plaintiff claims them to be.

31.     No Paragraph 31 is included in the FAC.

32.     Paragraph 32 contains legal conclusions, to which no responsive pleading is required.  Paragraph 32 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  Paragraph 32 purports to characterize the contents of a report of the House of Representatives' Subcommittee on Antitrust, Commercial and Administrative Law in part and out of context, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents.  To the extent a response is required, Amazon denies the allegations in Paragraph 32.

*"The Last-Mile Delivery Market"*

33.     Paragraph 33 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent any response is required, Amazon denies that Amazon Logistics, Inc. was created in 2016.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

34.     Paragraph 34 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 relating to UPS, FedEx, and the US Postal Service.  To the extent a response is required, Amazon denies the allegations in Paragraph 34.

35.     Paragraph 35 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  Paragraph 35 purports to

characterize a publication of the United States census, and Amazon refers to that publication, which speaks for itself, for a true and accurate account of its contents. To the extent a response is required, Amazon denies the allegations in Paragraph 35.

### *"The E-Commerce Delivery Market"*

36.     Paragraph 36 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 36.

37.     Paragraph 37 contains legal conclusions, to which no responsive pleading is required. Paragraph 37 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 37.

38.     Paragraph 38 contains legal conclusions, to which no responsive pleading is required. Paragraph 38 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 38.

39.     Paragraph 39 contains legal conclusions, to which no responsive pleading is required. Paragraph 39 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 39.

40.     Paragraph 40 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 40.

*"Residential Apartments and the Amazon 'Key' to Control"*

41.    Amazon lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41.

42.    Paragraph 42 contains legal conclusions and characterizations, to which no responsive pleading is required.  Paragraph 42 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42.

43.    Paragraph 43 contains legal conclusions, to which no responsive pleading is required.  Paragraph 43 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 43.

44.    Paragraph 44 contains legal conclusions, to which no responsive pleading is required.  Paragraph 44 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 44.

45.    Paragraph 45 contains legal conclusions, to which no responsive pleading is required.  Paragraph 45 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  Amazon admits that it operates the KFB program, and that it introduced the KFB program in 2019.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 45.

46.    Amazon admits that the KFB technology may be compatible with existing access systems.  Amazon admits that KFB can be remotely controlled.  Amazon admits that only during

a time-limited entry window triggered by a delivery request, package deliverers verified by Amazon can use KFB to obtain access to the building.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 46.

47.    Paragraph 47 contains legal conclusions, to which no responsive pleading is required.  Paragraph 47 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 47.

48.    Paragraph 48 contains legal conclusions, to which no responsive pleading is required.  Paragraph 48 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  Paragraph 48 purports to characterize the contents of the GateGuard Service Agreement in part and out of context, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents.  To the extent a response is required, Amazon denies the allegations in Paragraph 48.

49.    Paragraph 49 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 49.  To the extent a response is required to the photograph in Paragraph 49, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable photograph of what Plaintiff claims it to be.

50.    Paragraph 50 contains legal conclusions, to which no responsive pleading is required.  Paragraph 50 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 50.

***"Key for Business is Designed so Amazon Can Dramatically and Cheaply Increase the Speed of its Deliveries, and Ultimately Control the E-Commerce Delivery Market"***

51.     Paragraph 51 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 51.

52.     Paragraph 52 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 52.

53.     Paragraph 53 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 53.  To the extent a response is required to the chart in Paragraph 53, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable chart of what Plaintiff claims it to be.

54.     Amazon admits that by using KFB, package deliverers verified by Amazon can more efficiently and securely deliver packages.  Except to the extent expressly admitted, Amazon lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54.

55.     Paragraph 55 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  Amazon admits that by using KFB, package deliverers verified by Amazon can more efficiently and securely deliver packages, and that KFB offers the option to permit certain trusted third-party delivery providers to use the KFB technology.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 55.

