UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
:
GATEGUARD, INC.,                                          :
:
            Plaintiff,                         :
:
   -against-                                            :   Case No. 21-CV-9321 (JGK) (VF)
:
AMAZON.COM, INC.,                                         :   **CONFIDENTIALITY STIPULATION**
AMAZON.COM SERVICES, INC.,                                :   **AND**
AMAZON.COM SERVICES, LLC,                                 :   <u>**PROTECTIVE ORDER**</u>
AMAZON LOGISTICS, INC.,                                   :
:
            Defendants.                        :
:
----------------------------------------------------------x

      **WHEREAS,** the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.    Counsel for any party may designate any document or information, in whole or in part, as "Highly Confidential – Attorneys' Eyes Only" if counsel determines, reasonably and in good faith, that such designation is necessary to protect the interests of the client in information that comprises current strategic plans, trade secrets, or other competitively sensitive information the unauthorized disclosure of which counsel for the party determines, in good faith, would result in imminent competitive, commercial or financial harm to the producing party or its personnel, clients, or customers and that this risk of harm could not be avoided by less restrictive means ("Highly Confidential Information"). Information and documents designated by a party as Highly Confidential Information will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      3.    The Confidential and Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential and Highly Confidential Information.

5.      Documents and information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.  Deposition and trial witnesses and their counsel during the courseof depositions or testimony in this action; and

    e.  The Court (including any potential mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.      Documents and information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a.  The requesting party's counsel, including in-house counsel;

    b.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    c.  Deposition and trial witnesses and their counsel during the course of depositions or testimony in this action, *provided that* the witness received or the examining attorney has a good faith basis for believing the witness previously saw, or in the normal exercise of his or her duties should have seen, the document; and

    d.  The Court (including any potential mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court).

7.      Prior to disclosing or displaying the Confidential or Highly Confidential Information to any person, counsel must:

    a.  Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any person other than those individuals identified in Section 6 above; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as **Exhibit A**.

8. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Information subject to all the terms of this Stipulation and Order. Upon written notice to the other party that it had inadvertently failed to designate information in its productions for confidentiality, a producing party may assert new confidentiality designations, providing that the producing party simultaneously re-produced the materials bearing the appropriate confidentiality designations.

9. Any party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order(s). If a party elects to challenge a designating party's confidentiality designation, it must do so in good faith and must begin the process by notifying the designating party in writing of its challenge and identifying the challenged materials with as much specificity as reasonably practical, such as by production Bates number, and by providing a basis for the challenge. The parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court. If the parties raise a confidentiality designation with the Court, until the Court rules on the dispute, the parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. For deposition transcripts and/or testimony in this action's pretrial proceedings, a party may designate any portion of the testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the record at the proceeding, or in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be protected under the provisions of this Order. The entire testimony shall be deemed to have been designated "Highly Confidential – Attorneys' Eyes Only" until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential – Attorneys' Eyes Only except as ordered by the Court or as provided in Section 5.2 (Inadvertent Failures to Designate). If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the DVD or other storage media, plus any container, shall be so labeled. If there is a dispute arising from the confidentiality designation of testimony given in deposition or in pretrial proceedings, the Parties shall meet and confer in an attempt to resolve the dispute.

13. Upon written notice that a party wishes to recall ESI it produced on the grounds that it inadvertently produced the ESI over which it now claims attorney-client privilege or work-product protection (the "Clawback Material"), the receiving party shall promptly cease review of the Clawback Material, shall return the Clawback Material to the producing party and destroy all summaries or copies of the Clawback Material, shall provide to the producing party's counsel a written certification that all such information and copies of the Clawback Materials have been returned or destroyed, and shall not use such items for any purpose, *except* that the receiving party may retain one copy of the Clawback Material for the sole purpose of prosecuting its challenge to the producing party's assertion of privilege or protection over the Clawback Material. Nothing in this paragraph shall be construed as restricting the right of any party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws after return or destruction of the Clawback Material.

14. Notwithstanding the designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. In the event it is necessary to file with the Court materials reflecting "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, the parties shall follow the Court's procedures for requests for filing under seal and shall cooperate in good faith to ensure that such materials receive appropriate protection. In particular, no party shall file publicly material the opposing party has designated "Confidential" or "Highly Confidential" without conferring with that party regarding the necessity for a motion to seal.

15. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as

destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena.


Case 1:21-cv-09321-JGK-VF Document 91 Filed 04/06/23 Page 6 of 7

**SO STIPULATED AND AGREED.**

Dated: April 4, 2023
      New York, NY

By: *Eden Quainton*
   Eden P. Quainton
   QUAINTON LAW, PLLC
   2 Park Avenue, 20th Floor
   New York, NY 10016
   Telephone: (212) 419-0575

*Counsel for Plaintiff GateGuard, Inc.*

Dated: April 4, 2023
      New York, NY

By: _____
   Anne M. Champion
   Christopher D. Belelieu
   David P. Salant
   Marc Aaron Takagaki
   GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
   New York, New York 10166-0193
   Telephone: (212) 351-4000

*Counsel for Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Logistics, Inc.*

**SO ORDERED.**

_____
HON. VALERIE FIGUEREDO
United States Magistrate Judge

**Dated:** April 6, 2023

6

**Exhibit A**

**Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

7