**Eden P. Quainton**
## Quainton Law, PLLC

2 Park Avenue, 20 th Floor
New York, NY 10016

245 Nassau St.
Princeton, NJ 08540

Telephone (212) 419-0575, (609) 356-0
Cell: (202) 360-6296
Email equainton@gmail.com

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 5-16-2023

The telephonic discovery conference scheduled for May 17, 2023 is hereby rescheduled for **Tuesday, May 23, 2023 at 2:00 p.m.** Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial **(888) 808-6929; access code 9781335.**

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *GateGuard, Inc. v. Amazon.com, Inc. et al., Case No. 21 Civ. 09321 (JGK)(VF)*
        *Adjournment of Conference scheduled for May 17, 2023*

Dear Judge Figueredo,

I represent the Plaintiff, GateGuard, Inc. ("Plaintiff," "GateGuard" or the "Company"), in the above-captioned matter. I write to request an adjournment of the conference scheduled for May 17, 2023 to the next scheduled conference in June. My client's CEO, Ari Teman ("Teman"), was absent from the country visiting his mother in Israel for 12 days this month, which has limited Plaintiff's ability to respond to Defendants' discovery demands. In addition, oral argument on Teman's appeal to the Second Circuit was held on May 11, 2023. This argument has necessarily taken the bulk of my attention over the past week. Finally, I have an appellate brief due in the D.C. Circuit on May 19, 2023, which will require my focus this week. I reached out to counsel for Defendants on Sunday to inquire if Defendants would consent to an adjournment. Instead of responding to my request, Defendants filed their discovery letter. Dkt.

42. After filing their letter, Defendants then conveyed their opposition to the request for an adjournment.[1]

Had Defendants bothered to confer with Plaintiff before filing their letter, they would have known that the relief they are seeking is unnecessary at this time.

First, notwithstanding the constraints on my any my client's time, I worked over the weekend to revise Plaintiff's responses to Defendants' First and Second Set of Interrogatories ("Defendants' Interrogatories"). These revised responses (and revised initial disclosures) have been served on Defendants and are attached hereto as Exhibit A. Defendants' request for an order that Plaintiff revise its responses to the Interrogatories is moot.

Second, Plaintiff's revised responses to Defendants' Interrogatories identify the specific contractual provision in GateGuard's Terms and Conditions that provided the Company with an _exclusive_ package delivery right over all of a clients' portfolio properties and contractual rights with respect to ordered devices. These rights were part of a _quid pro quo_ for extremely favorable, below market, initial installation costs of the GateGuard intercoms. GateGuard believes, based on communications between Teman and his counsel with various Amazon representatives before the Company initiated litigation, that Amazon was well aware of GateGuard's Terms and Conditions and that, when Amazon installed the Key in portfolio properties, it was tortiously interfering with GateGuard's existing contractual relations and its prospective economic

---

[1] Defendants requested that Plaintiff's letter include the following statement:
"Defendants object to GateGuard's request to adjourn Wednesday's discovery conference, either for two weeks or for one month.  GateGuard's failure to timely raise its own discovery issues is not a basis to cancel the conference.  Nor is the fact that GateGuard served written discovery much later than Amazon—and therefore Amazon's responses are not yet due—a reason for GateGuard to delay its compliance with applicable discovery rules, or for the Court not to address discovery disputes that been ongoing for a month and were timely raised."

advantage. The size of these portfolios or the scale of the damages caused by Amazon is not a valid basis to oppose discovery.

Judge Koelt has already sustained GateGuard's tortious interference claims and Amazon's attempt to re-litigate his Honor's decision is wholly inappropriate. The correct approach for Amazon is not to waste the parties' and the Court's time with premature objections and an unfounded request for a limitation on Plaintiff's discovery rights, but to respond and object to Plaintiff's discovery demands in the ordinary course, then meet and confer with respect to these demands, and finally either seek a protective order or respond to a motion to compel. Plaintiff served its discovery demands on Defendants on April 23, 2023 and responses are due in a week. These demands are set forth on Exhibit B, Exhibit C and Exhibit D hereto. Plaintiff anticipates that Defendants will have objections that will require one or more meet and confer sessions.[2] Only once the parties have had an opportunity to meet and confer on any objections would it be appropriate for the Court to consider entering a protective order or other order limiting the scope of Plaintiff's legitimate discovery.

In sum, the proposed conference scheduled for Wednesday, May 17 is unnecessary. One of the subjects Defendants intend to raise has already been addressed by the service of revised responses to Defendants' Interrogatories. The second subject Defendants seek to discuss is clearly premature in that Defendant have not yet reviewed Plaintiff's revised responses to their Interrogatories or responded to Plaintiff's discovery demands.  It would be much more efficient

---

[2] Plaintiff also issued its own deficiency letter to Amazon for its inadequate initial disclosures. Despite several requests for further disclosure, Amazon has refused to amend its initial disclosures. This letter is set forth at Exhibit E hereto. Rather than burdening the Court at this time with Amazon's non-compliance, GateGuard intends to discuss Amazon's deficient initial disclosures when it addresses Amazon's inevitable objections to its discovery demands. Any deficiencies that remain unremedied will be ripe for discussion at the next scheduled conference.

for all parties and the Court to consider any issues relating to Plaintiff's discovery requests *after* Defendants have responded to Plaintiff's demands.

One final comment on Defendants' accusation that Plaintiff is not following the Court's guidance from the previous conference. *See* Dkt. 42 at 2. This accusation is wholly unfounded. The Court invited the parties to attempt to narrow their differences in the first instance by identifying those properties on which the GateGuard Intercom is or has been installed and on which the Key is or has also been installed. The parties are making good progress on this issue. Plaintiff has provided a comprehensive list of properties on which the GateGuard Intercom was installed or ordered or with respect to which the Company has contractual rights. Defendants have been able to identify a list of "installed" properties, which Plaintiff has further revised to eliminate duplicates. *See* Exhibit F hereto (duplicates highlighted in red). Defendants have made clear that they have been able to identify approximately 100 overlapping properties. Dkt. 42 at 1. This is a good beginning.

However, the Court was also clear to underscore that the exchange of lists was not to be a substitute for the discovery to which Plaintiff is entitled under Fed. R. Civ. Pro Rule 26. Plaintiff is entirely within its rights to seek information relating to portfolio properties with respect to which it has contractual rights of which Defendant was allegedly aware. Plaintiff is also within its rights to seek discovery into "ordered" properties, as customers may well have cancelled orders because of Amazon Key-related issues affecting the proper functioning of the GateGuard Intercom and because of contractual commitments not to install competing products for buildings under order. Trying to curtail these rights prematurely would not serve the interests of justice or the truth-finding function of discovery.

I thank your Honor for your courtesies in this matter.

Respectfully submitted,

*Eden Quainton*

Eden P. Quainton

cc: All counsel of record (via ECF)