```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK
-------------------------------:
GATEGUARD, INC.,               : Case No.: 21-cv-9321

               Plaintiff,      :

    v.                         :

AMAZON.COM INC., et al.,       : New York, New York

               Defendant.      : September 13, 2023
-------------------------------:
```

TRANSCRIPT OF STATUS CONFERENCE HEARING

BEFORE THE HONORABLE VALERIE FIGUEREDO

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | QUAINTON LAW, PLLC<br>BY: Eden P. Quainton, Esq.<br>2 Park Avenue - 20th Floor<br>New York, New York 10016 |
| For Defendant: | GIBSON, DUNN & CRUTCHER LLP<br>BY: David P. Salant, Esq.<br>200 Park Avenue<br>New York, New York 10166 |

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

AMM TRANSCRIPTION SERVICE - 631.334.1445

1              THE DEPUTY CLERK:  This is the matter of
2    GateGuard, Inc. versus Amazon.com.  The Honorable
3    Valerie Figueredo presiding.  Case Number:
4    21-CV-9321.
5              Counsel, can you please make your
6    appearance for the record, starting with plaintiff's
7    counsel.
8              MR. QUAINTON:  Yes.  Good morning,
9    Your Honor.  Eden Quainton for plaintiff, GateGuard,
10   Inc.
11             THE DEPUTY CLERK:  Defense?
12             MR. SALANT:  Good morning, Your Honor.
13   David Salant from Gibson, Dunn & Crutcher for the
14   Amazon defendants.
15             THE COURT:  Good morning, everyone.  This
16   is Judge Figueredo.
17             I have -- Mr. Quainton, I have your
18   letter at from September 10th at ECF 62.  And I
19   have, Mr. Salant, Gibson Dunn's response on behalf
20   of Amazon at ECF 63.
21             It sounds like, at least as to the
22   schedule, the parties have a dispute over one
23   additional month of fact discovery; is that correct?
24             MR. QUAINTON:  That is correct,
25   Your Honor.

1    THE COURT: Okay. So, for various
2    reasons, I'm going to give Mr. Quainton the time he
3    wants, and I think that deadline would be December
4    15, 2023 for the close of fact discovery. One, I do
5    think Mr. Quainton has indicated, you know, there
6    were various personal issues.
7    And I -- Mr. Quainton, I'm quite sorry to
8    hear about the passing of your dad, but I think that
9    alone would have been a reason to necessitate
10   additional time, but then, of course, you know, we
11   had a discovery conference -- I believe it was in
12   July -- and there was a dispute about retaining an
13   e-discovery company, and I had owed you a response
14   on that, and I recognize that would have slowed the
15   parties down. I'm glad that was resolved. But,
16   again, that was something that would have caused
17   delay.
18   And, certainly, I could see why you would
19   want more time to conduct the collection and review
20   of the documents. But more so, you know, the case
21   is -- it seems to have been moving along. Amazon
22   seems to want to move for summary judgment before
23   expert discovery, so in the grand scheme of things,
24   giving you an additional 30 days to finish fact
25   discovery did not seem unreasonable.

```
 1            So, Mr. Salant, I definitely -- I
 2   appreciate Amazon's urgency, but I think a deadline
 3   of December 15th seems reasonable.
 4            MR. SALANT:  We understand.  Thank you,
 5   Your Honor.
 6            MR. QUAINTON:  Thank you, Your Honor.
 7            THE COURT:  Mr. Quainton, I know your
 8   letter also raised other issues.  Were those issues
 9   you wanted to address now, or are those still being
10   ironed out with Amazon, such that we could schedule
11   another conference once the disputes become ripe?
12            MR. QUAINTON:  I think it probably would
13   be most efficient for us to iron those out with
14   Amazon.  The only -- I mean, I guess, in terms of
15   procedure, just to be efficient -- you saw my letter
16   and my reasoning.  We do have a dispute about trade
17   secrets, and I think that we're going to have to
18   brief that.  I don't -- I didn't see a response on
19   that by Amazon, but I know what their position is.
20            I think I tried to summarize what I
21   believe their position to be.  And I think that
22   unless we can resolve this -- but maybe -- maybe
23   what would be most efficient -- what I would suggest
24   is that we attempt with Amazon one more time to see
25   if we can resolve this based on our position.  And
```

```
 1    if not, I think we'll have to move -- I think we
 2    have to move to compel and we have to brief that up.
 3              So that was one issue.  And I don't -- I
 4    mean, we can certainly rehash my letter, but I think
 5    the most efficient thing would be for us to -- for
 6    Amazon and GateGuard to discuss it, and then if we
 7    can't resolve it, move expeditiously to compel so we
 8    can get a -- you know, a ruling from the Court.
 9              There was an issue on non-custodial
10    discovery, but I -- we've issued an interrogatory,
11    as I indicated in my letter.  And candidly, we
12    probably need to resolve that with Amazon first as
13    well.
14              There were some questions about search
15    terms, but I think we need to -- I think those are
16    best addressed with Amazon.  And maybe if we could
17    schedule us a conference relatively quickly, maybe
18    that would help move things along because I
19    certainly -- you know, with -- even with 90 days,
20    it's still going to be a very tight timetable from
21    my perspective, so I would like to get these issues
22    resolved as quickly as possible.
23              But I think it would be the best use of
24    the Court's time for -- if we could make an effort
25    to resolve those issues that I raised.  And then if
```

