**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY  10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
Fax: +1 212.817.9586
DSalant@gibsondunn.com

January 16, 2024

<u>VIA ECF</u>

The Honorable Valerie Figueredo, U.S.M.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, NY 10007

Re:    *GateGuard, Inc. v. Amazon.com, Inc.*, No. 21 Civ. 9321 (JGK) (VF)

Dear Judge Figueredo:

Pursuant to Rule II.c of the Court's Individual Practices, Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Logistics, Inc. (collectively, "Amazon") respectfully request a discovery conference and a ruling that Plaintiff GateGuard, Inc. has waived the attorney-client privilege over documents it produced to Amazon on November 29, December 7, and December 8, 2023. GateGuard has waived privilege because, despite telling Amazon that the productions contained privileged documents and despite Amazon's repeated requests, GateGuard has failed for almost two months to identify any documents from its production that it believes are protected by the attorney-client privilege. Separately, GateGuard has waived privilege because it has failed to produce a privilege log or clawback list, again, despite Amazon's repeated requests. As described below, on January 12, the parties met and conferred on this subject and could not resolve the dispute.

*First*, GateGuard has waived privilege with respect to any documents that it previously produced that may have been protected by the attorney-client privilege. On November 29, 2023, GateGuard made a 68,959-page production. On December 4, 2023, GateGuard informed Amazon that its document production contained "a small number of privileged documents," but GateGuard did not specifically identify any such documents. GateGuard delivered another document production on December 7—which it later said erroneously contained numerous duplicates. On December 8, GateGuard said it would be providing a replacement production that day and that its earlier productions of November 29 and December 7 should be discarded. Later on December 8, GateGuard produced a 78,200-page replacement production volume, but failed to rectify the problem of allegedly privileged documents in its production. GateGuard thus knowingly re-produced allegedly privileged documents in its December 8 production, a fact GateGuard confirmed on December 13. GateGuard took no steps to specifically identify documents it contended were privileged but that it nonetheless produced, or provide a privilege log. Instead, GateGuard asked Amazon to presume that any communications in its December 8 production involving ten different people were privileged and should be discarded. Amazon responded that, while it would do its best to identify and destroy privileged documents, pursuant to the Court's Protective Order, ECF No. 39 ¶ 13,

**GIBSON DUNN**

Hon. Valerie Figueredo, U.S.M.J.
January 16, 2024
Page 2

GateGuard was required to specifically identify documents for privilege clawback and assert claims of privilege complying with Federal Rule of Civil Procedure 26(b)(5). *See also* S.D.N.Y. Local Rule 26.2(b).

*Second*, GateGuard has waived privilege because it has failed to produce a privilege log or clawback list despite the parties agreeing to produce privilege logs in December (Amazon produced its privilege log on December 22, 2023). On December 8, Amazon asked GateGuard to provide a privilege log or clawback list for documents that GateGuard claimed to be privileged. On December 18, 2023, Amazon followed up with GateGuard, reciting these facts and again requesting a clawback notice or privilege log. Amazon cautioned GateGuard that, if GateGuard failed to remedy the situation, its production of privileged material could not be presumed "inadvertent," and any subsequent claim of privilege over the documents could be waived. *See* Fed. R. Evid. 502(b). GateGuard acknowledged this request and promised its privilege log "soon" and in "a few more days." On January 3, 2024, Amazon followed-up again with GateGuard regarding its failure to produce a privilege log and demanded a log by January 10. By email dated January 10, and during a meet-and-confer telephone call held January 12 between David Salant (counsel for Amazon) and Eden Quainton (counsel for GateGuard), Amazon again raised the issue and said it intended to bring the matter to the Court. GateGuard explained that it had someone working on a privilege log but could not commit to a delivery date. Amazon replied that this result was untenable in light of upcoming depositions and that Amazon was concerned GateGuard would make last-minute privilege objections to GateGuard documents shown at depositions, disrupting the questioning.

Accordingly, Amazon seeks a ruling that GateGuard has waived privilege over the yet-unidentified documents it claims were inadvertently produced on November 29 and again on December 8. GateGuard has waived future claims of privilege because its conduct fails every element of Federal Rule of Evidence 502(b): (i) the disclosure was not "inadvertent"; (ii) GateGuard has failed to "t[ake] reasonable steps to prevent disclosure"; and (iii) GateGuard has failed to "promptly t[ake] reasonable steps to rectify the error." *See also* Fed. R. Civ. P. 26(b)(5)(B). The legal standard in this District for determining whether a waiver has occurred tracks Federal Rule of Evidence 502(b). *See U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 97 Civ. 6124, (JGK) (THK), 2000 WL 744369, at *4 (S.D.N.Y. June 8, 2000) ("[T]he criteria consistently applied to assess the issue of [privilege] waiver are: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery and the extent of the disclosure; and (4) overarching issues of fairness."); *see also Sure Fit Home Products, LLC v. Maytex Mills Inc.*, 21 Civ. 2169 (LGS) (GWG), 2022 WL 1597000, at *1, *3 (S.D.N.Y. May 20, 2022) (applying same standard and concluding privilege was waived); *United States v. Ray*, 20 Cr. 110 (LJL), 2022 WL 842254, at *3, *3 n.6 (S.D.N.Y. Mar. 20, 2022).

**GIBSON DUNN**

Hon. Valerie Figueredo, U.S.M.J.
January 16, 2024
Page 3

A finding of waiver is especially appropriate where the production of the privileged material was "completely reckless," such as when the producing party has "shown no regard for preserving the confidentiality of the privileged documents." *See Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 96 Civ. 7590 (DAB) (JCF), 1997 WL 736726, at *4 (S.D.N.Y. Nov. 26, 1997); *Sure Fit Home Products, LLC*, 2022 WL 1597000, at *1; *see also In re Chevron Corp.*, 749 F. Supp. 2d 170, 182, 185 (S.D.N.Y.) (finding waiver where party failed to seek relief from Court and failed to submit a privilege log after necessity was called to their attention), *aff'd sub nom. Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010); *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 09 Civ. 4286 (LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010) (concluding defendant waived privilege claims "by failing to interpose timely objections and to serve the privilege log required by S.D.N.Y. Civ. R. 26.2").

GateGuard's conduct with respect to potentially privileged documents in its production has been "completely reckless" because: (1) it apparently did not conduct a privilege review of its documents; (2) after informing Amazon that it had produced privileged documents, it then proceeded to produce them again on December 8; (3) to date, it has failed to provide a privilege log or clawback notice despite telling Amazon itself in early December that its document production contained privileged documents; and (4) it has still failed to rectify the situation despite having "multiple opportunities" to do so. *See In re Actos Antitrust Litig.*, 113 Civ. 09244 (RA) (SDA), 2023 WL 4875926, at *3 (S.D.N.Y. Aug. 1, 2023) (noting that while initial document production was not "completely reckless," the "conduct after its production of [the privileged document] ha[d] been" due to the party showing "no regard for preserving the confidentiality" of the document over which they were claiming privilege). GateGuard's proposed solution to its own reckless conduct—that Amazon identify for GateGuard potentially privileged documents produced by GateGuard—is untenable because it would require Amazon to look for, review, and make judgments about GateGuard's claimed attorney-client communications. This is inconsistent with any preservation of GateGuard's attorney-client privilege.

Accordingly, Amazon seeks a ruling from this Court that it may use all documents in GateGuard's production in the ordinary course of this litigation and consistent with the Protective Order.

Respectfully,

*/s/ David Salant*
David Salant

CC: All counsel of record (via ECF)