## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

GATEGUARD, INC.

        *Plaintiff*,

    v.

AMAZON.COM, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC.

        *Defendants*.

Civil Action No. 21-cv-9321 (JGK) (VF)

---

I, Eden P. Quainton, swear under penalty of perjury that the following is true and correct:

1.      I am counsel for Plaintiff GateGuard, Inc. ("Plaintiff" or "GateGuard").

2.      A draft of Plaintiff's proposed Second Amended Complaint was provided to Defendants on January 31, 2024.

3.      As I had advised the Court and opposing counsel, Plaintiff wanted to review the deposition transcripts for the depositions of Gerry Niviera, Odalis Tiburcio and Ramon Rodriguez before submitting a further version to Defendants for their review prior to filing.

4.      Plaintiff only received copies of these deposition transcripts on February 8, 2024.

5.      Upon review of the transcripts, Plaintiff provided a revised version of the Second Amended Complaint with modest additional changes marked in bold for easy reference.

6.      Plaintiff requested a reply as to these changes by 5:00 p.m. on Friday, February 9, 2024.

7.      Plaintiff also requested Amazon's views as to any sealing of the amended pleading that would be necessary.

8.      Amazon did not reply to either request, although it had previously stated that the only amended pleading it would recognize would be the January 31 draft, the filing of which it opposed.

9.      In finalizing the amended pleading submitted. Plaintiff corrected an unintentional omission. Set forth as Ex. A hereto is the Second Amended Complaint filed with the Court for review (the "SAC").

10.      GateGuard had previously established that Amazon had procured a GateGuard device without GateGuard's consent through a company called ClearHome and, in or about March or April, 2021, had sent this device to a top-secret research center known as SJC13, A2Z Development Center Inc. Set forth as Exhibit B hereto is a true and accurate copy of correspondence relating to the acquisition of the GateGuard device by Amazon.

11.      Set forth as Exhibit C hereto is a true and accurate copy of an installation agreement                                                      .

12.      Set forth as Exhibit D is a true and accurate copy of an installation agreement


13.      Set forth as Exhibit E hereto is a true and accurate copy of  an installation
                                                      ."

14.      Set forth as Exhibit F hereto is a true and accurate copy of an installation agreement                                             ."

15.      Set forth as Exibit G hereto is a true and accurate copy of an installation agreement

16.     Set forth as Exhibit H hereto is a true and accurate copy of an installation

agreement

17.     The General Counsel for the real estate company for which Mr. Tiburcio works

stated to me that the property manager was unaware of any Key for Business ever being

installed.

18.     I was contacted on an unsolicited basis by a multi-family property owner in

California who had discovered the installation of the Amazon Key and the resulting disabling of the

building's door strike.

19.     Another significant property owner in New York with 32 multi-family residential

buildings stated to me that the Amazon Key caused the amplifiers at the buildings where it was

installed to "blow out" and disable the buildings' intercom.

20.     Defendants' counsel indicated to me that Amazon will retain an expert to evaluate

GateGuard's trade secret claims in the context of the Key for Business

Dated: New York, NY
         February 9, 2024

_____
EDEN P. QUAINTON