**Eden P. Quainton**

**Quainton Law, PLLC**
2 Park Ave., 20th Fl.
New York, NY 10016
245 Nassau St.
Princeton, NJ 08540

---

Telephone (212) 419-0575, (609) 356-0526
Cell: (202) 360-6296
Eden.quainton@quaintonlaw.net

February 23, 2024

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>GateGuard, Inc. v. Amazon,com, Inc. et al., 21-cv-9321</u><br/><u>Opposition to Letter Motion re Trade Secrets</u>

Dear Judge Figueredo,

      Plaintiff GateGuard Inc., ("Plaintiff" or "GateGuard") respectfully submits this opposition to the pre-conference letter motion filed by Defendants in this case ("Defendants" or "Amazon") to compel additional disclosure from GateGuard in responses to Amazon's Interrogatories 8-10 and verification of these interrogatory responses. Dkt. 99. The interrogatory responses have now been verified and this issue is moot.[1] GateGuard does not believe that interrogatory responses are deficient. The responses are set forth in full as Ex. A hereto and are excerpted below.

      Interrogatory No. 8 calls for Plaintiff t**o "**Identify each of GateGuard's purported trade secrets that GateGuard alleges Amazon misappropriated." GateGuard responded in pertinent part as follows[2]:

---

[1] As had been previously done, the Interrogatories were verified electronically. Amazon has suggested that the Interrogatories must be verified by means of a "wet" signature. If this is required, GateGuard will obviously comply.

[2] For reasons of space, the full authority for granting trade secret protection to the identified features is omitted from the body of this letter but can be found on Ex. A. In addition, Plaintiff notes that, although the responses have been verified, communication with Mr. Teman is difficult, and Plaintiff reserves the right to modify its interrogatory responses when it has had an opportunity for full discussion with Mr. Teman.

1

At the discovery stage, the foregoing identification of trade secrets is more than sufficient. Courts require an identification of trade secrets with "reasonable particularity" at the discovery stage. *Bytemark, Inc. v. Xerox Corp.*, No. 17 CIV. 1803 (PGG), 2022 WL 120980, at *4 (S.D.N.Y. Jan. 11, 2022). The "reasonable particularity" standard is flexible and is driven by the Court's discretion. *Id.* (citing *Uni-Sys., LLC v. U.S. Tennis Ass'n*, No. 17CV147KAMCLP, 2017 WL 4081904, at *4 (E.D.N.Y. Sept. 13, 2017). The key consideration is that defendants must be on notice of the nature of plaintiff's claims and must be able to discern the relevancy of any discovery requests. *Id*. Here, it is undisputed that Amazon places its Key for Business ("Key") device inside third-party "call boxes" or Intercoms, or in circumstances where this is not desirable or practicable, inserts an "extender" device into the third-party call box in order to extend the range of the Key. *See* Ex. B - Deposition of Alex Aguilar, dated December 19, 2023 (the "Aguilar Dep.") 79:23-25,80:1-3; 155: 1-8.

Thus to "piggyback" effectively, Amazon and the installers it relies on need knowledge of the inside of the various call boxes they exploit to install the Key. This is likely one of the reasons Amazon collects thousands of different intercom "devices," and regularly procures third-party intercoms. *See* Ex. C - Deposition of Gerry Nievera, dated January 26, 2023 (the "Nievera Dep.") 66:2-15. But that Amazon routinely acquires third-party intercoms does not mean that it routinely respects third party intellectual property rights.

Indeed, as in the case of GateGuard, Amazon's assumption appears to be that it is entitled to know the internal working and layout of the device it intends to use for "piggybacking" purposes. In any event, it is evident that Amazon needs access to the interior of a device it intends to use for "piggybacking" to determine, among other things,

. For all these reasons, GateGuard has provided Amazon with more than ample identification of its trade secrets to put Amazon on notice of its claims and permit Amazon to discern the relevancy of discovery requests.

Interrogatory No. 9 asks Plaintiff to "Describe how GateGuard keeps secret each of GateGuard's purported trade secrets that GateGuard alleges Amazon misappropriated." GateGuard responded that it **"primarily protects its trade secrets with rigorous contractual protections and vigorous litigation against even the largest and seemingly most invulnerable of trade secret mis-appropriators such as Amazon."** The contractual provisions are set forth in detail on Ex. A hereto. It is hard to imagine how a start-up could more dramatically demonstrate its commitment to protecting its trade secrets than by asserting its rights against a corporate behemoth such as Amazon, with an unlimited budget to ward off any challenge to its practices.

Interrogatory No. 10 asks Plaintiff "to identify and describe the independent economic value GateGuard derives from keeping secret its purported trade secrets that GateGuard alleges Amazon misappropriated." Among other things, GateGuard responded that it objects to this Interrogatory to the extent that expert discovery has not commenced and the economic value of the GateGuard trade secrets is a topic for expert disclosure. GateGuard contemplates retaining a damages expert and cannot provide greater quantification than it has done to date in the absence of expert testimony. *See, e.g.*, *Stanacard, LLC v. Rubard LLC*, No. 12 CIV. 5176 (CM), 2016 WL 6820741, at *2 (S.D.N.Y. Nov. 10, 2016) (need for expert testimony to assess economic damages in trade secret case). The Court should not rule that Plaintiff must make a calculation at

4

during fact discovery that is the particular province of an appropriately qualified expert. Defendants' motion should be denied.

                                              Respectfully submitted,

                                              *Eden Quainton*
                                              Eden P. Quainton

cc: All counsel of record (via ECF)