**Eden P. Quainton**
**Quainton Law, PLLC**
2 Park Ave., 20th Fl.
New York, NY 10016
245 Nassau St.
Princeton, NJ 08540

---

Telephone (212) 419-0575, (609) 356-0526
Cell: (202) 360-6296
Eden.quainton@quaintonlaw.net

February 23, 2024

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *GateGuard, Inc. v. Amazon,com, Inc. et al., 21-cv-9321 –*
*Letter Motion for Permission to File Response to Dkt. 99 Under Seal*

      I represent the Plaintiff GateGuard, Inc. in the above captioned action and pursuant to Rule 1.G of this Court's Individual Practices, Plaintiff respectfully requests the Court's permission to file response to Amazon's pre-conference letter motion seeking an order compelling further disclosure to Amazon's Interrogatories 8-10. Dkt. 99.

      While there is a presumption that the public and the press have a qualified First Amendment right to access judicial documents, the presumption may be overcome and sealing allowed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation and quotation marks omitted). In the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as "the protection of sensitive, competitive, or proprietary business information." *W.J. Deutsch & Sons Ltd. v. Zamora*, 1:21-cv-11003-LTS, at *3 (S.D.N.Y. Mar. 25, 2022).

      GateGuard's responses were labelled Highly Confidential-Attorney's Eyes Only because these responses contain disclosure of core elements of GateGuard's trade secrets that must be maintained confidential for intellectual property protection to apply. As a result, sealing of the responses is necessary to maintain the confidentiality of GateGuard's core intellectual property rights. Courts will seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC,* No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). For example, courts will commonly grant a company's request for sealing of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" when disclosure of that information could "provide competitors with an unearned advantage." *SEC v. Telegram Grp. Inc.,* No. 19-CV-9439-PKC, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). *See also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that

documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted). Sealing is also warranted if the business information would likely qualify as a trade secret. *See, e.g., In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Although a business's information need not be a 'true' trade secret in order to warrant [sealing] . . . trade secret law is instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny.") (internal citation omitted). The information contained in the responses describes trade secrets that must be maintained confidential to protect Plaintiff's rights. Defendants have also sought to seal their filing of Plaintiff's alleged trade secrets.

      For the foregoing reasons, Plaintiff respectfully requests that it be permitted to file its response to Amazon's motion to compel under seal, with a redacted version of the document being placed on the public docket.

Respectfully submitted,

*Eden Quainton*
Eden P. Quainton

cc: All counsel of record (via ECF)

---

Application Granted

*/s/ Valerie Figueredo*
Valerie Figueredo, U.S.M.J.

DATED: February 26, 2024

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 132.