UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GATEGUARD, INC.,

                                    Plaintiff,

            -against-

AMAZON.COM, INC. et al.,

                                Defendants.
------------------------------------------------------------------X

21-CV-9321 (JGK) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      The following is a summary of the rulings made at the February 28, 2024 conference.

      Gateguard will provide Amazon a privilege log by **March 1, 2024**. The attorney-client privilege is not waived for the 12 emails and three attachments on Gateguard's clawback list. See ECF Nos. 91, 128. After receiving the privilege log, Amazon can raise challenges to the privilege designations made by Gateguard.

      By **March 1, 2024**, Amazon will identify for Gateguard whether a Key for Business was installed at any of the 32 new addresses identified by Gateguard. See ECF Nos. 92, 125. The Court reserves a ruling on any further relief requested at ECF No. 92 as it pertains to the 32 new addresses.

      With regards to its damages calculation, see ECF Nos. 96, 134, Gateguard can supplement its damages calculation **until February 29, 2024**. With the exception of any damages calculation for which Gateguard is relying on expert testimony, Gateguard cannot supplement its computation of claimed damages after the close of fact discovery on February 29.

      With regards to missing invoicing data and bank statements, see ECF Nos. 97, 135, Gateguard will produce such documents by March 4, 2024. Any such documents not produced

by March 4 cannot be relied on later in the case by Gateguard, to the extent they concern now-existing claims in this litigation.

With regards to Gateguard's identification of its trade secrets and its allegations as to what Amazon has misappropriated, see ECF Nos. 99, 136, Gateguard relies on the response it provided to Amazon's Interrogatory No. 8 and cannot supplement that response after the close of fact discovery on February 29, 2024. With regards to Gateguard's response to Interrogatory No. 9, Gateguard relies on the Terms and Conditions on its website which applies to the users of its devices. As discussed at the conference on February 28, Gateguard does not have any agreements with manufacturers or suppliers that concern how it keeps secret each of its trade secrets.

After the close of fact discovery on February 29, 2024, any discovery sought by either party must relate to a new claim in the case (if new claims are added as a result of a decision on the motion to amend the complaint). Gateguard, however, may complete any depositions that were noticed prior to the close of fact discovery but had to be rescheduled or could not be taken by February 29, so long as Gateguard remains within the 10-deposition limit imposed by Federal Rule of Civil Procedure 30. Amazon may take the deposition of Ari Temen after February 29.

The deadline for Gateguard to file a reply brief in support of its motion to amend the complaint is **March 13, 2024**.

The deadlines for expert discovery are **stayed** pending a resolution on the motion to amend the complaint.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 91, 93, 96, 97, 99, 100,

**SO ORDERED.**

DATED:   February 28, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge