UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GATEGUARD, INC.,

                                                  Plaintiff,

                -against-

AMAZON.COM, INC. et al.,

                                              Defendants.
-----------------------------------------------------------------X

21-CV-9321 (JGK) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Under Rule 26, a party is obligated to timely produce a privilege log when a party withholds information that is otherwise discoverable under a claim of attorney-client privilege. See Fed. R. Civ. P. 26(b)(5). The failure to timely provide a privilege log may result in waiver of the privilege. See FG Hemisphere Associates, L.L. C. v. Republique Du Congo, No. 01 Civ. 8700, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) ("[T]he unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege."); Kitevski v. City of New York, No. 04 Civ. 7402, 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006) ("The City has failed to provide a privilege log, and has failed to present any justification for that failure. It has, therefore, waived any privilege with respect to the . . . records by failing to properly identify the documents, and assert the privilege.").

      As discussed at the conference on February 28, 2024 (see ECF No. 149 at 4-6), and as detailed in Amazon's letter from January 16, 2024 (see ECF No. 91), Gateguard produced documents to Amazon in November and December 2023 but failed to provide a corresponding privilege log, despite Amazon's repeated requests for a privilege log. Gateguard was obligated to

produce a privilege log with its discovery responses within thirty days after receiving Amazon's discovery requests. Gateguard failed to do so. Fact discovery closed on February 29, 2024.

At the February 28 conference, Gateguard committed to belatedly producing a privilege log by March 1, 2024. See ECF No. 149 at 6. The Court subsequently entered an order requiring Gateguard to produce a privilege log by March 1, 2024. See ECF No. 140. Despite Gateguard's representation at the conference, a privilege log was not produced by March 1, nor was an extension sought prior to the expiration of that deadline. See ECF Nos. 152-154. Instead, on March 4, 2024, Gateguard requested an extension of time until March 7, 2024. See ECF No. 153. Gateguard, however, has not provided good cause for failing to meet the March 1 deadline, which it had represented it could meet just two days earlier. Gateguard's request for an additional extension of time is denied. And Gateguard's failure to provide a timely privilege log, despite ample time to do so, constitutes a waiver of the privilege with respect to any documents in its November and December 2023 productions.

**SO ORDERED.**

DATED:      March 5, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge