UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GATEGUARD, INC.

      *Plaintiff*,

v.

AMAZON.COM, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC.

      *Defendants*.

Civil Action No. 21-cv-9321 (JGK) (VF)

---

### GATEGUARD'S MOTION FOR RECONSIDERATION OF RULING THAT IT HAS WAIVED PRIVILEGE WITH RESPECT TO DOCUMENTS INCLUDED IN ITS NOVEMBER AND DECEMBER PRODUCTIONS

QUAINTON LAW, PLLC
Eden P. Quainton
2 Park Ave., 20th Fl.
New York, NY 10016
212-419-0575
equainton@gmail.com
*Attorneys for Plaintiff GateGuard, Inc.*

**PRELIMINARY STATEMENT**

Pursuant to Local Civil Rule 6.3, Plaintiff GateGuard, Inc. ("Plaintiff" or "GateGuard") hereby moves for reconsideration of the Court's March 5, 2024 order that GateGuard has waived privilege with respect to documents included in its November and December, 2023 productions. Dkt. 155. GateGuard believes that because of the wording of the letter motion re privilege waiver filed by Defendants Amazon.com., Inc., Amazon.com Services, LLC, Amazon.com Services, Inc., and Amazon Logistics, Inc. (collectively, "Amazon" or "Defendants") on January 16, 2024, Dkt. 91 (the "Privilege Letter"), and because of the formatting of Plaintiff's clawback list (the "Clawback List") filed in response, Dkt. 128-2, the Court overlooked that Amazon had already obtained the relief it was seeking in the Privilege Letter. The full privilege log, covering 1,600 documents and some 30,000 pages was produced on March 6, 2024 (the "Privilege Log") and did not affect the relief sought by Amazon, which had become moot by the time of the conference held on February 29, 2023 (the "Conference Date").

In the Privilege Letter, Defendants sought only a ruling that GateGuard had waived privilege with respect to inadvertently produced documents in its November and December productions because, according to Amazon, GateGuad had been reckless with respect to these documents, which it had failed to identify these documents in a clawback list or privilege log. Dkt. 91 at 2. But the ruling Amazon sought had become moot as of the Conference Date because GateGuard had fully identified these documents in a Clawback List that contained all the information required in a privilege log relating to these documents: the Bates stamp number of document, the subject matter of the document, the privilege or protection claimed, the type of document withheld and the presence of any attachments. *See* Declaration of Eden P. Quainton, dated March 18, 2024 (the "Quainton Decl."), Exhibit A (presenting a screenshot of the

1

Clawback List previously served on Amazon on February 23, 2024 and filed with the Court in less legible form at Dkt. 128-2).

GateGuard's full Privilege Log, relating to documents that had **_not_** been inadvertently produced, was **_not_** germane to the narrow issue on which Amazon sought relief. This log had been promised to counsel by a colleague for March 1, 2024 but was not completed until March 6, 2024, when it was promptly provided to Amazon. Quainton Decl. ¶ 6. However, the delay in producing the full log did not and could not alter the fact that the inadvertently produced documents, at issue in Amazon's Privilege Letter, had already been fully identified as of the Conference Date and the Clawback List relating to these documents had already been provided to Amazon. The subsequent delay in producing the full log should not resurrect a demand that had already been fully satisfied. For this reason, GateGuard respectfully requests that the Court reconsider its ruling that GateGuard has waived privilege with respect to the inadvertently produced privilege documents contained in its November and December productions.

## PROCEDURAL BACKGROUND

On January 16, 2024, Amazon filed the Privilege Letter, clearly stating the relief it was seeking: "Defendants . . . request a ruling . . . that Plaintiff GateGuard, Inc. has waived privilege over documents it produced to Amazon on November 7, December 7, and December 8, 2023." Dkt. 91 at 1. In support of its request, Amazon made two arguments. First, Amazon argued that GateGuard had waived privilege over the previously produced documents because it had "knowingly reproduced" allegedly privileged documents and "took no steps to identify documents it contended were privileged." *Id.* Second, with only a slight difference in nuance, Amazon claimed that GateGuard had waived privilege with respect to the inadvertently produced (or reproduced) documents because it had failed to provide a clawback list or privilege log with respect to the documents at issue. Dkt.91 at. 2. As a result, of Plaintiff's

alleged failures, Amazon repeated the specific ruling it was seeking: "Accordingly, Amazon seeks a ruling that GateGuard has waved privilege over the yet unidentified documents it claims were inadvertently produced on November 29 and again on December 8." *Id.* Amazon alleged that "GateGuard had failed to take reasonable steps to prevent disclosure" and to "promptly take reasonable steps to rectify the error." *Id.* (citing Federal Rule of Evidence 502(b)). Amazon then claimed that GateGuard had been "completely reckless" and had "shown no regard for preserving the confidentiality of the privileged documents." Dkt. 91 at 3. Defendants concluded that GateGuard's alleged solution – that Amazon identify the privileged documents in GateGuard's production – was untenable, *id.*, and that, therefore Amazon should be permitted to used the inadvertently produced documents in GateGuard's production "in the ordinary course." *Id.*

