**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GATEGUARD, INC.

      *Plaintiff*,

    v.

AMAZON.COM, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC.

      *Defendants*.

---

Civil Action No. 21-cv-9321 (JGK) (VF)

I, Eden P. Quainton, swear under penalty of perjury that the following is true and correct:

1.     I am counsel for Plaintiff GateGuard, Inc. ("Plaintiff " or "GateGuard").

2.     On February 23, 2024, I served a Clawback List on Amazon identifying all the inadvertently produced documents over with GateGuard was asserting privilege.

3.     The ClawBack List, like most privilege logs, was produced as an Excel spreadsheet, which are notoriously difficult to print as PDF files. The document produced to the Court presented the Excel columns on separate pages, making it difficult to visualize the specific documents over which privilege was being asserted.

4.     Set forth as Exhibit A hereto is a true and accurate screenshot of the Clawback List provided to Amazon.

5.     I had delegated the task of preparing Plaintiff's privilege log to a colleague, who had promised the log would be ready by March 1, 2024.

6.      Notwithstanding this promise, the log was not completed until March 6, 2024, at which time it was transmitted to Amazon.  The privilege log covered over 1,600 documents incorporating approximately 30,00 pages. These documents were not at issue in Amazon's Privilege Letter set forth at Dkt. 91. The reason for the extensive nature of the privilege log was that Amazon's ESI search terms, notably the word "Amazon" had swept up privileged documents from Ari Teman's criminal case, as well as two separate civil cases.

7.      Set forth as Exhibit B hereto is a series of true and accurate screenshots of the substantial portion of the privilege log provided to Amazon in Excel form.

8.      After the log was produced, Amazon made a sweeping new demand, articulated for the first time on March 4, 2024 and never before presented to the Court, that GateGuard had waived privilege with respect to all the documents listed on its log.

9.      I responded that GateGuard would seek reconsideration of the Court's order as it related to the documents inadvertently produced in the November and December productions.

10.     In the heat of a back-and-forth with Amazon by email, I indicated Plaintiff oppose Amazon's interpretation of the Court's order, as though GateGuard agreed with Amazon's sweeping new interpretation. This was an obvious error.

Dated: New York, NY
       March 18, 2024

                                     _____
                                     EDEN P. QUAINTON