# EXHIBIT A

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
DSalant@gibsondunn.com

March 7, 2024

VIA E-MAIL

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of The Americas, 11th Floor
New York, NY 10018

Re: *GateGuard, Inc. v. Amazon.com, Inc. et al.*, No. 21 Civ. 9321 (JGK) (VF)

Dear Eden:

On behalf of Amazon, we write in response to your March 6, 2024 email purporting to serve a 2,240-entry privilege log covering documents GateGuard withheld from production in this case—days after the Court ruled that GateGuard waived any claim of attorney-client privilege or work product protection over its document production. ECF No. 155. In sum, GateGuard's March 6 privilege log is untimely, and even if it weren't, it would be blatantly inadequate to support any claim of privilege.

***First***, GateGuard's service of a purported privilege log does not undo the Court's March 5, 2024 ruling that "Gate[G]uard's failure to provide a timely privilege log, despite ample time to do so, constitutes a waiver of the privilege with respect to any documents in its November and December 2023 productions." ECF No. 155 at 2. As we said in our later email of March 5, no assertion of privilege by GateGuard is timely at this point. GateGuard's service of a defective privilege log yesterday does not excuse GateGuard from its obligation to comply with the Court's order requiring it to produce all documents it has withheld from its prior productions as attorney-client privileged.

GateGuard claims it is planning to wait 14 days from the Court's March 5 order, and then move for reconsideration. For the reasons explained below, we see no basis for this motion and we oppose it. Moreover, GateGuard's waiting two weeks to file its motion is dilatory and constitutes flouting a Court order, exposing GateGuard to risk of sanction. Amazon will continue to abide by the Court's March 5 order and demand production of withheld responsive documents.

***Second***, even if service of a log could resurrect privilege claims GateGuard already waived, its March 6 log suffers from numerous serious deficiencies and does not meet the requirements imposed by Rule 26(b)(5)(A) to support claims of attorney-client privilege. For example:

1. **Failure to disclose the participants to 1,763 allegedly privileged communications.** GateGuard's privilege log includes 2,240 total entries, split across two tabs of an Excel

**GIBSON DUNN**

Eden P. Quainton
1001 Avenue of The Americas, 11th Floor
March 7, 2024
Page 2

spreadsheet.  But GateGuard only states participants (in the column labeled "Sender(s)/Recipiant(s)[sic]/ Copyee(s)"), for 477 of these documents and does not say who is involved in the remaining 1,763 documents.  It is a basic requirement that participants to allegedly privileged documents must be disclosed in order to adequately "describe the nature of the claim" of privilege to "enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  GateGuard must state who authored, sent, and received each document over which it claims privilege.[1]

2. **Failure to state a reason for privilege.**  Nowhere does GateGuard's lengthy privilege log state any valid basis for a claim of privilege, *e.g.*, it does not specify whether a document reflects a confidential attorney-client communication "seeking or giving legal advice regarding" any particular subject.  Each entry simply repeats that documents comprise a "communication between client and attorney."  GateGuard has thus failed to raise any cogent claim of privilege.  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).  Moreover, GateGuard's log appears to include columns of the same information simply copied and pasted over numerous rows.  *See, e.g.*, Columns E, F, G, and H of the tab entitled "GG00001."  These generic entries are also inadequate.

3. **Presence of third parties on allegedly privileged documents.**  A large proportion of the privilege log entries that *do* identify the participants appears to include third parties (such as Amazon personnel, non-lawyers, and lawyers with whom GateGuard has no conceivable attorney-client relationship), whose presence on documents would vitiate any claim of privilege, including but not limited to the following people: Mark Wasco (*e.g.* entry GG20731), Martin Heistein (*e.g.* entry GG22051), Steven Pruzansk (*e.g.* entry GG22195), Justin Gelfande (*e.g.* entry GG18794), Steve Berman (*e.g.* entry GG28833), Alan Dershowitz (*e.g.* entry GG22198), Lawrence Lessig (*e.g.* entry GG22202), Emmanuel Subar (*e.g.* entry GG22571), Leonard Falcone (*e.g.* entry GG01491), Ashley Kelly (*e.g.* entry GG01492), Ronald Coleman (*e.g.* entry GG21345), Yirmi Knight (*e.g.* entry GG32173), Joseph DiRuzzo (*e.g.* entry GG32093), Toby Cohen (*e.g.* entry GG21370), Eric Sherby (*e.g.* entry GG22020), Richard Verblow (*e.g.* entry GG22454), Noam Biale (*e.g.* entry GG22564), Michael Balot (*e.g.* entry GG28527), Charlie Balot (*e.g.* entry GG28527).  GateGuard provides

---

[1]   GateGuard's privilege log tab entitled "GG00001," beginning at Row 1650, purports to list out "parties involved in all emails above," but this list of 99 "parties" is illegible and does not map on to the 1,646 privilege log entries that appear above.  To raise a claim of privilege under Rule 26(b)(5)(A), GateGuard must say who was on each email over which it claims privilege, so that Amazon can assess whether the document truly comprises a confidential attorney-client communication, or, as appears to be the case for many of the documents identified on GateGuard's privilege log, whether it includes non-attorneys and unrelated third parties.

