# Quainton Law, PLLC

**2 Park Ave., 20ᵗʰ Fl.**
**New York, NY 10016**
**245 Nassau St.**
**Princeton, NJ 08540**

---

**Jonathan s. Gross – Of Counsel**
**Telephone (443) 813-0141**
jonathan.gross@quaintonlaw.net

March 1, 2024

**VIA ECF**
Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *GateGuard, Inc. v. Amazon,com, Inc. et al., 21-cv-9321*
*Request for extension of discovery deadline to excuse slight delay in filing*

Dear Judge Figueredo,

Late last night, I entered an appearance to represent Plaintiff, GateGuard, Inc. ("Plaintiff" or "GateGuard"), in the above-captioned action. Dkt 144. Plaintiff had sought my assistance in securing compliance with four duly issued outstanding subpoenas. Dkts. 141-43, 145.

As I attempted to file the four above-referenced documents shortly before midnight, I experienced technical difficulties with my home office network followed by log-in and password reset problems. As a result, three of the four motions to compel were filed slightly late, the last at 12:27 AM this morning. But for the technical difficulties encountered, all the motions would have been timely filed before the close of fact discovery.

Under Fed. R. Civ. P. 6(b)(1)(B) the Court has discretion to grant an enlargement of time after expiration of period specified for the performance of an act if it finds "excusable neglect." Fed.R.Civ.P. 6(b)(2); *Supermarkets General Corp. v. Grinnell Corp.,* 490 F.2d 1183, 1186 (2d Cir.1974). The moving party must show both good faith and a reasonable basis for not acting within the specified period. *In re Del-Val Fin. Corp. Sec. Litig.*, 154 F.R.D. 95, 96 (S.D.N.Y. 1994). The Supreme Court has noted, "it is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal quotations omitted). In deciding whether the circumstances of a particular case constitute "excusable neglect," courts should consider "all relevant circumstances surrounding the party's omission, including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Hoag v. Cellco P'ship*, No. CIVA 3:05CV1185 SRU, 2007 WL 549738, at *3 (D. Conn. Feb. 16, 2007) (quoting *Raymond v. International Business Machines Corp.,* 148 F.3d 63, 65 (2d Cir.1998.

Here, all the above factors support the relief sought. I was fully prepared to file the motions in a timely manner and would have done so but for technical issues beyond my control that caused a slight delay. I have acted in good faith and have sought to remedy the delay as

promptly as possible. No party or non-party would suffer any prejudice if the relief sought is granted. Plaintiff respectfully submits that the slight delay in filing should be excused in the exercise of the Court's discretion under Fed.R. Civ. P. 6(b)(1)(B) and the discovery deadline should be extended to deem Plaintiff's motions timely filed.

Respectfully submitted,

*Jonathan Gross*
_____
Jonathan S. Gross

cc: All counsel of record (via ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: April 16, 2024

The four (4) Motions to Compel at ECF Nos. 141-43 and 145 are deemed to have been timely filed. The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 151.