**Eden P. Quainton**
**Quainton Law, PLLC**
2 Park Ave., 20th Fl.
New York, NY 10016
245 Nassau St.
Princeton, NJ 08540

Telephone (212) 419-0575, (609) 356-0526
Cell: (202) 360-6296
Eden.quainton@quaintonlaw.net

> **MEMO ENDORSED**
>
> [signature]
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
> DATED: 6-18-2024
>
> Plaintiffs' Motion is granted, as Plaintiff has made the requisite showing to file these documents under seal under <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006).

February 9, 2024

The Clerk of Court is respectfully asked to terminate the motion at ECF No. 107.

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>GateGuard, Inc. v. Amazon,com, Inc. et al., 21-cv-9321 –
Letter Motion for Permission to File Second Amended Complaint, Motion for Leave to File
Second Amended Complaint and Accompanying Exhibits under Seal</u>

    I represent the Plaintiff GateGuard, Inc. in the above captioned action and pursuant to Rule 1.G of this Court's Individual Practices, Plaintiff respectfully requests the Court's permission to file its Second Amended Complaint (the "SAC"), its Motion for Leave to File the SAC (the "Motion"), and the Exhibits thereto, under Seal.

    While there is a presumption that the public and the press have a qualified First Amendment right to access judicial documents, the presumption may be overcome and sealing allowed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation and quotation marks omitted). In the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as "the protection of sensitive, competitive, or proprietary business information." *W.J. Deutsch & Sons Ltd. v. Zamora*, 1:21-cv-11003-LTS, at *3 (S.D.N.Y. Mar. 25, 2022).

    The SAC, the Motion and the Exhibits contain references to, or are themselves, confidential or highly confidential documents. Courts will seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC,* No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). For example, courts will commonly grant a company's request for sealing of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" when disclosure of that information could "provide competitors with an unearned advantage." *SEC v. Telegram Grp. Inc.,* No. 19-CV-9439-PKC, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). *See also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the

like satisfy the sealing standard.") (citation omitted). Sealing is also warranted if the business information would likely qualify as a trade secret. *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Although a business's information need not be a 'true' trade secret in order to warrant [sealing] . . . trade secret law is instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny.") (internal citation omitted). The information contained in the SAC, the Motion and the Exhibits reflects highly sensitive trade secrets and information related to business practices that should be sealed to protect the parties' legitimate interests. Plaintiff is filing a redacted version of the sealed documents on the public docket.

Plaintiff has sought Defendants views on sealing of the SAC, but has not received a response. *See* Declaration of Eden P. Quainton, dated February 9, 2024, at ¶ 8. However, the sealing and the redactions are proposed primarily to protect Defendants' commercial interests. Plaintiff would be happy to place fully unredacted versions of the documents on the public docket if the Court so instructs.

Respectfully submitted,

*Eden Quainton*

Eden P. Quainton

cc: All counsel of record (via ECF)