> **MEMO ENDORSED**
>
> *[signature]*
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
> DATED: 6-18-2024
>
> Plaintiffs' Motion is granted, as Plaintiff has made the requisite showing to file these documents under seal under <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006).

**Eden P. Quainton**
**Quainton Law, PLLC**
2 Park Ave., 20th Fl.
New York, NY 10016
245 Nassau St.
Princeton, NJ 08540

Telephone (212) 419-0575, (609) 356-0526
Cell: (202) 360-6296
Eden.quainton@quaintonlaw.net

The Clerk of Court is respectfully asked to terminate the motion at ECF No. 156.

March 13, 2024

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>GateGuard, Inc. v. Amazon,com, Inc. et al., 21-cv-9321 –
Letter Motion for Permission to File Reply
to Opposition to Motion for Leave to File Second Amended Complaint
and Accompanying Declaration Under Seal</u>

I represent the Plaintiff, GateGuard, Inc. ("Plaintiff"), in the above-captioned action and pursuant to Rule 1.G of this Court's Individual Practices, Plaintiff respectfully requests the Court's permission to file its Reply to the Opposition of Defendants to Plaintiff's Motion for Leave to File a Second Amended Complaint and accompanying declaration under seal.

While there is a presumption that the public and the press have a qualified First Amendment right to access judicial documents, the presumption may be overcome and sealing allowed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*,435 F.3d 110, 120 (2d Cir. 2006) (citation and quotation marks omitted). In the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as "the protection of sensitive, competitive, or proprietary business information." *W.J. Deutsch & Sons Ltd. v. Zamora*, 1:21-cv-11003-LTS, at *3 (S.D.N.Y. Mar. 25, 2022).

GateGuard's Reply and accompanying declaration contain references to documents that Defendants have designated as "Confidential" that should be maintained as such to protect Defendants commercial interests. Courts will seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC,* No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). For example, courts will commonly grant a company's request for sealing of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" when disclosure of that information could "provide competitors with an unearned advantage." *SEC v. Telegram Grp. Inc.,* No. 19-CV-9439-PKC, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). *See also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts

commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted). Here, while the information may not qualify as a trade secret, it could provide an advantage to competitors if it were made public. Defendants have requested that information designated as "Confidential" be filed initially under seal, subject to any orders the Court may make to unseal the information.

      For the foregoing reasons, Plaintiff respectfully requests that it be permitted to file its Reply to Defendants' Opposition to its Motion for Leave to File a Second Amended Complaint and accompanying declaration under seal, with a redacted version of the documents being placed on the public docket.

                                                 Respectfully submitted,

                                                 */s/ Eden Quainton*

                                                 Eden P. Quainton

cc: All counsel of record (via ECF)