UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GATEGUARD, INC.,

                                      Plaintiff,

            -against-

AMAZON.COM, INC. et al.,

                                     Defendants.
------------------------------------------------------------------X

21-CV-9321 (JGK) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       On February 23, 2024, Defendant Amazon.com, Inc. ("Amazon") submitted a letter motion to seal (ECF No. 122) in connection with its Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 129). Specifically, the letter motion seeks: (1) to file under seal certain quotations of materials GateGuard designated as "Confidential" pursuant to the Court's Protective Order (ECF No. 39) and (2) to file under seal certain exhibits appended to Amazon's opposition brief. ECF No. 122. As to the former category, Amazon represents that it does not believe that the material must be filed under seal but moves to do so based on GateGuard's confidentiality designations under the parties' protective order. See ECF No. 39, Confidentiality Stipulation and Protective Order ("Protective Order") ¶ 14. As to the latter exhibits, both parties have designated these documents as "Confidential," and Amazon moves to file them under seal. ECF No. 122.

       The common law and the First Amendment accord a presumption of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (quoting Lugosch, 435 F.3d at 119). To overcome the

presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (citation omitted). And while the presumption of public access in filings submitted in connection with discovery disputes is generally somewhat lower, this is not the case for documents "submitted in connection with, and relevant to … judicial decision-making," as is the case here. See Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019).

Sealing and redacting is appropriate if the Court can articulate specific and substantial reasons for sealing such material, and if the Court finds that the sealing is narrowly tailored. Brown, 929 F.3d at 50; Lugosch, 435 F.3d at 119-20. For instance, courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

Amazon bases its request to seal on the fact that the material has been designated, in whole or in part, "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's protective order. ECF No. 122. However, "broad citations to [a] Protective Order do not satisfy Lugosch and are, in any event, insufficient to overcome the presumption of access as the 'mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable.'" Tromblee v. New York, No. 19-CV-00638 (BKS) (CFH), 2022 WL 17266979, at *4 (N.D.N.Y. Nov. 29, 2022) (quoting Lugosch, 435 F.3d at 126) (alteration in original); see also Doe v. U.S. Immigr. & Customs Enf't, No. 19-CV-8892, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021) ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it

becomes a judicial document.") (citation and internal quotation marks omitted). Neither Gateguard nor Amazon have "addressed the weight of the presumption or identified reasons that weigh against disclosure—other than in the most cursory fashion with citation to the Protective Order, which is insufficient to justify sealing." Tromblee, 2022 WL 17266979, at *4.

Based on the standard set forth by the Second Circuit in Lugosch, Amazon's letter motion to seal is **DENIED without prejudice**. Both GateGuard and Amazon are permitted to submit renewed letter motions to seal/redact, articulating specifically why any materials referenced in or attached to Amazon's Opposition brief are appropriate for sealing under the Lugosch standard. Either party should submit their renewed letter motions to seal/redact by **Monday, July 8, 2024.**

The Clerk of Court is directed to maintain ECF Nos. 124 and 129 under seal until that date. The Clerk of Court is directed to terminate the motion at ECF No. 122.

DATED:   June 20, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3