**Eden P. Quainton**

**Quainton Law, PLLC**
2 Park Ave., 20th Fl.
New York, NY 10016
245 Nassau St.
Princeton, NJ 08540

Telephone (212) 419-0575, (609) 356-0526
Cell: (202) 360-6296
Eden.quainton@quaintonlaw.net

June 21, 2024

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *GateGuard, Inc. v. Amazon.com, Inc. et al., 21-cv-9321 –*
*Opposition to Letter Motion – Dkt. 188*

I represent the Plaintiff, GateGuard, Inc. ("Plaintiff"), in the above-captioned action. On June 18, 2024, Defendants filed a letter motion with your Honor at Dkt. 188. I write to respond very briefly to Defendants' letter motion.

First, Defendants did not meet and confer with Plaintiff prior to filing their motion and did not even alert Plaintiff to their intention to file such a motion, although it is apparent from the captioning of the motion on the docket ("Letter Motion for Discovery") that the motion relates to a discovery dispute. Dkt. 188. As a result, the motion violates Rule II.C.1 of this Court's Individual Practices and should be disregarded. As the Rule expressly states, "[t]he Court will not hear any discovery dispute unless the moving party (including a non-party seeking relief) has first conferred in good faith with any adverse party to resolve the dispute."

Second, should the Court nonetheless reach the merits of Defendants' motion, it appears Defendants are seeking a ruling on Plaintiff's motion filed at Dkt. 163 by July 2, 2024. Plaintiff does not presume to interfere with the Court's management of its docket and takes no position on the date requested for a ruling. Plaintiff would only point out what Defendants seek to obscure: the Court's original order at Dkt. 155 stated: "GateGuard's failure to provide a timely privilege log . . . constitutes a waiver of the privilege with respect to any documents ***in its*** November and December productions." It is clear the Court was responding to the issue of inadvertent production of privileged documents ***in*** the November and December productions, not any ***other*** documents that had been withheld from the production and as to which Defendants claim the privilege log is defective. *See* Dkt. 188 at 1 (the GateGuard privilege log allegedly "does not comply with Federal Rule of Civil Procedure 26(b)(5)(A)"). Amazon did not meet and confer with respect to this alleged defect and did not brief the issue for the Court. Defendants are attempting to distract the Court and make its order say something other than what it says (any privilege waiver relates to documents ***in*** GateGuard's production, not documents ***outside*** this

production). The Court should deny Defendants' improper attempt to distract the Court and confuse the issues.

.

Respectfully submitted,

*Den Quainton*

Eden P. Quainton

cc: All counsel of record (via ECF)

2