**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
Fax: +1 212.817.9586
DSalant@gibsondunn.com

July 8, 2024

VIA ECF

The Honorable Valerie Figueredo, U.S.M.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, NY 10007

Re:     *GateGuard, Inc. v. Amazon.com, Inc.*, No. 21 Civ. 9321 (JGK) (VF)

Dear Judge Figueredo:

We write on behalf of Amazon and pursuant to the Court's June 20, 2024 order permitting the parties to apply to seal materials referenced in or attached to Amazon's briefing in opposition to GateGuard's pending motion to amend. ECF No. 192 at 3. Amazon submits that the majority of these materials may be fully unsealed and respectfully moves for the permanent sealing of two documents filed in connection with the briefing.

*First*, Amazon filed a memorandum of law in sealed (ECF No. 129) and public-redacted (ECF No. 130) forms. Amazon does not believe any portion of this brief should remain under seal. Accordingly, Amazon submits that ECF No. 129 may be unsealed.

*Second*, Amazon filed a declaration and 25 exhibits in sealed (ECF No. 124) and public-redacted (ECF No. 127) forms. Amazon does not believe any of the documents filed at the following 24 docket entries should remain sealed: ECF Nos. 124, 124-1, 124-2, 124-3, 124-4, 124-5, 124-6, 124-7, 124-8, 124-9, 124-12, 124-13, 124-14, 124-15, 124-16, 124-17, 124-18, 124-19, 124-20, 124-21, 124-22, 124-23, 124-24, and 124-25. Accordingly, Amazon submits that each of these 24 docket entries may be unsealed.

*Third*, for the following reasons, Amazon respectfully moves to maintain under seal the two documents filed at ECF Nos. 124-10 and 124-11.

The presumption of public access to judicial documents is not absolute. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). To determine whether documents should be filed under seal, courts first "determine the weight of th[e] presumption" in favor of unsealing, and then "balance competing considerations against [the weight of that presumption]." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* at 119 (alteration in original) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Where the court need not "reference or otherwise rely on" certain information to adjudicate the matter at hand, "the weight of any presumption [of public access] is limited." *In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018), *aff'd*,

**GIBSON DUNN**

Hon. Valerie Figueredo, U.S.M.J.
July 8, 2024
Page 2

791 F. App'x 247 (2d Cir. 2019).  Courts may also deny access to records that are "sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Amazon requests the permanent sealing of two documents.  The first is a Work Order contract governing Amazon's relationship with a third party engaged to perform installations of Key for Business devices.  ECF No. 124-10 (AMZN_0000022).  The second is a spreadsheet reflecting authorizations of Key for Business device installations, including names, dates, phone numbers, physical addresses, and IP addresses obtained in connection with the authorizations.  ECF No. 124-11 (AMZN_0000509).

Both documents comprise Amazon's confidential business information and reflect its business strategy.  "[C]ourts in this District regularly seal documents that might disclose confidential business information," *Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*, 2023 WL 8720150, at *4 (S.D.N.Y. Dec. 18, 2023), and "[e]xposure to its competitors" of a party's confidential business strategy is a "competitive injury . . . sufficiently serious to warrant protection," *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (collecting cases).  Here, the commercial terms reflected in the Work Order are held confidential in the ordinary course of Amazon's business; the contract is recent (dated 2022); and the public disclosure of the information could prejudice Amazon in its negotiations with other installers or permit competitors to exploit its terms.  The information reflected in the authorization spreadsheet—including the locations of KfB installations—is information Amazon keeps confidential in the ordinary course of business and would cause competitive harm if disclosed, including by allowing competitors to target those buildings.

There is no countervailing public access interest to this information because the details of Amazon's relationship with its installers, or those of installation authorizations it has obtained, are not central to the resolution of GateGuard's motion to amend.  *See Lugosch*, 435 F.3d at 119.  Amazon's interest in the confidentiality of its strategic and business information therefore outweighs any "weak presumption of access for that information given the limited role [it] will play in the Court's adjudication of the pending motions."  *City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at *5 (S.D.N.Y. Feb. 23, 2022); *see also In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6; *Amodeo*, 71 F.3d at 1052 ("[T]he presumption [of public access] is weak" where the information "bears only a marginal relationship to the performance of Article III functions.").

\* \* \*

GIBSON DUNN

Hon. Valerie Figueredo, U.S.M.J.
July 8, 2024
Page 3

  For these reasons, Amazon respectfully moves that the Court grant its application to maintain ECF Nos. 124-10 and 124-11 under seal.

Respectfully submitted,

*/s/ David Salant*
David Salant


CC: All counsel of record (via ECF)