**Eden P. Quainton**

**Quainton Law, PLLC**

**2 Park Ave., 20ᵗʰ Fl.**
**New York, NY 10016**
**245 Nassau St.**
**Princeton, NJ 08540**

---

**Telephone (212) 419-0575, (609) 356-0526**
**Cell: (202) 360-6296**
**Eden.quainton@quaintonlaw.net**

June 28, 2024

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *GateGuard, Inc. v. Amazon,com, Inc. et al., 21-cv-9321 –*
*Letter Motion for Permission to File Declaration and Exhibit Under Seal*

     I represent the Plaintiff, GateGuard, Inc. ("Plaintiff"), in the above-captioned action. Pursuant to Rule 1.G of this Court's Individual Practices, Plaintiff respectfully requests the Court's permission to file an unredacted version of the Declaration of Eden P. Quainton, dated June 28, 2024 (the "Declaration"), and an exhibit thereto, under seal, with a redacted version filed on the public docket.

     While there is a presumption that the public and the press have a qualified First Amendment right to access judicial documents, the presumption may be overcome and sealing allowed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation and quotation marks omitted). In the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as "the protection of sensitive, competitive, or proprietary business information." *W.J. Deutsch & Sons Ltd. v. Zamora*, 1:21-cv-11003-LTS, at *3 (S.D.N.Y. Mar. 25, 2022).

     The Declaration contains an exhibit that has been designated as "Confidential" by Defendants and has not yet been de-designated for filing on the public docket. This document should be maintained confidential to protect Defendants' commercial interests. Courts will seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). For example, courts will commonly grant a company's request for sealing of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" when disclosure of that information could "provide competitors with an unearned advantage." *SEC v. Telegram Grp. Inc.*, No. 19-CV-9439-PKC, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). *See also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets,

confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted). Here, while the information may not qualify as a trade secret, it could provide an advantage to competitors if it were made public.

For the foregoing reasons, Plaintiff respectfully requests that it be permitted to file an unredacted version of the Declaration and accompanying exhibit under seal, with a redacted version of the documents being placed on the public docket. Plaintiff will file any documents on the public docket as directed by the Court.

Respectfully submitted,

*Eden Quainton*

Eden P. Quainton

cc: All counsel of record (via ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: July 16, 2024

The seal requested herein is granted. Plaintiff has made the requisite showing to file these documents under seal pursuant to Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Clerk of Court is directed to maintain the viewing restrictions on ECF No. 200. The Clerk of Court is also directed to terminate the Motion at ECF No. 196.

2