UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GATEGUARD, INC.,

                        Plaintiff,                      21-CV-9321 (JGK) (VF)

      -against-

                                                      **ORDER**

AMAZON.COM, INC. et al.,

                        Defendants.

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      Presently before the Court is GateGuard's motion for reconsideration (see ECF No. 163) of the Court's March 5 order (see ECF No. 155). For the reasons explained, the motion is **DENIED**.

      A motion for reconsideration is appropriate when the moving party identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). GateGuard has failed to identify any change in controlling law, and it has not pointed to any new evidence or facts that the Court overlooked or misunderstood.

      On January 16, 2024, Amazon submitted a letter seeking a discovery conference and a ruling that GateGuard had waived the attorney-client privilege over documents GateGuard produced in November and December 2023 because, as is relevant here, GateGuard had failed to produce a privilege log. See ECF No. 91. On February 23, 2024, GateGuard responded to Amazon's letter but did not produce a privilege log. See ECF No. 128. The Court subsequently addressed the issue at a conference on February 28, 2024. See ECF No. 149 ("Tr."). At the

1

conference, GateGuard represented that the privilege log was nearly complete and committed to producing a belated privilege log by March 1, 2024. See Tr. at 4-6. Despite its representation, GateGuard did not produce the privilege log by March 1, 2024. Nor did GateGuard seek an extension of that date before the deadline passed. Instead, GateGuard waited until March 4, 2024, to seek an extension of time to produce the privilege log which should have been produced months earlier.

The Court's March 5 order (see ECF No. 155) was based on GateGuard's failure to produce a timely privilege log. It is well established that the failure to timely provide a privilege log may result in waiver of the privilege. See In re Chevron Corp., 749 F. Supp. 2d 170, 181 (S.D.N.Y. 2010) (noting that failure to produce privilege log "may result in waiver of the privilege claims"); Kitevski v. City of New York,. No. 04-CV-7402, 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006) (same); Holloway v. City of New York, No. 21-CV-3858 (AMD) (CLP), 2023 WL 6614599, at *11 (E.D.N.Y. Sept. 28, 2023). GateGuard's mootness argument (see ECF No. 163 at 4, 6-8) misunderstands the basis for the Court's ruling.

GateGuard is hereby directed to comply with the Court's March 5 order by **August 19, 2024**. By that date, GateGuard must produce responsive documents withheld based on an assertion that the documents are protected by the attorney-client privilege. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 163 and 188.

**SO ORDERED.**
DATED:          July 16, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge