**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
Fax: +1 212.817.9586
DSalant@gibsondunn.com

August 20, 2024

<u>VIA ECF</u>

The Honorable Valerie Figueredo, U.S.M.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, NY 10007

Re:   *GateGuard, Inc. v. Amazon.com, Inc.*, No. 21 Civ. 9321 (JGK) (VF)

Dear Judge Figueredo:

On behalf of Amazon, we write to notify the Court that Plaintiff did not comply with the Court's July 16, 2024 order that "by **August 19, 2024** . . . GateGuard must produce responsive documents withheld based on an assertion that the documents are protected by the attorney-client privilege." ECF No. 210 at 2 (emphasis in original).  As of today, August 20, GateGuard has not produced the documents nor sought an extension of its August 19 deadline.

Amazon respectfully moves for a ruling of civil contempt and discovery sanctions.  Pursuant to Federal Rule of Civil Procedure 37(b), when "a party . . . fails to obey an order to provide or permit discovery," the court "may issue further just orders," including "treating as contempt of court the failure to obey any order[.]"  Fed. R. Civ. P. 37(b)(2)(A)(vii); *see Sadowski v. HNGN, Inc.*, No. 22 Civ. 08442 (JLR), 2024 WL 916263, at *2 (S.D.N.Y. Mar. 4, 2024) ("The refusal to promptly obey a court order may be punished as a contempt of court." (citing *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975) and *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021)).

In addition, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified[.]"  Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *see In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 359–60, 365 (S.D.N.Y. 2023) (Cave, M.J.) (ordering sanction of "reasonable attorneys' fees and expenses" for noncompliance with court-ordered document production deadlines).

Here, GateGuard's failure to obey the Court's order is not justified.  GateGuard was held to have waived privilege on March 5, 2024 (ECF No. 155) and had more than one month's notice of its court-ordered August 19 document production deadline (ECF No. 210), yet did not comply or seek an extension of its deadline.

While GateGuard has filed a Rule 72(a) objection to the Court's July 16 order setting its August document 19 production deadline (ECF No. 216), it is well established that a pending objection

# GIBSON DUNN

Hon. Valerie Figueredo, U.S.M.J.
August 20, 2024
Page 2

does not excuse compliance with an in-force court order. *See Houghtaling v. Eaton*, No. 22-638, 2023 WL 113840, at *2 (2d Cir. Jan. 5, 2023) ("'If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.'" (quoting *Maness*, 419 U.S. at 458)); *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("An order issued by a court must be obeyed, even if it is later shown to be erroneous.").

Amazon therefore respectfully requests a ruling that: (1) GateGuard is in civil contempt of the Court's July 16 order, ECF No. 210, and (2) GateGuard must pay Amazon's reasonable expenses, including attorney's fees, incurred by Amazon to enforce this order.

Respectfully submitted,

*/s/ David Salant*
David Salant

CC: All counsel of record (via ECF)

---

**MEMO ENDORSED**

_____
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
                    DATED: August 21, 2024

GateGuard is directed to file a response to Amazon's letter by Monday, August 26, 2024.