**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**GATEGUARD, INC.,**

                  **Plaintiff,**

      - against -

**AMAZON.COM INC., ET AL.,**

                  **Defendants.**

**21-cv-9321 (JGK)**

**MEMORANDUM OPINION AND ORDER**

---

**JOHN G. KOELTL**, District Judge:

    Plaintiff GateGuard, Inc. ("GateGuard"), has filed an Objection to Magistrate Judge Figueredo's July 16, 2024 Order, ECF No. 210, which denied Gateguard's motion for reconsideration of Magistrate Judge Figueredo's March 5, 2024 Order, ECF No. 155. The Objection, ECF No. 216, disputes the Magistrate Judge's conclusion that GateGuard failed to produce a timely privilege log in connection with its November and December 2023 document productions and that this failure "constitutes a waiver of the [attorney-client] privilege with respect to any documents in its November and December 2023 productions," March 5 Order, ECF No. 155 p. 2.[1]

    GateGuard's Objection concerns a non-dispositive discovery dispute, and thus must be overruled unless the ruling of the Magistrate Judge was "clearly erroneous or contrary to law."

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

Fed. R. Civ. P. 72(a). This standard of review is "highly deferential." Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013). An order is clearly erroneous when a reviewing court "is left with the definite and firm conviction that a mistake has been committed," Easley v. Cromartie, 532 U.S. 234, 242 (2001), and is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure," Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). The plaintiff's burden on an objection directed at the denial of a motion for reconsideration "is even higher." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "[T]he plaintiff must show that the Magistrate Judge's decision—that the plaintiff failed to point to controlling decisions or data that the court overlooked which might reasonably be expected to alter the conclusion reached by the court—was clearly erroneous or contrary to law." Id.

In this case, the Magistrate Judge declined to reconsider the Court's earlier determination that GateGuard waived its attorney client privilege when it failed to provide a timely privilege log with respect to documents produced through December 2023. July 16 Order, ECF No. 210. Defendant Amazon.com Inc. ("Amazon") sought the production of the log in advance of the February 29, 2024 close of discovery. At a conference held

2

on February 28, 2024, GateGuard undertook to produce the privilege log by March 1, 2024, ECF No. 149 pp. 4-6, but failed to meet that deadline. Amazon brought the missed deadline to the Magistrate Judge's attention on March 4, 2024, ECF No. 152, and the following day the Magistrate Judge issued the March 5 Order finding that GateGuard waived its attorney-client privilege by failing to produce the privilege log, March 5 Order, ECF No. 155. GateGuard subsequently moved for reconsideration of the March 5 Order and the Magistrate Judge denied that motion, concluding that "[i]t is well established that the failure to timely provide a privilege log may result in waiver of the privilege." July 16 Order, ECF No. 210 p. 2.

This ruling was not clearly erroneous or contrary to law. Failure to produce a privilege log "may result in waiver of the privilege claims." In re Chevron Corp., 749 F. Supp. 2d 170, 181 (S.D.N.Y. 2010); see e.g. Kitevski v. City of New York, No. 04 Civ. 7402, 2006 WL 680527, at *4 (S.D.N.Y. March 16, 2006) ("The failure to prepare a privilege log may result in a finding that the privilege has been waived."); Holloway v. City of New York, 21 CV 3858, 2023 WL 6614599, at *11 (S.D.N.Y. Sept. 28, 2023) ("[A]ny privilege that may have been asserted has been waived by defendants' failure to provide a privilege log."); Hurst v. F.W. Woolworth Co., No. 95 CIV. 6584, 1997 WL 61051, at *6 (S.D.N.Y. Feb. 11, 1997) ("Failure to state a privilege objection, or

provide the attendant privilege log, within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof can result in the waiver of the privilege.").

Contrary to the plaintiff's assertions, none of the decisions cited in Magistrate Judge's July 16 Order denying reconsideration requires bad faith as a prerequisite to finding waiver of attorney-client privilege. Furthermore, the Magistrate Judge was not required to consider sanctions short of privilege waiver. See e.g. PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp., Nos. 93 Civ. 5375 & 96 Civ. 1816, 1996 WL 525862, at *4 (S.D.N.Y. Sept. 17, 1996) ("Limiting the remedy to the belated preparation of a privilege log effectively tells practitioners they can flout the Court's Rules and incur no sanction other than an Order directing compliance with the rules."). Accordingly, the Magistrate Judge's determination that "GateGuard has failed to identify any change in controlling law, and . . . has not pointed to any new evidence or facts that the Court overlooked or misunderstood" was not clearly erroneous or contrary to law. See July 16 Order, ECF No. 210 p. 1.

Therefore, the Objection to the Magistrate Judge's Order declining to reconsider the March 5 Order is overruled. The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. Because the Court has overruled

4

the Objection, the request for a stay pending a decision on the Objection is moot. The Clerk is directed to close ECF No. 216.

**SO ORDERED.**

**Dated:**   **New York, New York**
   **August 27, 2024**

                                   /s/ John G. Koeltl
                                   John G. Koeltl
                            **United States District Judge**