**Eden P. Quainton**

**Quainton Law, PLLC**

2 Park Ave., 20th Floor
New York, NY 10016

245 Nassau St.
Princeton, NJ 08540

---

Telephone (212) 419-0575, (609) 356-0526
Cell: (202) 360-6296
Eden.quainton@quaintonlaw.net

August 28, 2024

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>*GateGuard, Inc. v. Amazon.com, Inc. et al.*, Case No. 21 Civ. 09321 (JGK)(VF)
               Ruling at Dkt. 229 and Amazon's Response to the Ruling</u>

     I represent the plaintiff, GateGuard, Inc. ("GateGuard" or "Plaintiff") in the above-captioned litigation.

     On August 27, 2028, Judge Koeltl affirmed your Honor's March 5, 2024 order that GateGuard has waived privilege with respect to documents in its November and December 2023 productions, and your denial of reconsideration of this order. Dkt. 229. In response to this ruling, Amazon filed a letter asserting that GateGuard's position with respect to the stay entered by your Honor on July 24, 2024, Dkt. 213, was contradicted by its objections to your Honor's decisions filed with Judge Koeltl. Dkt. 230 at 1. This is inaccurate.

     As GateGuard explained in its opposition to Amazon's applications for sanctions, GateGuard had adopted a "belt-and-suspenders" approach but made clear to the District Court that the parties' intent in seeking a stay was to suspend all discovery deadlines, which GateGuard understood to include the August 19, 2024 deadline set by your Honor for the production of withheld privileged material. *See* Dkt. 226 at 3. Thus, regardless of Judge Koeltl's ruling, there is an interpretative issue for your Honor with respect to your Honor's July 24, 2024 stay. If your Honor intended the stay to apply to ***all*** discovery deadlines, as the plain language of the order states, GateGuard's obligation to produce documents by the August 19 deadline would be stayed, just as Amazon's obligations to comply with its discovery obligations under the forthcoming motion to dismiss GateGuard's Second Amended Complaint will be stayed pending mediation even if Amazon's motion is unsuccessful. Otherwise, there would be an unfair asymmetry in the application of the stay. On the other hand, if GateGuard has misinterpreted the plain language of the stay, GateGuard respectfully requests that the stay be lifted and GateGuard's motion for spoliation sanctions be restored to the docket at the earliest date convenient for the Court.

Respectfully submitted,

*Eden P. Quainton*
Eden P. Quainton

cc: All counsel of record (via ECF)