UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GATEGUARD, INC.,

                                               Plaintiff,       21-CV-9321 (JGK) (VF)

                -against-       **ORDER**

AMAZON.COM, INC. et al.,

                                          Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On August 20, 2024, Amazon moved for an order, pursuant to Federal Rule of Civil Procedure 37, holding GateGuard in civil contempt for its failure to comply with the Court's July 16 order. See ECF No. 224. The July 16 order required GateGuard to produce by August 19, 2024, responsive documents withheld on the basis of attorney-client privilege. See ECF No. 210. For the reasons explained below, the letter motion is **DENIED**.

A finding of contempt for violation of a court order is appropriate when "the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." EEOC v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996). A contempt order is "a potent weapon" which the Second Circuit has instructed should not be used where "there is a fair ground of doubt as to the wrongfulness" of the conduct. King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995).

On July 22, 2024—before GateGuard's August 19 deadline set in the July 16 order—the parties requested that the Court stay all discovery in the action pending a mediation. See ECF No. 212. On July 24, 2024, the Court entered the parties proposed stipulation, thereby staying all discovery in the case. See ECF No. 213. The Court's July 24 order had an exception to the stay. The stay did not apply to "legal motions," including "GateGuard's anticipated objection to the

Court's privilege waiver rulings" in the July 16 order. Id. at ¶ 3. GateGuard could have reasonably interpreted the language in that exception to apply only to "legal motions." As such, it could have reasonably believed that it was not required to produce the discovery ordered by the Court on July 16, given the July 24 order staying discovery in the case. The record thus does not demonstrate that any violation of the July 16 order by GateGuard was willful. See Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (discussing willfulness and reason for noncompliance as one factor to assess whether the imposition of sanctions was an abuse of discretion). For this reason, Amazon's request for an award of attorney's fees and reasonable expenses, pursuant to Rule 37(b)(2)(C), would be unjust. Finally, given the stay of discovery, GateGuard is not required to produce the at-issue documents previously withheld on the basis of attorney-client privilege until the stay of discovery is lifted.

      The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 224.

      **SO ORDERED.**

DATED:    August 28, 2024

                                                          VALERIE FIGUEREDO
                                                          United States Magistrate Judge