# EXHIBIT 17

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK
-------------------------------:
GATEGUARD, INC.,                : Case No.: 21-cv-9321
                  Plaintiff,    :
     v.                         :
AMAZON.COM INC., et al.,        : New York, New York
                  Defendant.    : May 28, 2024
-------------------------------:
```

TRANSCRIPT OF STATUS CONFERENCE HEARING

BEFORE THE HONORABLE VALERIE FIGUEREDO

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | QUAINTON LAW, PLLC<br>BY: Eden P. Quainton, Esq.<br>2 Park Avenue - 20th Floor<br>New York, New York 10016 |
| For Defendant: | GIBSON, DUNN & CRUTCHER LLP<br>BY: David P. Salant, Esq.<br>    Anne Champion, Esq.<br>    Mark Aaron Takagaki, Esq.<br>200 Park Avenue<br>New York, New York 10166 |

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

AMM TRANSCRIPTION SERVICE   631.334 1445

```
 1    them.  Ms. Dexter didn't have them.  And she thought
 2    that, perhaps, although there's no certainty, that
 3    the predecessor management company that managed the
 4    GateGuard properties until sometime in 2022 was a
 5    bit unclear exactly when the transfer occurred --
 6    that company might have the installation agreements.
 7    And I think that would be highly relevant to find
 8    out, you know, whether these devices were, in fact,
 9    installed -- beyond the internal records of Amazon.
10    You know, I think that the best evidence would be
11    the actual installation agreements -- after Amazon
12    knew that there was an issue and after they had
13    acquired this device.
14              THE COURT:  Okay.
15              MR. QUAINTON:  I also think just -- if I
16    could add one other thing, I think if we're going to
17    go down the road of, you know, additional discovery
18    along those lines, there's an issue of cost and
19    burden to plaintiff.  As Your Honor knows, plaintiff
20    is a small startup with limited resources, and all
21    this is very costly.  So that's, you know, also one
22    of the -- you know, on the scale, I think, the
23    *R.F.M.A.S.* case has a good articulation of the
24    progressively severe sanctions that can be imposed,
25    and I think the one right above discovery is an
```

```
 1    award of costs, which I think would be appropriate.
 2              THE COURT:  Okay.  Thank you, Mr. Quainton.
 3              And, actually, before I hear from
 4    Mr. Salant, the last time we talked, Mr. Quainton,
 5    and you had indicated that Mr. Tieman was having
 6    health issues.  Is he doing better?
 7              MR. QUAINTON:  Mr. Tieman?
 8              THE COURT:  Yes.
 9              MR. QUAINTON:  Actually, I don't know the
10    answer to that, Your Honor.  Sorry.  I know he's
11    doing better in the sense that, as Your Honor knows,
12    he was incarcerated and he has been released.  And
13    the most recent information I have is that he's
14    working on getting the relevant appointments with
15    his doctors.  He was very -- I have to say, he was
16    very upbeat when I last spoke to him.  So I don't
17    know specifically what the word from the doctors is,
18    but I think being out is a big relief.
19              THE COURT:  Okay.  Well, that's good to
20    hear.
21              Mr. Salant, do you want to respond?
22              MR. SALANT:  Yes.  Thank you, Your Honor.
23              There was absolutely, positively no
24    spoliation here.  GateGuard is seeking discovery of
25    a device that is not relevant, that was not opened,
```

1  that was not used, as supported by undisputed sworn
2  testimony we have provided to GateGuard.
3           GateGuard made a number of points in the
4  past half hour.  Many of them are not briefed or
5  before the Court, so we'll try to quickly address
6  them as best we can.
7           GateGuard mentioned the sequence of the
8  complaints about the devices in the field.  The
9  original complaint, that GateGuard reference, that
10 first put Amazon on notice, were complaints about
11 compatibility; that the Key for Business device was
12 allegedly interfering with the GateGuard device out
13 in the field.  GateGuard could not provide evidence
14 of where or how that was happening, and so that is
15 why Amazon, as it does for other intercom devices,
16 ordered a device to test its compatibility.  That's
17 what the undisputed testimony says.
18          Copying claims were made later.  GateGuard
19 later made claims about copying and IP
20 misappropriation.  And those claims, by the way,
21 were dismissed by Judge Koeltl on our motion to
22 dismiss.  So the copying claim was not a part of the
23 case.  The fact that an engineer, who, by the way,
24 is not an Amazon employee, but a third-party
25 contractor, had and discarded one of those devices

```
 1
 2                    C E R T I F I C A T E
 3
 4       I, Adrienne M. Mignano, certify that the
 5   foregoing transcript of proceedings in the case of
 6   Gateguard Inc. v. Amazon.com Inc., Docket #21CV9321
 7   was prepared using digital transcription software and
 8   is a true and accurate record of the proceedings.
 9
10
11   Signature    _Adrienne M. Mignano_
12               ADRIENNE M. MIGNANO, RPR
13
14   Date:      May 29, 2024
15
16
17
18
19
20
21
22
23
24
25
            AMM TRANSCRIPTION SERVICE   631.334 1445
```