# EXHIBIT 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

3660 BROADWAY BCR, LLC, 3750 BROADWAY BCR, LLC, 2363 ACP PINEAPPLE, LLC, 145 PINEAPPLE LLC, 3440 BROADWAY BCR LLC, 3427 BROADWAY BCR, LLC, 605 WEST 151 BCR, LLC, 633 WEST 152 BCR, LLC, 603-607 WEST 139 BCR, LLC, MGJ REALTY Corp., 559 WEST 156 BCR LLC, 535-539 WEST 155 BCR, LLC, 510-512 YELLOW APPLE, LLC, 513 YELLOW APPLE, LLC, 408-412 PINEAPPLE, LLC, 106-108 CONVENT BCR, LLC, 110 CONVENT BCR, LLC and 580 ST. NICHOLAS BCR, LLC,

Index No.:

**SUMMONS**

The basis of venue is Plaintiffs' principal place of business

*Plaintiffs*,

-against-

GATEGUARD INC. and ARI TEMAN,

*Defendants*.
------------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANTS:**

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for relief demanded in the complaint.

Dated: New York, New York
         July 18, 2019

_____
Simcha D. Schonfeld, Esq.
KOSS & SCHONFELD, LLP
Attorneys for Plaintiffs
90 John Street, Suite 503
New York, NY 10038
(212) 796-8916

TO:

    GATEGUARD INC.
    106 West 32nd Street
    Suite 2D15
    New York, New York 10001

    ARI TEMAN
    349 5th Avenue
    Suite 420
    New York, New York 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
3660 BROADWAY BCR, LLC, 3750 BROADWAY
BCR, LLC, 2363 ACP PINEAPPLE, LLC, 145
PINEAPPLE LLC, 3440 BROADWAY BCR LLC,
3427 BROADWAY BCR, LLC, 605 WEST 151 BCR,
LLC, 633 WEST 152 BCR, LLC, 603-607 WEST 139
BCR, LLC, MGJ REALTY Corp., 559 WEST 156 BCR
LLC, 535-539 WEST 155 BCR, LLC, 510-512 YELLOW
APPLE, LLC, 513 YELLOW APPLE, LLC, 408-412
PINEAPPLE, LLC, 106-108 CONVENT BCR, LLC, 110
CONVENT BCR, LLC and 580 ST. NICHOLAS BCR,
LLC,

Index No.:

**VERIFIED COMPLAINT**

The basis of venue is
Plaintiffs' principal place
of business

                              *Plaintiffs*,

     -against-

GATEGUARD INC. and ARI TEMAN,

                              *Defendants*.
------------------------------------------------------------------X

      1.     Plaintiffs 3660 BROADWAY BCR, LLC, 3750 BROADWAY BCR, LLC, 2363 ACP PINEAPPLE, LLC, 145 PINEAPPLE LLC, 3440 BROADWAY BCR LLC, 3427 BROADWAY BCR, LLC, 605 WEST 151 BCR, LLC, 633 WEST 152 BCR, LLC, 603-607 WEST 139 BCR, LLC, MGJ REALTY Corp., 559 WEST 156 BCR LLC, 535-539 WEST 155 BCR, LLC, 510-512 YELLOW APPLE, LLC, 513 YELLOW APPLE, LLC, 408-412 PINEAPPLE, LLC, 106-108 CONVENT BCR, LLC, 110 CONVENT BCR, LLC and 580 ST. NICHOLAS BCR, LLC ("Plaintiffs"), by and through their undersigned attorneys, KOSS & SCHONFELD, LLP, complaining of the above-named defendants GATEGUARD INC. and ARI TEMAN ("Defendants"), allege, upon information and belief, as follows:

