# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
Fax: +1 212.817.9586
DSalant@gibsondunn.com

**APPLICATION GRANTED**
**SO ORDERED**

October 1, 2024

10/2/24 /s/ John G. Koeltl
John G. Koeltl, U.S.D.J.

VIA ECF

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:  *GateGuard, Inc. v. Amazon.com, Inc.*, No. 21 Civ. 9321 (JGK) (VF)

Dear Judge Koeltl:

Pursuant to Rule VI.A. of the Court's Individual Practices, Amazon respectfully submits this letter-motion to seal the following documents in its forthcoming motion to dismiss, to deny class certification, and to strike class claims.

*First*, Amazon requests permission to file seven documents produced by Plaintiff GateGuard—namely, Exhibits 15, 16, 18, 19, 20, 22, and 23 to the accompanying declaration of David P. Salant—provisionally under seal. Amazon does not believe any of these documents must be permanently filed under seal. On September 30, 2024, the parties conferred via email and GateGuard asserted that these documents contain GateGuard's confidential information. Accordingly, Amazon is filing these documents under seal in the first instance, so that GateGuard may have an opportunity to move for permanent sealing. For the same reason, Amazon requests leave to redact quotations of these documents from the publicly docketed versions of its memorandum of law and supporting declaration.

*Second*, Amazon requests permission for permanent sealing of Exhibits 3 and 10 to the Salant Declaration. These documents were previously filed under seal at ECF Nos. 124-10 and 124-11. On July 10, 2024, Magistrate Judge Figueredo granted Amazon's motion to permanently seal these two documents. ECF No. 206. For substantially the same reasons, they should remain sealed in connection with this briefing.

*Third*, Amazon requests permission to file Salant Declaration Exhibit 9 under seal. Exhibit 9 is an installation agreement signed by a building representative agreeing to the terms of installation of the Key for Business device ("KfB"). The document includes the name, phone number, and an email address of the building representative, and information about the building such as its number of units and whether there are keys to control the lock box at the building. *Id.* It also includes substantive terms of the agreement to install KfB at this location.

The presumption of public access to judicial documents is not absolute. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). To determine whether documents should be filed under seal, courts first "determine the weight of th[e] presumption" in favor of unsealing, and then

# GIBSON DUNN

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
October 1, 2024
Page 2

"balance competing considerations against [the weight of that presumption]." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* at 119 (alteration in original) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Where the court need not "reference or otherwise rely on" certain information to adjudicate the matter at hand, "the weight of any presumption [of public access] is limited." *In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x 247 (2d Cir. 2019). Courts may also deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Exhibit 9 should remain sealed for two reasons. First, it contains personal, non-public information about a building and its representative, non-parties to this action. Second, the terms of Amazon's agreements with buildings for installation of KfB are confidential business information, the disclosure of which risks harm to Amazon's strategy vis-à-vis its competitors. "[C]ourts in this District regularly seal documents that might disclose confidential business information," *Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*, 2023 WL 8720150, at *4 (S.D.N.Y. Dec. 18, 2023), and "[e]xposure to its competitors" of a party's confidential business strategy is a "competitive injury . . . sufficiently serious to warrant protection," *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (collecting cases). Here, the terms of Amazon's installation agreements are held confidential in the ordinary course of Amazon's business and the public disclosure of the information could prejudice Amazon by permitting competitors to exploit its terms. Further, the locations of KfB installations is information Amazon keeps confidential in the ordinary course of business and would cause competitive harm if disclosed, including by allowing competitors to target those buildings.

There is no countervailing public access interest to this information because the personal information of the building representative, the number of units and security at the building, and the details of Amazon's relationship with buildings who have allowed the installation of KfB are not central to the resolution of Amazon's motion. *See Lugosch*, 435 F.3d at 119. Amazon's interest in the confidentiality of its strategic, confidential, and business information therefore outweighs any "weak presumption of access for that information given the limited role [it] will play in the Court's adjudication of the pending motions." *City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at *5 (S.D.N.Y. Feb. 23, 2022); *see also In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6; *Amodeo*, 71 F.3d at 1052 ("[T]he presumption [of public access] is weak" where the information "bears only a marginal relationship to the performance of Article III functions.").

# GIBSON DUNN

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
October 1, 2024
Page 3

We thank the Court for its consideration.

Respectfully submitted,

*/s/ David Salant*
David Salant

CC: All counsel of record (via ECF)