56.    Paragraph 56 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 56.

57.    Amazon denies the allegations in Paragraph 57.  To the extent a response is required to the image in Paragraph 57, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

58.    Paragraph 58 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 58.

59.    Paragraph 59 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 59.

***"Amazon's Patterns of Lies and Deception About its Key for Business"***

60.    Paragraph 60 contains legal conclusions, to which no responsive pleading is required.  Paragraph 60 purports to characterize the contents of Amazon's January 7, 2019 press release in part and out of context, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents.  To the extent a response is required, Amazon denies the allegations in Paragraph 60.

61.    Amazon denies the allegations in Paragraph 61.

62.    Paragraph 62 purports to characterize the contents of Amazon's website at the page https://www.amazon.com/b?ie=UTF8&node=18530497011 in part and out of context, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents.  Amazon denies that the web page states or stated KFB "works seamlessly with" building access systems.  Amazon admits that KFB works with most call boxes, buzzers, key pads, and

many other building access systems, and that KFB does not disrupt the way residents access properties.  Amazon denies the remaining allegations in Paragraph 62.

63.     Amazon denies the allegations in Paragraph 63.

64.     Amazon denies the allegations in Paragraph 64.

65.     Amazon denies the allegations in Paragraph 65.  To the extent a response is required to the video linked in Paragraph 65, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable video link of what Plaintiff claims it to be.

66.     Paragraph 66 purports to characterize the contents of the YouTube video located at https://www.youtube.com/watch?v=jpD20m4d_mE in part and out of context, and Amazon refers to that video, which speaks for itself, for a true and accurate account of its contents.  To the extent a response is required to the video images referenced in Paragraph 66, Amazon lacks knowledge or information sufficient to form a belief as to whether they are authentic, reliable video images of what Plaintiff claims them to be.  Amazon denies the remaining allegations in Paragraph 66.

67.     Paragraph 67 purports to characterize the contents of the YouTube video located at https://www.youtube.com/watch?v=jpD20m4d_mE in part and out of context, and Amazon refers to that video, which speaks for itself, for a true and accurate account of its contents.  To the extent a response is required to the video referenced in Paragraph 67, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable video of what Plaintiff claims it to be.  Amazon denies the remaining allegations in Paragraph 67.

68.     Amazon denies the allegations in Paragraph 68.

69.     Amazon denies the allegations in Paragraph 69.

70.     Paragraph 70 purports to characterize the contents of the YouTube video located at https://www.youtube.com/watch?v=jpD20m4d_mE in part and out of context, and Amazon refers

14

to that video, which speaks for itself, for a true and accurate account of its contents.  To the extent a response is required to the video referenced in Paragraph 70, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable video of what Plaintiff claims it to be.  Amazon denies the remaining allegations in Paragraph 70.

71.     Amazon denies the allegations in Paragraph 71.

72.     Amazon denies the allegations in Paragraph 72.

73.     Amazon denies the allegations in Paragraph 73.

74.     Paragraph 74 purports to characterize the contents of Amazon promotional materials in part and out of context, and Amazon refers to those documents, which speak for themselves, for a true and accurate account of their contents.  To the extent a response is required to the image in Paragraph 74, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

75.     Amazon denies the allegations in Paragraph 75.

**"Amazon Falsely Claims Key for Business 'Does Not Disrupt' Intercoms"**

76.     Paragraph 76 purports to characterize the contents of Amazon promotional materials in part and out of context, and Amazon refers to those documents, which speak for themselves, for a true and accurate account of their contents.  To the extent any response is required, Amazon denies the allegations in Paragraph 76.  To the extent a response is required to the image in Paragraph 76, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

77.     Paragraph 77 purports to characterize the contents of Amazon promotional materials in part and out of context, and Amazon refers to those documents, which speak for themselves, for a true and accurate account of their contents.  To the extent a response is required,

Amazon denies the allegations in Paragraph 77. To the extent a response is required to the image in Paragraph 77, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

78.     Amazon denies the allegations in Paragraph 78.

79.     Amazon denies the allegations in Paragraph 79.

80.     Amazon denies the allegations in Paragraph 80.

**"Amazon's Relentless Hounding of Potential Customers"**

81.     Amazon denies the allegations in Paragraph 81. To the extent a response is required to the image in Paragraph 81, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

**"Amazon Ignores Management's Instructions and Installs Key for Business Without Consent"**

82.     Amazon admits that certain property managers and owners have authorized Amazon to install KFB. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 82.