1   we -- you know, if we can't do it, then I would --
2   you know, I would seek relief from the Court in
3   writing.
4              THE COURT:  Mr. Salant, I think it would
5   make sense.  What Mr. Quainton proposes
6   is perhaps -- is there -- if the parties want to
7   meet and confer, and then if issues like the trade
8   secret -- the discovery on trade secrets is still a
9   problem, you know, the parties can submit short
10  letter briefs.
11             I can certainly give you a conference for
12  early October if you think that's sufficient time.
13  I'm mindful that we're about to enter a period where
14  there's a fair amount of holidays, so I can
15  certainly try to squeeze you in in September, but I
16  get why maybe October might be a better date.
17             MR. QUAINTON:  I think October might be
18  better.  I think -- David can chime in.  I think the
19  holidays are pretty much over by about October 6th,
20  so, you know -- and we're already September 13th, so
21  maybe the week after October 6th might be a good
22  idea.
23             THE COURT:  Mr. Salant, does that
24  approach work for Amazon?
25             MR. SALANT:  Yes.  That's fine with

1   Amazon.
2           What I understand is what's being
3   proposed is the next conference the week of October
4   the 9th, which generally looks okay for us.
5           The only thing I'd flag is that on the
6   trade secrets discovery, it seems unlikely that the
7   positions will change, and so we're prepared to
8   discuss it today, or we could try again in a meet
9   and confer, but it's likely we'll be back to the
10  same spot we're at now.  So it may help to discuss
11  it now, or we're happy to talk about it with counsel
12  again.  Either way is okay with us.
13          THE COURT:  Okay.  Just a problem, the
14  week of October 9th, I'm on criminal duty, so I
15  can't schedule anything that week.  So I could see
16  you the week of October 2nd, or then we'd have to
17  push it off to the week of October 16th.  I don't
18  know what the holiday schedule is like on the week
19  of October 2nd, though.
20          MR. SALANT:  The week of October 2nd, I'm
21  away on depositions, so if you don't mind, the week
22  of October the 16th would be better.
23          THE COURT:  Okay.  Let me --
24          MR. QUAINTON:  Your Honor, maybe what we
25  should -- I mean, I think -- I hear what -- David

1    and I, actually, we've talked about this issue
2    during several meet and confers.  It sounds as
3    though Amazon, you know, has read my letter and
4    still has its views.  So we should probably be
5    thinking about, you know, putting something in
6    writing, and maybe we could just agree that that's
7    what we're going to do, is get our -- I mean, unless
8    Amazon has a change of heart, which it sounds like
9    they -- they're not going to, just get letter briefs
10   in to Your Honor on this issue.
11            You know, if October 16th is going to be
12   the earliest we can do it, I guess that's fine, but
13   maybe we should just plan on submitting our
14   respective positions for -- you know, for ruling on
15   that as soon as the Court is able.
16            THE COURT:  So why don't we do this, I
17   will find a date the week of October 16th to get a
18   conference on the schedule.
19            For the issue of trade secret discovery,
20   if the parties have reached an impasse, I'm happy to
21   have -- you know, certainly, Mr. Quainton, you can
22   move to compel, but all -- right now, all I have
23   is what you submitted, it's the two -- one long
24   paragraph, potentially two paragraphs at ECF 62,
25   and I don't have a response from Amazon.