On February 23, 2024, GateGuard filed a response to the Privilege Letter, explaining the challenges it had faced in reviewing the large volume of documents generated by Amazon's extremely broad ESI search terms. Dkt. 128 at 1-2. GateGuard also indicated that it had identified the inadvertently produced documents and had provided a clawback list to Amazon identifying the documents at issue. Dkt. 128 at 2. GateGuard omitted to state what was nonetheless evident: ***Amazon's request was now moot because GateGuard had fully identified the documents in question***. Any additional privilege log would add nothing to the now fully identified inadvertently produced documents. GateGuard believes the Court overlooked this basic fact.

On the Conference Date, the Court asked GateGuard when it would be in a position to produce its complete log. Based on a promise made to him by a colleague, counsel for GateGuard committed to produce the log by March 1, 2024. *See supra* at 2. However, counsel had spoken too quickly and the log was not prepared until March 6, 2024, at which time it was

3

produced to Amazon. *Id.* Meanwhile, on March 4, Amazon filed a short letter again seeking a ruling "that GateGuard has waived attorney-client privilege over documents produced in its November and December 2023 productions." Dkt. 152. In response, GateGuard pointed out that Amazon had made a production of documents on March 1, 2024, the day after fact discovery closed, and that Amazon had apparently not complied with the Court's rules before bringing its March 4, motion. Dkt. 153 at 1 and Note 1. GateGuard did not draw the Court's attention to the fact, apparently overlooked in the prior briefing, that Amazon's request for a ruling was moot **_because GateGuard had already identified the inadvertently produced documents and that the larger privilege log had nothing to do with the identification of these documents_**. Amazon then filed an additional letter, making a sweeping argument never before presented to the Court, that GateGuard had waived privilege with respect not only to the inadvertently produced documents, but to the **_entire universe_** of documents to be identified in GateGuard's privilege log. Dkt.154. Amazon did not meet and confer with respect to this new demand or seek a discovery conference with respect to it.

In response to the parties' letters, the Court issued a ruling on March 5, 2024 that because it had failed to produce a privilege log by March 1, 2024 GateGuard had waived privilege with respect to documents contained in its November and December productions. Dkt. 155.

Amazon interpreted the Court's order in the sweeping fashion articulated in its second March 4, 2024 letter, Dkt. 154, insisting that GateGuard had waived privilege with respect to all privileged documents in its possession, attempting to expand the Court's March 5, 2024 order to cover the large number of privileged documents that GateGuard had not produced in its November and December productions and that were not at issue in Amazon's Privilege Letter. *See supra* at 2-3; Quainton Decl. ¶ 6. GateGuard responded that it would seek reconsideration

4

of the Court's order as it related to the documents inadvertently produced in the November and December productions. Quainton Decl. ¶ 9. GateGuard's full privilege log covering 1,600 privileged documents did not concern these documents. Quainton Decl. ¶ 6.  A partial set of screenshots of the privilege log is set forth on Exhibit B to the Quainton Decl. for the convenience of the Court. The reason for the extensive nature of the privilege log was that Amazon's ESI search terms, notably the word "Amazon" had swept up privileged documents from Ari Teman's criminal case, as well as two separate civil cases. Quainton Decl.  ¶ 6. GateGuard rejects Amazon's claim that the Court's order means anything other than what it says.[1]

## LEGAL ARGUMENT

I.  Standard of Review.

Motions for reconsideration are governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which provides:

> Unless otherwise provided by statute or rule ..., a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

Motions for reconsideration under Local Civil Rule 6.3 are committed to the sound discretion of the district court.[5] A motion for reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other

---

[1] In the heat of a back-and-forth with Amazon by email, GateGuard took issue with Amazon's new interpretation of the Court's order as though the Court's order went further than it obviously does. Quainton Decl. ¶ 10. This error cannot change what the Court's order actually says and does not affect the issue before the Court, which is whether, by providing the Clawback List prior to the Conference Date, GateGuard had cured its previous failure to identify the inadvertently produced documents.