**GIBSON DUNN**

Eden P. Quainton
1001 Avenue of The Americas, 11th Floor
March 7, 2024
Page 3

4. **Failure to separate document families or make redactions**. GateGuard appears to have collapsed entire document families and raised a single claim of privilege over each one. *See, e.g.*, GG00001 through GG00003 ("497 Dean Amazon C&D letter.eml"). Confirming this approach, every entry in GateGuard's privilege log is listed as a fully withheld "Email Chain/attachment(s)." But emails and their attachments regularly merit different privilege treatment, because sending a factual document to an attorney does not make those facts privileged or shield the attachment from production. For example, GateGuard appears to be withholding as privileged documents and information sent from Amazon's counsel, to GateGuard's counsel, to Mr. Teman. *See, e.g.*, GG00147 through GG00155 ("Fw_ GateGuard v. Amazon -- ESI, Custodians, Search Terms.eml"). GateGuard cannot support a privilege claim over documents obtained from third parties and then sent to counsel.

*Third*, as we have noted on several occasions, GateGuard was obligated, but failed, to conduct a responsiveness review of documents hitting on the parties' agreed search terms. GateGuard is thus in no position to complain about the additional burdens imposed with respect to preparing a privilege log for documents it contends are irrelevant based on its failure to do so. By failing to conduct a responsiveness review, GateGuard has forfeited any such argument and conceded the discoverability—and the applicability of the Court's finding of waiver—of all documents on its log.

*Fourth*, GateGuard has no excuse for serving its privilege log this late in time. As the Court has noted, GateGuard's privilege log was due months ago. ECF No. 155 at 1–2. Starting in December 2023, and in light of GateGuard's admissions that it had repeatedly included privileged material in its production, Amazon began demanding a privilege log; obtained promises in the meet-and-confer process that it would be delivered in December and January 2024; and, after GateGuard breached those promises, Amazon sought court starting relief in mid-January 2024. GateGuard had a month before its response to Amazon's letter-motion was due on February 23, and before it would need to explain itself at a February 28 hearing, but it did not serve its privilege log during that time. Then GateGuard told the Court it would meet a deadline of March 1, 2024, and once again broke that commitment. This conduct is not mere "delay"—it was at least negligent and warranted the Court's ruling of a waiver.

*Fifth*, Amazon's purportedly "belated" document production to GateGuard on February 29 is irrelevant. There was no need for GateGuard to review Amazon's documents in order to draft a privilege log for its own documents, and nothing about Amazon's production of documents has to do with GateGuard's obligation to prepare and serve a privilege log.

no log identifying these individuals on its privilege log and explaining their roles that could possibly sustain a claim of privilege over communications disclosed to them.

**GIBSON DUNN**

Eden P. Quainton
1001 Avenue of The Americas, 11th Floor
March 7, 2024
Page 4

***Sixth***, in response to GateGuard's claims of unfairness, GateGuard's request for additional time to serve its log could have been brought to Amazon or the Court before his deadlines expired, but were not. Not only did GateGuard fail to serve its log in compliance with the court-ordered deadline, it failed to notify Amazon or the Court of any need or basis to do so. Instead, it waited until Amazon raised this issue before seeking relief from the deadline. The Court properly denied GateGuard's request as untimely.

***Seventh***, it is not true Amazon did not meet and confer with GateGuard regarding GateGuard's privilege log. The Local and Federal Rules required GateGuard to produce a privilege log without prompting by Amazon. We raised the issue repeatedly, starting in December 2023, as set forth in detail in our January 16 letter (ECF No. 91). Nor was our January 16 letter improper in any way. GateGuard had more than a month to respond to our January 16 letter, it did so on February 23 (ECF No. 128), and it did not raise its newfound procedural complaints, which are therefore either already ruled on by the Court, or waived.

***Eighth***, GateGuard's suggestion that any prejudice due to GateGuard's late service of its log can be cured by "limited reopening of . . . depositions" is absurd because GateGuard did not serve its privilege log until after fact discovery closed. Amazon spent significant time and resources dealing with GateGuard's repeated production of privileged documents and its failure to provide a timely privilege log, and should not be obligated to expend yet more to attempt to cure prejudice imposed by GateGuard's untimely assertions of privilege. We note GateGuard's acknowledgement that "monetary sanctions against Plaintiff's counsel could be considered" in this context, but the Court's waiver finding is not a sanction, nor is it interchangeable with a monetary sanction. Rather it is legal ruling recognizing GateGuard's failure to meet its burden to establish entitlement to a claim of privilege or work product protection.

For the foregoing reasons, Amazon renews its demand that GateGuard immediately produce these 2,240 document families it has withheld from its document production based on belated claims of attorney-client privilege.

Sincerely,

*/s/ David Salant*
David Salant