## THE PARTIES

2. At all times hereinafter mentioned, Plaintiffs 3660 BROADWAY BCR, LLC, 3750 BROADWAY BCR, LLC, 2363 ACP PINEAPPLE, LLC, 145 PINEAPPLE LLC, 3440 BROADWAY BCR LLC, 3427 BROADWAY BCR, LLC, 605 WEST 151 BCR, LLC, 633 WEST 152 BCR, LLC, 603-607 WEST 139 BCR, LLC, MGJ REALTY Corp., 559 WEST 156 BCR LLC, 535-539 WEST 155 BCR, LLC, 510-512 YELLOW APPLE, LLC, 513 YELLOW APPLE, LLC, 408-412 PINEAPPLE, LLC, 106-108 CONVENT BCR, LLC, 110 CONVENT BCR, LLC and 580 ST. NICHOLAS BCR, LLC ("Plaintiffs") are domestic limited liability companies, organized and existing under the laws of the State of New York, each with its principal place of business in the County of New York.

3. At all times hereinafter mentioned, Defendant GATEGUARD INC. ("Gateguard") was and is a foreign business corporation incorporated, organized and existing by virtue of the laws of the State of Delaware, maintaining a principal place of business located at 106 West 32nd Street, Suite 2D15, New York, New York 10001.

4. At all times hereinafter mentioned, Defendant ARI TEMAN ("Teman") was and is a natural person residing in the State of New York.

5. Upon information and belief, Defendant Teman resides at 349 5th Avenue, Suite 420, New York, New York 10016.

6. Upon information and belief, Defendant Teman is the owner of Defendant Gateguard.

## FACTUAL BACKGROUND

7. At all relevant times herein, Plaintiffs were and are the owners of certain real properties located at various addresses in New York, New York (hereinafter referred to

collectively as the "Properties").[1]

8. At all relevant times herein, Defendant Teman owns and operates a certain company, Defendant Gateguard, providing for the installation of AI intercom systems.

9. On or about February 8, 2019, Justin Graniero, a property manager employed by non-party Big City Realty ("BCR"), requested a quote for the installation of AI intercom systems from the Defendant Gateguard.

10. Instead, Defendants sent Plaintiffs a purported receipt for an order along with terms and conditions for the anticipated contract.

11. On or about April 23, 2019, Defendant Teman emailed Mr. Graniero asking "[a]ny update?" effectively waiting for confirmation from Plaintiffs to go ahead with the transaction pursuant to the quote.

12. Sometime in early July 2019, Defendants wrongfully and without authorization installed an intercom system at 408 West 129th Street ("408 W 129") despite Plaintiffs' direct instructions to desist from installation.

13. On July 3, 2019, Mr. Graniero emailed Defendants, as follows: "Please remove intercom from 408 W 129. Landlords have decided not to go with service and not to install other units on the building. Thank you."

14. Defendant Teman categorically refused, claiming that Plaintiffs had purportedly entered into a "binding contract for which you [Mr. Graniero] personally guarantee." Defendant Teman further threatened: "We will lien the buildings and collect if payment isn't made on the

---

[1] The Properties include: 555 West 151st Street, 3750 Broadway, 2363 Adam Clayton Powell Jr. Boulevard, 145 West 138th Street, 3440 Broadway, 600 West 140th Street, 605 West 151st Street, 633 West 152nd Street, 603 West 139th Street, 607 West 139th Street, 545 Edgecombe Avenue, 559 West 156th Street, 535 West 155th Street, 539 West 155th Street, 510 West 134th Street, 513 West 134th Street, 512 West 124th Street, 408 West 129th Street, 412 West 129th Street, 106 Convent Avenue, 110 Convent Avenue and 580 St. Nicholas.

order;" "We will install in all buildings;" "There is an $18,000 fee per device removal if you remove or tamper or otherwise prevent the device being run;" and "There is a $10K per device collection fee, and $5K every time we have to bring in an attorney."

15. Graniero continued to explicitly advise Defendants that Plaintiffs did not enter into a binding contract and did not authorize Defendants' representatives or agents to enter any of Plaintiffs' Properties.

16. Nonetheless, on or about July 14, 2019, Defendants' agents again unlawfully entered multiple Properties owned by Plaintiffs without permission, causing significant property damage.