83.     Amazon denies the allegations of Paragraph 83. To the extent a response is required to the image in Paragraph 83, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

84.     Amazon denies the allegations of Paragraph 84.

**"GateGuard's Devices, Service Agreement and Terms and Conditions"**

85.     Paragraph 85 contains legal conclusions, to which no responsive pleading is required. Paragraph 85 purports to characterize the contents of GateGuard's Terms and Conditions as found on its website, and Amazon refers to that document, which speaks for itself, for a true

and accurate account of its contents. Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 85.

86.     Paragraph 86 contains legal conclusions, to which no responsive pleading is required. Paragraph 86 relates to claims dismissed with prejudice by this Court, to which no responsive pleading is required. Amazon denies that GateGuard's technology is kept secret from its competitors. Amazon denies that the purported configuration of GateGuard's intercom's motherboard, the placement and type of electronic circuitry and other components used, the insulation resistance between circuits, the voltages at which the device operates, the mechanisms of internet connectivity and the antennae used, the inner casing of the intercom, its system of wall-mounting and hinges, its waterproofing design, and its custom-designed cables are proprietary to GateGuard. Amazon denies that it has broken into a GateGuard box and that it has, or has attempted to, steal or damage GateGuard's technology. Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 86.

87.     Amazon denies the allegations in Paragraph 87.

88.     Amazon lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 88. To the extent a response is required to the image in Paragraph 88, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

89.     Paragraph 89 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 89.

90.     Paragraph 90 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 90 and the accompanying footnote.

91.    Paragraph 91 contains legal conclusions, to which no responsive pleading is required. Paragraph 91 purports to characterize the contents of GateGuard's Service Agreement as found on its website, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents. To the extent a response is required, Amazon denies the allegations in Paragraph 91.

92.    Paragraph 92 purports to characterize the contents of GateGuard's Service Agreement as found on its website, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents. To the extent a response is required, Amazon denies the allegations in Paragraph 92.

93.    Paragraph 93 contains legal conclusions, to which no responsive pleading is required. Paragraph 93 purports to characterize the contents of GateGuard's Service Agreement as found on its website, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents. To the extent a response is required, Amazon denies the allegations in Paragraph 93.

94.    Paragraph 94 contains legal conclusions, to which no responsive pleading is required. Paragraph 94 purports to characterize the contents of GateGuard's Service Agreement as found on its website, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents. To the extent a response is required, Amazon denies the allegations in Paragraph 94.

95.    Paragraph 95 contains legal conclusions, to which no responsive pleading is required. Paragraph 95 purports to characterize the contents of GateGuard's Privacy Policy as found on its website, and Amazon refers to that document, which speaks for itself, for a true and

accurate account of its contents. To the extent a response is required, Amazon denies the allegations in Paragraph 95.

***"GateGuard's Falls Prey to Amazon's Ruthless Tactics"***

96.    Amazon lacks knowledge or information sufficient to form a belief as to the allegations of the extent to which GateGuard was already installed at buildings where KFB was installed. Amazon denies the remaining allegations in Paragraph 96.

97.    Paragraph 97 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 97.

98.    Amazon lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 relating to purported actions by property managers against GateGuard or the status of GateGuard's reputation in the industry. Amazon denies the remaining allegations in Paragraph 98.