1        So, Mr. Salant, if you -- we can
2   certainly discuss it now, or I can give you an
3   opportunity to submit a written response to what Mr.
4   Quainton has stated.  And then, Mr. Quainton, if we
5   chose that route, I can give you -- you know, you'd
6   have ample time to file a reply, and we can tee up
7   the issue for resolution at the conference the week
8   of October 16th.
9        MR. QUAINTON:  So just if I understand --
10  so that sounds like it's -- that sounds fair, so
11  Amazon -- I assume Amazon would then put something
12  in writing as, sort of, a -- as you said, I've only
13  put in a short paragraph.  Maybe it's two
14  paragraphs.  I don't have it right in front of me.
15  But, you know, I was mindful of the overall
16  constraints of, you know, the -- I tried to keep
17  within three pages just for the purposes of the
18  conference.
19       I would want to say more and, you know,
20  cite some law and have it be a more detailed
21  submission.  So I think if there's -- I mean, I --
22  what I would request from the Court is an
23  opportunity to -- and maybe it's a -- maybe it's a
24  letter brief of three pages, or however long it
25  should be, where I actually, you know, spell out the

```
 1   position in a little bit more detail with more --
 2   with appropriate case citations, and then Amazon
 3   could respond to that, kind of, rather than
 4   responding -- I'm happy -- I mean, if Mr. Salant
 5   wants to speak to it now, I'm happy to have the
 6   discussion now.  I think my position is clear.
 7              But in terms of a -- kind of, bringing it
 8   to a resolution for the Court, I would like, you
 9   know, to put a real brief in of however long the
10   Court would permit and get a response and a reply.
11              THE COURT:  Okay.  So, you know,
12   alternatively -- and if you want to submit an
13   opening letter brief on this, I can then have Amazon
14   file a response.  I only ask because this -- I don't
15   want to turn this into -- I don't see a need to turn
16   this into a full-blown motion that would then
17   require, you know, a written decision from me.  That
18   would just delay the case -- delay resolution of
19   what seems a pretty discrete and straightforward
20   issue.  So to the extent the parties can limit this
21   to a letter brief of no more than five pages, I
22   think that would be more than enough space to hash
23   out this issue.
24              If I'm mistaken on this, though, you
25   know, please let me know.  But I just -- I -- I'm
```

1   mindful that once, you know, the briefing gets -- if
2   this gets into, you know, a full-blown motion with
3   extensive briefs, you're going to want -- you know,
4   it's going to require more written -- a written
5   decision, which will take me more time.
6              MR. QUAINTON:  That sounds fair to me.
7   So five-page limit is fine.  I think I can easily
8   state our position.  And I guess I can't speak for
9   Amazon, but I think that sounds -- that sounds fine
10  with me, Your Honor.
11             THE COURT:  Mr. Salant, is that okay?
12             MR. SALANT:  Yes.  That's more than
13  adequate.  In a couple pages, we can put in our
14  position, which is simply that we've agreed to give
15  GateGuard what we think it wants.
16             THE COURT:  Okay.  So then, again, if you
17  can get these letters in before October to -- I
18  really just need them -- I'm going to give you a
19  date for the conference the week of October 16th.
20  If you can get me the letters at least three days
21  before the conference, that would give me enough
22  time to figure out a potential resolution and have
23  an answer for you at the conference.
24             So I don't -- I'm not -- given that this
25  conference is going to be fairly far out into

```
 1    October, I don't want to give you deadlines for
 2    submitting these letters.  I feel like -- you seem
 3    like you're working together, and you can certainly
 4    come up with your own schedule to prepare the
 5    letters as long as they're on the docket -- or as
 6    long as Amazon's response, which should be the last
 7    one to come in, is on the docket three days before
 8    the conference, that's fine with me.
 9              MR. QUAINTON:  And just to clarify, Your
10    Honor, would GateGuard have an opportunity to reply,
11    or you're just -- you're thinking just, sort of,
12    respective positions on the docket?
13              THE COURT:  Well, we certainly --
14              MR. QUAINTON:  I usually find it helpful
15    to reply, but...
16              THE COURT:  I was -- I'm trying -- I
17    don't want to -- I was trying to keep the case
18    moving and didn't want to burden everyone with, you
19    know, letter briefs.  You can certainly reply at the
20    conference, but if you want a written reply, I'm
21    not -- you know, I'm not going to stop you.
22              So, again, the -- as long as whatever the
23    final filing is comes in three days before the
24    conference, the parties can work on their own --
25    work out their own schedule for preparing this
```