5

words, that might reasonably be expected to alter the conclusion reached by the court." *Jackson v. Killian*, No. 08 CIV. 4386 (SAS), 2010 WL 2103646, at *1 (S.D.N.Y. May 25, 2010) (quoting *In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir.2003)). A motion for reconsideration may also be granted to "correct a clear error or prevent manifest injustice." *Id.* (quoting *RST (2005) Inc. v. Research in Motion Ltd.,* No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (in turn quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)).

II.  The Court's March 5, 2024 Ruling Was Mooted By GateGuard's Prior Production of a Clawback List, Which Cured the Plaintiff's Alleged "Recklessness."

Amazon's sole request for relief in its Privilege Letter was that GateGuard be deemed to have waived privilege with respect to the inadvertently produced documents contained in its November and December productions. *See supra* at 2-3. Amazon confusingly used the words "clawback list" and "privilege log" interchangeably in the Privilege Letter. Dkt. 91 at 2 ("On December 8, Amazon asked GateGuard to provide a privilege log or clawback list for documents GateGuard claimed to be privileged.").

Amazon left no doubt that the clawback list and privilege log were synonymous for purposes of the Privilege Letter and were designed to capture the privileged documents ***already produced*** in GateGuard's November and December productions:

> On December 18, 2023, Amazon followed up with GateGuard, reciting these facts and again requesting a clawback list or privilege log. Amazon cautioned GatgeGuard that, if GateGuard failed to remedy the situation, its production of privileged material could not be presumed "inadvertent" and any subsequent claim of privilege over the documents could be waived."

*Id*.

By the Conference Date, GateGuard had already remedied the situation identified in the January 16, 2024 Privilege Letter, having produced a privilege log or clawback list identifying

the documents at issue in the November and December productions. Quainton Decl. ¶ 2. Because of the drafting of the Privilege Letter, which conflated privilege log and clawback list for purposes of the motion before the Court, and the poor quality of the copy of the Clawback List provided to the Court, GateGuard believes the Court overlooked that GateGuard had already "remedied the situation" as demanded by Amazon.[2]

Plaintiff respectfully submits that the Court should reconsider its March 5, 2024 order and, on reconsideration, deem that Plaintiff satisfied its obligation to fully identify the documents over which it was claiming privilege that had been inadvertently included in its November and December productions. The attorney-client privilege is the "foundation" for effective representation. *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 1533 BSJ JCF, 2011 WL 2020586, at *2 (S.D.N.Y. May 20, 2011) (quoting *United States v. Zolin,* 491 U.S. 554, 562 (1989) (in turn quoting *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). *See also Allen v. W. Point-Pepperell Inc.*, 848 F. Supp. 423, 426, 430 (S.D.N.Y. 1994) (underscoring that "[t]he attorney-client privilege is fundamental to the judicial process" and holding Defendants had failed to sustain their burden in demonstrating the need to breach the privilege).[3] GateGuard respectfully submits that when it had already fully identified the

---

[2] The ClawBack List, like most privilege logs, was produced as an Excel spreadsheet, which are notoriously difficult to print as PDF files. Quainton Decl. ¶ 3. The document produced to the Court presented the Excel columns on separate pages, making it difficult to visualize the presentation of the Clawback List as it was provided to Amazon. Dkt. 128.

[3] As a sister District Court has observed:

> "[T]he attorney-client privilege is a cornerstone of the legal profession providing the foundation which girds the essence of counseling and advocacy itself, that is, the full, free, and confident disclosure of information to the lawyer by his client. If the effectiveness of an attorney's advice or advocacy diminishes, the judicial system ultimately suffers. As a consequence, the right to one's day in court becomes a potentially hollow right. Only if the survival and vitality of this privilege is guarded zealously will the system of advice and advocacy, cherished by attorneys and citizens alike, flourish."

7

inadvertently produced documents in its November and December productions it had cured any prior delay in identifying these documents. *See United States v. Sitka*, No. CIV.2:90CV00268(AHN), 1994 WL 389473, at *1 (D. Conn. May 19, 1994) (overturning magistrate judge's denial of reconsideration where plaintiff had cured its initial failure to provide adequate supporting documentation).

## **CONCLUSION**

For the foregoing reasons, GateGuard respectfully submits that the Court should reconsider its March 5, 2024 decision and hold that GateGuard has not waived privilege with respect to documents identified in its Clawback list and provided to Amazon on February 23, 2024.

Respectfully submitted,

QUAINTON LAW, PLLC

By: *Eden Quainton*

Eden P. Quainton
2 Park Ave., 20th Floor
New York, New York 10016
Telephone: 212-419-00575
Email: equainton@gmail.com

*Attorneys for Plaintiff GateGuard, Inc.*

---

*Royal Embassy of Saudi Arabia v. Steamship Mount Dirfys*, 537 F. Supp. 55, 57 (E.D.N.C. 1981).