17. Defendants forcefully extricated and destroyed the existing and operational intercom systems at numerous Properties including 603 West 139th Street, 510 West 134th Street and 512 West 134th Street, thereby preventing Plaintiffs and tenants from using same.

18. Defendants' property damage left gaping holes with wires hazardously exposed at the entrances to affected Properties. Annexed hereto as Exhibit A is a copy of the photographs illustrating significant property damage sustained at the Properties.

19. On or about July 15, 2019, Plaintiffs' counsel sent Defendants a cease and desist notice.

20. Defendant Teman immediately and derogatively responded as follows:

Also:
1. There's nothing that says the security deposit is due before installation, ***you stupid clown.***
2. Justin used his BCR email to sign up, and he's the agent for these buildings, ***you tool***.
3. I asked for an update because he said he was willing (not required-to, willing) to send payment upfront to help us out... we do not require such a payment, but sometimes larger operators are nice enough to pay in advance on large orders.

> 4. We were NEVER advised that we're not authorized, certainly never repeatedly, and it doesn't matter because your client entered a legally-binding contract which states explicitly there are no cancellations or refunds.
> We will remove all devices and install ours within the allotted time. **You can try this bullshit and you'll pay far more.**
> **It's always the scummy Israelis.**
> Roni Abudi[2] is about to get sued by SubletSpy for stiffing us on a fee, too. **Your clients histories of non-payment will not be looked-at kindly!** (emphasis added).

21. Notwithstanding Defendants' mendacious and threatening conduct, it is clear that Defendants' purported "legally-binding contract" is a clumsily compiled online form, rather than a binding contract which boasts a myriad of defects. Defendants' terms and conditions verge from untenable to simply preposterous. For instance:

- "NO STEVIE NICKS: You agree to never play any Stevie Nicks song in, near, for, or around any member of our team, or on any of our devices or networks. She really ruined that band;"
- "You may not cancel this agreement for 10 years. You may not cancel or removal [sic] of antennae or connectivity hardware or device agreements of any kind for 15 years;"
- "You agree this is a 360 month contract, meaning you agree to keep our devices installed and services operating for 360 months, and that monthly fees are due for all 360 months;"
- "The following will forfeit the security deposit:…Engaging in any litigation; Posting negative reviews; Removing or disabling or interfering with the devices or service at any time;…Harassing or cursing at staff or contractors; …Creating, investing in, supporting, or helping in any way a competitive or similar product or service; Vandalizing the product or services or any of our property; Causing us to incur costs greater than the security deposit;" and
- "There is a $10,000 fee for any collections efforts we must begin. You are responsible for any and all attorneys [sic] fees regardless of outcome. If you are late for more than 2 payments your monthly fee will increase by 50% for every 2 payments missed."

22. The terms and conditions moreover state: "We will take security deposits for devices which are given free. This is to protect us against folks who fail to pay service fees, and folks who fail to install the devices." (*Id.* page 16, ¶ 5.K.).

---

[2] An individual with no apparent connection to this action or any of the Properties set forth herein.

23. Plaintiffs were purportedly required to pay a deposit of $649.00.

24. To date, Plaintiffs have paid no deposit but Defendants nonetheless began servicing the Properties pursuant to a purported contract.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Property Damage)

25. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs "1" through "24" above as if each were fully set forth herein.

26. Prior to removal of the existing and functioning intercom systems, Plaintiffs explicitly and repeatedly demanded that Defendants not install the intercom units on the Properties.

27. Nonetheless, Defendants went ahead with their destructive behavior, deliberately and intentionally destroying Plaintiffs' existing intercom systems, despite Plaintiffs' clear repudiation.

28. In or about July 2019, without authority, Defendants repeatedly and wrongfully entered a number of Properties and removed and/or destroyed the intercom systems therein.

29. Defendants intentionally caused significant property damage, forcefully extricating and destroying existing and operational intercom systems, leaving gaping holes with wires hazardously exposed.