99.    Amazon denies the allegations in Paragraph 99. To the extent a response is required to the image in Paragraph 99, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

100.    Amazon denies the allegations in Paragraph 100.

101.    Amazon lacks knowledge or information sufficient to form a belief as to the allegations of the extent to which GateGuard was already installed at buildings where KFB was installed, or as to the purported actions of landlords in canceling contracts with GateGuard. Amazon denies the remaining allegations in Paragraph 101.

102.    Amazon denies the allegations in Paragraph 102. To the extent a response is required to the image in Paragraph 102, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

103.    Amazon denies the allegations in Paragraph 103.   To the extent a response is required to the image in Paragraph 103, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

104.    Paragraph 104 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 104.

105.    Paragraph 105 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 105.

106.    Amazon denies the allegations in Paragraph 106.

107.    Amazon denies the allegations in Paragraph 107.

108.    Amazon denies the allegations in Paragraph 108.   To the extent a response is required to the photograph in Paragraph 108, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable photograph of what Plaintiff claims it to be.

109.    Amazon denies the allegations in Paragraph 109.   To the extent a response is required to the photograph in Paragraph 109, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable photograph of what Plaintiff claims it to be.

110.    Paragraph 110 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 110.

111.    Amazon denies the allegations in Paragraph 111.   To the extent a response is required to the photograph in Paragraph 111, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable photograph of what Plaintiff claims it to be.

112.    The FAC does not contain a Paragraph 112.

113.    Amazon denies the allegations in Paragraph 113.

114.    Amazon lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 114.

115.    Amazon admits that the FCC ID "2AVOC" along with the product code "KFBLORA" returns "Amazon.com Services, Inc." as the "Applicant Name" in the FCC ID Search Form located at https://www.fcc.gov/oet/ea/fccid.  Except as expressly admitted, Amazon denies the remaining allegations in Paragraph 115.  To the extent a response is required to the image in Paragraph 115, Amazon lacks knowledge or information sufficient to form a belief as to whether it is an authentic, reliable image of what Plaintiff claims it to be.

116.    Paragraph 116 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 116. To the extent a response is required to the photographs and video links in Paragraph 116, Amazon lacks knowledge or information sufficient to form a belief as to whether they are authentic, reliable photographs or video links of what Plaintiff claims them to be.

117.    Paragraph 117 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 117. To the extent a response is required to the photographs and video links referenced in Paragraph 117, Amazon lacks knowledge or information sufficient to form a belief as to whether they are authentic, reliable photographs or video links of what Plaintiff claims them to be.

***"Amazon's Key for Business Installations Routinely Damage Intercoms, Door Locks, and Wiring"***

118.    Amazon lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 118.  To the extent a response is required to the images mentioned in

Paragraph 118, Amazon lacks knowledge or information sufficient to form a belief as to whether they are authentic, reliable images of what Plaintiff claims them to be.

119.    The FAC does not contain a Paragraph 119.

120.    Amazon denies the allegations in Paragraph 120.

121.    Amazon denies the allegations in Paragraph 121.

122.    Amazon denies the allegations in Paragraph 122.

123.    Amazon denies the allegations in Paragraph 123.  To the extent a response is required to the images in Paragraph 123, Amazon lacks knowledge or information sufficient to form a belief as to whether they are authentic, reliable images of what Plaintiff claims them to be.

124.    Paragraph 124 contains legal conclusions, to which no responsive pleading is required.  Paragraph 124 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 124.

125.    Paragraph 125 contains legal conclusions, to which no responsive pleading is required.  Paragraph 125 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 125.

126.    Amazon denies the allegations in Paragraph 126.

*"Amazon Attempts to Avoid Detection"*

127.    Amazon denies the allegations in Paragraph 127.

128.    Amazon denies the allegations in Paragraph 128.

129.    Amazon denies the allegations in Paragraph 129.

*"Amazon Reveals its Intentions"*

130.    Amazon admits that GateGuard first contacted Amazon in October of 2020.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 130.