1    letter motion, unless -- that is, if you really want
2    me to set a schedule, I can.  I just figured that
3    with all the holidays and the other commitments you
4    might have on other cases, if you could work out
5    whatever works for you since there's more than --
6    there's ample time right now to get this done.
7              MR. QUAINTON:  That works for plaintiff,
8    Your Honor.
9              MR. SALANT:  Yes, we can do so for sure,
10   Your Honor.  Thank you.
11             THE COURT:  Okay.  And then I'll just say
12   if, before this conference, there's other issues
13   that arise and you want to discuss them, if you want
14   to put them together and raise them in a short
15   letter briefly outlining what the issues are, as
16   long as you, again, submit it three days before the
17   conference, I'm happy to address those issues at the
18   conference.
19             MR. QUAINTON:  And so just -- so we would
20   get -- just if I understand, we would get them at
21   the conference -- I'm assuming that we get the --
22   you know, the briefs and, you know, the papers in.
23   Would we get a ruling at the conference, or would
24   Your Honor -- or you -- so it's two -- you may need
25   more time to evaluate the issues once we get the

1    briefs in?
2              THE COURT:  No.  So typically what I try
3    to do in cases is if -- if the issue is rather
4    discrete and straightforward and it hasn't -- you
5    know, and can be resolved quickly, I try to give you
6    an oral ruling on the record, and that's why I asked
7    for the letters in advance, so it gives me time to
8    look at the case law and figure out how to
9    potentially rule, depending on what might be said at
10   the conference.
11             But for the -- for that to happen, for
12   instance, like, you know, today, you had the letter,
13   Mr. Quainton, that you submitted at ECF 62.  You
14   know, the issue, you fleshed it out very briefly,
15   and so -- and I didn't have a full -- I didn't have
16   a written response from Amazon, so what -- it wasn't
17   the type of issue that I thought would make sense to
18   resolve on the record right now without having you
19   more fully develop it, and potentially a written
20   response from Amazon.
21             But if you were to get that together
22   before our future conference, my goal was always to
23   try to give you a resolution.  You know, sometimes
24   that doesn't happen because sometimes the motion
25   becomes, after the parties brief it, far more

```
 1    complex, or there's some issue that derails giving
 2    you an oral decision.  But my goal on these types of
 3    things is just to keep the case moving.  So I'm not
 4    looking to write on it, which is why I didn't want
 5    to turn this into some full motion to compel that
 6    would then require, you know, a full-on written
 7    decision from me.
 8              So to answer your question in a more
 9    short-winded way, you know, on the trade secret
10    discovery, I expect that after you submit your
11    various letters, I can give you a decision at the
12    conference, assuming it remains the issue that
13    you've highlighted in your filing at ECF 62.
14              MR. QUAINTON:  Thank you, Your Honor.  I
15    appreciate that.
16              THE COURT:  Mr. Salant, did you have
17    anything you wanted to add?
18              MR. SALANT:  The only thing we wanted to
19    suggest was a date for the completion of document
20    discovery, just to keep us on schedule.  Maybe, you
21    know, splitting the three-month period in half, or,
22    something along those lines, just to keep discovery
23    moving, for sure, with documents and then
24    depositions.
25              THE COURT:  And I know GateGuard retained
```

```
 1    the e-discovery company to conduct the document
 2    collection.  Do you have a sense of where in the
 3    process that -- where you are in that process?
 4              MR. QUAINTON:  Yes.  Basically, we are --
 5    we're starting that process.  As you know from my
 6    submission, we've submitted, you know, thousands of
 7    documents, and Amazon, I guess, has their views on
 8    the next steps they can take based on the documents
 9    we've produced.
10              So I think the goal here is to get the
11    documents produced in a form that will be usable at
12    summary judgment and trial.  I think it's -- I think
13    the issue is really formal.  Although, having said
14    that, I think that with a professional collection
15    and making sure we're, you know, getting all of the
16    GateGuard custodians, there may well be additional
17    documents that are produced.  I mean, I -- you know,
18    I think the goal here is to be as complete as
19    possible.
20              I guess -- so I can't give you a date
21    certain.  I think I said in the letter it's -- about
22    four to six weeks is my best guess.  But I'm a
23    little bit hesitant to have a hard cutoff on fact
24    discovery.  And one reason for that is that fact
25    discovery evolves in -- as a function of, you know,
```