30. Defendants had actual or constructive knowledge that injury to Plaintiffs' property would result from their actions.

31. Defendants proximately caused the property damage to the previously functioning intercom systems at the Properties.

32. Defendants' property damage will require the complete replacement of the intercom systems in all the Properties affected, the reasonable cost of repair being valued at $1,000,000.00 for all the Properties combined.

33. As a direct and proximate result of the property damage committed by Defendants, their employee(s), agent(s), contractor(s) and/or servant(s), Plaintiffs have suffered damages, which include, but are not limited to, pecuniary loss.

34. As a direct and proximate result of the property damage committed by Defendants, Plaintiffs have been significantly damaged in an amount to be determined at trial, but not less than $1,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Trespass to Land - Criminal)

35. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs "1" through "34" above as if each were fully set forth herein.

36. Plaintiffs are the rightful owners and landlords of the Properties.

37. Prior to removal of the existing and functioning intercom systems, Plaintiffs explicitly and repeatedly demanded that Defendants not install the intercom units on the Properties.

38. Nonetheless, in or about July 2019, without authority, Defendants wrongfully entered the Properties, interfering with Plaintiffs' right of possession and deliberately and intentionally removing and/or destroying the intercom systems therein.

39. Defendants knowingly and unlawfully entered the Properties, in direct contravention of § 140.05 of the New York Penal Law, despite not being licensed or privileged to do so.

40. Defendants thereby criminally trespassed onto Plaintiffs' Properties without permission, despite explicit prohibitions by Plaintiffs.

41. As a direct and proximate result of the trespass committed by Defendants, their employee(s), agent(s), contractor(s) and/or servant(s), Plaintiffs have incurred damages for considerable property damage.

42. As a direct and proximate result of the trespass committed by Defendants, Plaintiffs have suffered damages, which include, but are not limited to, pecuniary loss.

43. As a direct and proximate result of the trespass committed by Defendants, Plaintiffs have been significantly damaged in an amount to be determined at trial, but not less than $1,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Trespass to Land - Civil)

44. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs "1" through "43" above as if each were fully set forth herein.

45. Plaintiffs are the rightful owners and landlords of the Properties.

46. Prior to removal of the existing and functioning intercom systems, Plaintiffs explicitly and repeatedly demanded that Defendants not install the intercom units on the Properties.

47. Nonetheless, on or about July 2019, without authority, Defendants wrongfully entered the Properties, deliberately and intentionally interfering with Plaintiffs' right to possession and unlawfully removing and/or destroying the intercom systems therein.

48. Defendants intentionally invaded and entered Properties in Plaintiffs' exclusive possession, without permission and despite explicit prohibitions by Plaintiffs.

49. Defendants forcefully extricated and destroyed existing and operational intercom systems, leaving gaping holes with wires hazardously exposed.

50. Defendants moreover refused to desist even after such explicit and repeated prohibitions.

51. Defendants are therefore civilly liable for trespass to land.

52. Defendants are also liable for civil trespass for hiring an agent to enter land without permission.

53. As a direct and proximate result of the trespass committed by Defendants, their employee(s), agent(s), contractor(s) and/or servant(s), Plaintiffs have incurred damages for considerable property damage, which include, but are not limited to, pecuniary loss.

54. As a direct and proximate result of the trespass committed by Defendants, Plaintiffs have incurred compensatory and punitive damages and expenses for considerable property damage and loss.

55. As a direct and proximate result of the trespass committed by Defendants, Plaintiffs have been significantly damaged in an amount to be determined at trial, but not less than $1,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Trespass to Chattels)

56. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs "1" through "55" above as if each were fully set forth herein.

57. Plaintiffs are the rightful owners and landlords of the Properties.

58. Prior to removal of the existing and functioning intercom systems, Plaintiffs explicitly and repeatedly demanded that Defendants not install the intercom units on the Properties.