131.    Amazon denies the allegations in Paragraph 131.

132.    Amazon denies the allegations in Paragraph 132.

133.    Amazon denies the allegations in Paragraph 133.

134.    Amazon denies the allegations in Paragraph 134.

*"Summary of Amazon's Anti-Competitive Conduct"*

135.    Paragraph 135 contains legal conclusions, to which no responsive pleading is required.  Paragraph 135 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 135.

136.    Paragraph 136 contains legal conclusions, to which no responsive pleading is required.  Paragraph 136 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  Paragraph 136 purports to characterize the contents of a report of the House of Representatives' Subcommittee on Antitrust, Commercial and Administrative Law in part and out of context, and Amazon refers to that document, which speaks for itself, for a true and accurate account of its contents.  To the extent a response is required, Amazon denies the allegations in Paragraph 136.

137.    Paragraph 137 contains legal conclusions, to which no responsive pleading is required.  Paragraph 137 contains allegations pertaining to claims that were dismissed with prejudice by this Court, to which no responsive pleading is required.  Paragraph 137 purports to characterize the contents of a publication of Reuters in part and out of context, and Amazon refers

to that document, which speaks for itself, for a true and accurate account of its contents. To the extent a response is required, Amazon denies the allegations in Paragraph 137.

138.    Amazon denies the allegations in Paragraph 138.

## "CAUSES OF ACTION"

### "COUNT I"

### "COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030 *et seq.*) (AS TO ALL DEFENDANTS)"

139.    Amazon incorporates by reference its responses to Paragraphs 1 through 138 as if fully set forth herein.

140.    Paragraph 140 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140.

141.    Paragraph 141 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 141.

142.    Paragraph 142 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 142.

143.    Paragraph 143 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 143.

144.    Paragraph 144 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 144.

145.    Paragraph 145 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 145.

146.    Paragraph 146 contains legal conclusions, to which no responsive pleading is required. To the extent a response is required, Amazon denies the allegations in Paragraph 146.