1     depositions.  And as we get more information coming
2     in -- for example, we have -- you know, we're trying
3     to schedule just Clearhome, which is one of the
4     channel partners that Amazon uses to install the key
5     at multi-family homes and cities.  And as we do
6     third-party discovery, there may be additional
7     documents that we need from Amazon.
8                And just -- you know, my experience is
9     that whatever the cutoff is, the reality is we're
10    going to be seeking documents, whether as a result
11    of third-party discovery, whether as a result of
12    30(b)(6) depositions.  You know, I wouldn't -- I
13    don't think it would be fair to GateGuard to just,
14    kind of, cut us off in the middle of the period when
15    fact discovery is still ongoing.
16                We just -- we need a chance to really
17    prepare our case, and so I -- I don't -- well, you
18    know, GateGuard wouldn't be okay with having a date,
19    sort of, in the middle of this period when we have
20    to have all the discovery complete.
21                I do understand what GateGuard -- what
22    Amazon is saying is that they want us to move
23    expeditiously, and I can certainly represent to the
24    Court that we are doing that.  And, you know, I
25    think hiring the e-discovery vendor is -- you know,

```
 1    is an indication that we really -- you know, that we
 2    obviously want to get this done in as complete and
 3    usable a form as possible.
 4              THE COURT:  So how about this, because I
 5    do think, perhaps, it makes sense to set a deadline
 6    by which GateGuard will produce all of its document
 7    discovery, and that might, perhaps, alleviate some
 8    of Mr. Salant's concerns about keeping the case
 9    moving.
10              Because, certainly, I hear you,
11    Mr. Quainton, that at times, you know, a deposition
12    might come up, and that might reveal the need for
13    potentially making a new document request for
14    seeking a different category of documents.  But
15    that, to me, is different than having a deadline by
16    which GateGuard has to collect and produce all of
17    the documents it has.
18              It sounds like you had said that the
19    e-discovery vendor had suggested it might be
20    potentially four to six weeks.  I think setting a
21    deadline of November 1st would still give you ample
22    time to get that collection and review done.  And
23    should there be, like, unforeseen circumstances,
24    because fact discovery would still be open until
25    December 15th.  It would still give you time to come
```

1    before the Court and potentially seek an extension
2    if you need one for a reason.
3             MR. QUAINTON:  Yeah, we could work with
4    that, Your Honor.  I think that's reasonable.
5             THE COURT:  Mr. Salant, does that seem
6    like a fair compromise?
7             MR. SALANT:  Yes.  Thank you, Your Honor.
8             THE COURT:  Okay.  Is there anything else
9    from either side?
10            MR. QUAINTON:  Not from plaintiff,
11   Your Honor.
12            MR. SALANT:  Not from the defendant.
13   Thank you.
14            THE COURT:  Okay.  So I'll find a date
15   the week of October 16th.  I'll enter an order.
16   I'll just expect that if there's -- if there is a
17   trade discovery issue, which seems to -- will not go
18   away, then I'll expect letters; the final letter to
19   come in at least three days before that date of the
20   conference.
21            Thank you, everyone.
22            MR. QUAINTON:  Thank you, Your Honor.
23            MR. SALANT:  Thank you, Your Honor.
24            MR. QUAINTON:  Thank you.
25                           0o0

```
 1
 2              C E R T I F I C A T E
 3
 4        I, Adrienne M. Mignano, certify that the
 5   foregoing transcript of proceedings in the case of
 6   GateGuard v. Amazon.com Inc., et al.;
 7   Docket #21CV9321 was prepared using digital
 8   transcription software and is a true and accurate
 9   record of the proceedings.
10
11
12   Signature    _Adrienne M. Mignano_
13              ADRIENNE M. MIGNANO, RPR
14
15   Date:      October 9, 2023
```