59. Nonetheless, in or about July 2019, without authority, Defendants wrongfully entered the Properties and deliberately and intentionally interfered with Plaintiffs' right of possession, intentionally and improperly removing and/or destroying the intercom systems therein.

60. Defendants thereby trespassed onto Plaintiffs' Properties without permission or consent and despite explicit prohibitions to refrain from so doing.

61. Defendants forcefully and intentionally interfered and intermeddled with Plaintiffs' possessory interests by extricating and destroying existing and operational intercom systems and leaving gaping holes with wires hazardously exposed.

62. As a direct and proximate result of the trespass committed by Defendants, their employee(s), agent(s), contractor(s) and/or servant(s), Plaintiffs have incurred damages and expenses for considerable property damage.

63. As a direct and proximate result of the trespass committed by Defendants, Plaintiffs have suffered damages, which include, but are not limited to, pecuniary loss.

64. As a direct and proximate result of the trespass committed by Defendants, Plaintiffs have been significantly damaged in an amount to be determined at trial, but not less than $1,000,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Injunctive Relief)

65. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs "1" through "64" above as if each were fully set forth herein.

66. Plaintiffs are the rightful owners and landlords of the Properties.

67. Upon information and belief, and based on prior conduct, Defendants will not desist from attempting to service the Properties pursuant to a purported contract.

68. Since Plaintiffs fervently dispute the existence of such a contract, an Order should be granted restraining Defendants from entering Plaintiffs' Properties, removing and / or replacing the existing intercom systems and / or installing new intercom systems.

69. If an Order is not granted restraining Defendants from entering and continuing to undertake such unauthorized work at the Properties, Plaintiffs will be irreparably harmed.

70. Plaintiffs therefore seek an Order by way of injunction, restraining Defendants from taking any actions whatsoever on behalf of the Plaintiffs or with respect to their respective Properties without permission of this Court.

71. Plaintiffs likewise seek an Order by way of injunction, enjoining Defendants from

otherwise contacting, communicating and / or harassing Plaintiffs' employees and / or agents.

**WHEREFORE**, Plaintiffs demand judgment as follows:

a) On the First Cause of Action, Plaintiffs demand judgment against Defendants in the sum of not less than $1,000,000.00, together with interest, costs and disbursements of this action;

b) On the Second Cause of Action, Plaintiffs demand judgment against Defendants in the sum of not less than $1,000,000.00, together with interest, costs and disbursements of this action;

c) On the Third Cause of Action, Plaintiffs demand judgment against Defendants in the sum of not less than $1,000,000.00, together with interest, costs and disbursements of this action;

d) On the Fourth Cause of Action, Plaintiffs demand judgment against Defendants in the sum of not less than $1,000,000.00, together with interest, costs and disbursements of this action;

e) On the Fifth Cause of Action, Plaintiffs demand the Court issue an injunction restraining Defendants from taking any actions whatsoever on behalf of the Plaintiffs or with respect to their respective Properties without permission of this Court, or from contacting, communicating and / or harassing Plaintiffs' employees and / or agents;

f) Punitive damages on all Causes of Action in the sum of not less than $2,000,000.00; and

g) For such other and further relief as to this Court seems just and proper.

Dated: New York, New York
July 18, 2019

_____
Simcha D. Schonfeld, Esq.
KOSS & SCHONFELD, LLP
*Attorneys for Plaintiffs*
90 John Street, Suite 503
New York, NY 10038
(212) 796-8916

## CORPORATE VERIFICATION

STATE OF NEW YORK  )
                   ) SS:
COUNTY OF NEW YORK )

KOBI ZAMIR, being duly affirmed, deposes and states the following under penalties of perjury:

Deponent is associated with the Plaintiffs; deponent has read the foregoing Complaint and knows the contents thereof to be true and accurate in all respects; the same is true to deponent's own knowledge expect as to matters herein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true.

_____
KOBI ZAMIR

Affirmed to me this
18th day of July, 2019

_____
Notary Public

JANA SCHMIDT
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC6322221
Qualified in New York County
My Commission Expires 03-30-2023