**"COUNT II"**

**"TORTIOUS INTERFERENCE WITH CONTRACT UNDER NEW YORK LAW
(AS TO ALL DEFENDANTS)"**

147.    Amazon incorporates by reference its responses to Paragraphs 1 through 146 as if fully set forth herein.

148.    Paragraph 148 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 148.

149.    Paragraph 149 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 149.

150.    Paragraph 150 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 150.

151.    Paragraph 151 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 151.

**"COUNT III"**

**"TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
UNDER NEW YORK LAW
(AS TO ALL DEFENDANTS)"**

152.    Amazon incorporates by reference its responses to Paragraphs 1 through 151 as if fully set forth herein.

153.    Paragraph 153 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 153.

154.    Paragraph 154 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 154.

155.    Paragraph 155 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 155.

156.    Paragraph 156 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 156.

### "COUNT IV"

### "TRESPASS TO CHATTELS UNDER NEW YORK LAW (AS TO ALL DEFENDANTS)"

157.    Amazon incorporates by reference its responses to Paragraphs 1 through 156 as if fully set forth herein.

158.    Paragraph 158 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 158.

159.    Paragraph 159 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 159.

### "COUNT V"

### "CONVERSION (AS TO ALL DEFENDANTS)"

160.    Amazon incorporates by reference its responses to Paragraphs 1 through 159 as if fully set forth herein.

161.    Paragraph 161 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 161.

162.    Paragraph 162 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 162.

163.    Paragraph 163 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 163.

## "COUNT VI"

## "MISAPPROPRIATION OF TRADE SECRETS UNDER NEW YORK LAW (AS TO ALL DEFENDANTS)"

164.    Amazon incorporates by reference its responses to Paragraphs 1 through 163 as if fully set forth herein.

165.    Paragraph 165 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 165.

166.    Paragraph 166 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 166.

167.    Paragraph 167 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 167.

168.    Paragraph 168 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 168.

## "COUNT VII"

## "VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016, 18 U.S.C.A. § 183 *et seq.*) (AS TO ALL DEFENDANTS)"

169.    Amazon incorporates by reference its responses to Paragraphs 1 through 168 as if fully set forth herein.

170.    Paragraph 170 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 170.

171.    Paragraph 171 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 171.

172.    Paragraph 172 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 172.

173.    Paragraph 173 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 173.

174.    Paragraph 174 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 174.

175.    Paragraph 175 contains legal conclusions, to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 175.

**"COUNT VIII"**

**"TARNISHMENT UNDER NEW YORK LAW
GENERAL BUSINESS LAW § 360 et seq.
(AS TO ALL DEFENDANTS)"**

176.    Amazon incorporates by reference its responses to Paragraphs 1 through 175 as if fully set forth herein.

177.    No responsive pleading is required for Paragraph 177 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 177.

178.    No responsive pleading is required for Paragraph 178 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 178.

179.    No responsive pleading is required for Paragraph 179 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 179.

**"COUNT IX"**

**"UNFAIR COMPETITION
LANHAM ACT, 15 U.S.C. § 1125.
(AS TO ALL DEFENDANTS)"**

180.    Amazon incorporates by reference its responses to Paragraphs 1 through 179 as if fully set forth herein.

181.    No responsive pleading is required for Paragraph 181 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 181.

182.    No responsive pleading is required for Paragraph 182 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 182.

183.    No responsive pleading is required for Paragraph 183 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 183.

184.    No responsive pleading is required for Paragraph 184 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 184.

185.    No responsive pleading is required for Paragraph 185 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 185.

**"COUNT X"**

**"UNJUST ENRICHMENT
(AS TO ALL DEFENDANTS)"**

186.    Amazon incorporates by reference its responses to Paragraphs 1 through 185 as if fully set forth herein.

187.    No responsive pleading is required for Paragraph 187 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 187.

188.    No responsive pleading is required for Paragraph 188 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 188.

189.    No responsive pleading is required for Paragraph 189 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 189.

190.    No responsive pleading is required for Paragraph 190 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 190.

## "COUNT XI – CLASS CLAIM"

### "ATTEMPTED MONOPOLIZATION
### UNDER THE SHERMAN ANTITRUST ACT OF 1890,
### 15 U.S.C. § 1 et seq.
### CLAYTON ACT OF 1914 § 4
### (AS TO ALL DEFENDANTS)"

191.    Amazon incorporates by reference its responses to Paragraphs 1 through 190 as if fully set forth herein.

192.    No responsive pleading is required for Paragraph 192 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 192.

193.    No responsive pleading is required for Paragraph 193 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 193.

194.    No responsive pleading is required for Paragraph 194 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 194.

195.    No responsive pleading is required for Paragraph 195 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 195.

196.    No responsive pleading is required for Paragraph 196 because the Court dismissed this cause of action with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 196.

## "CLASS REPRESENTATION ALLEGATIONS"

197.    No responsive pleading is required for Paragraph 197 because the Court dismissed Count XI with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 197.

198.    No responsive pleading is required for Paragraph 198 because the Court dismissed Count XI with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 198.

199.    No responsive pleading is required for Paragraph 199 because the Court dismissed Count XI with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 199.

200.    No responsive pleading is required for Paragraph 200 because the Court dismissed Count XI with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 200.

201.    No responsive pleading is required for Paragraph 201 because the Court dismissed Count XI with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 201.

202.    No responsive pleading is required for Paragraph 202 because the Court dismissed Count XI with prejudice.  To the extent a response is required, Amazon denies the allegations of Paragraph 202.

## "JURY DEMAND"

Amazon denies that any of the claims asserted against it in the FAC are valid.

Amazon further denies that Plaintiff is entitled to any of the relief sought at pages 60 to 61 of the FAC.

## AMAZON'S DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Amazon, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE
### (Unclean Hands, Waiver, Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, and/or estoppel.

## THIRD DEFENSE
### (Unjust Enrichment)

Plaintiff's claims for damages are barred, in whole or in part, to the extent an award of damages would result in unjust enrichment of Plaintiff.

## FOURTH DEFENSE
### (Statute of Limitations)

Plaintiff's claims for damages are barred, in whole or in part, by the statute of limitations.

## FIFTH DEFENSE
### (Adequate Remedy at Law)

Plaintiff's request for injunctive relief is barred in whole or in part by the existence of adequate remedies at law.

## SIXTH DEFENSE
### (Mitigation of Damages)

Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

## SEVENTH DEFENSE
### (Lack of Bases For Injunction)

Plaintiff's claims fail to the extent they seek injunctive relief against Amazon because there is no reasonable likelihood that Amazon will repeat any alleged violation.  Additionally, Plaintiff fails to allege facts and lacks evidence sufficient to support any granting of injunctive relief. Finally, Plaintiff's request for injunctive relief lacks the specificity required by Federal Rule of Civil Procedure 65.

## EIGHTH DEFENSE
### (Reasonable Care)

Plaintiff's claims are barred, in whole or in part, because Amazon did not know, and in the exercise of reasonable care could not have known, that any of its actions would have led to the harm alleged in the FAC.

## NINTH DEFENSE
### (Causation)

Plaintiff's claims are barred because any alleged conduct by Amazon was not the cause, in law or in fact, of any injury Plaintiff allegedly suffered, and Plaintiff's alleged losses were not actually or proximately caused by Amazon.

## TENTH DEFENSE
### (No Trade Secret)

Plaintiff's claims based on alleged misappropriation of trade secrets are barred under the laws of the United States of America and/or the State of New York because Plaintiff has failed to identify any specific, legally protected trade secrets.

## ELEVENTH DEFENSE
### (Not Secret)

Plaintiff's claims based on alleged misappropriation of trade secrets are barred under the laws of the United States of America and/or the State of New York because Plaintiff has not exercised reasonable or sufficient efforts to keep the information secret.

## TWELFTH DEFENSE
### (No Acquisition by Improper Means)

Plaintiff's claims based on alleged misappropriation of trade secrets are barred under the laws of the United States of America and/or the State of New York because Amazon did not acquire the alleged trade secrets by improper means.

## THIRTEENTH DEFENSE
### (No Independent Economic Value)

Plaintiff's claims based on alleged misappropriation of trade secrets are barred under the laws of the United States of America and/or the State of New York because the alleged trade secrets lack independent economic value.

## FOURTEENTH DEFENSE
### (Frivolous Claims)

Plaintiff's claims are frivolous, unreasonable, and groundless, and accordingly, Amazon should recover all attorneys' fees, costs, and expenses incurred in defending this action.

## ADDITIONAL DEFENSES AND COUNTERCLAIMS

Amazon reserves the right to raise any additional defenses, cross-claims, counter-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation, as may be appropriate at a later time.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's FAC, Amazon requests entry of judgment in its favor and against Plaintiff as follows:

a. An order declaring that Plaintiff takes nothing on the claims asserted in the FAC against Amazon;

b. A judgment dismissing with prejudice the remaining claims against Amazon in Plaintiff's FAC;

c. A judgment awarding Amazon its costs, expenses, and reasonable attorneys' fees;

d. An order denying Plaintiff recovery of any costs; and

e. An order awarding Amazon any such other relief as the Court may deem just and proper.

Dated:    March 2, 2023

By:  _/s/ Anne M. Champion_
   Anne M. Champion
   Christopher D. Belelieu
   David P. Salant
   Marc Aaron Takagaki
   GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
   New York, New York 10166-0193
   Telephone: (212) 351-4000

   _Counsel for Defendants Amazon.com,_
   _Inc., Amazon.com Services LLC, and_
   _Amazon Logistics, Inc._

36