**Eden P. Quainton**
**Quainton Law, PLLC**

2 Park Avenue, 20th Floor
New York, NY 10016

245 Nassau St.
Princeton, NJ 08540

Telephone (212) 419-0575, (609) 356-0526
Cell: (202) 360-6296
Email equainton@gmail.com

October 11, 2024

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *GateGuard, Inc. v. Amazon.com, Inc. et al., 21-cv-09321(JGK)(VEF)*

Dear Judge Koeltl,

      I represent the Plaintiff, GateGuard, Inc. ("Plaintiff" or "GateGuard"), in the above-captioned matter. As you know, Amazon filed a motion to dismiss GateGuard's Second Amended Complaint (the "SAC") on Tuesday, October 1 (the "Mot. Dismiss"). Dkt.239. In connection with its submission, Amazon filed a number of documents preliminarily under seal at Plaintiff's request. Pursuant to Rule VI.A.2 of your Honor's Individual Practices (the "Practices"), Plaintiff is required to submit a letter explaining the need to maintain the documents under seal within three days of the request for sealing, in this case, by October 4, 2024. Your Honor graciously granted Plaintiff an extension of the deadline to October 11, 2024 in light of Plaintiff's counsel's personal family issues. Plaintiff is hereby submitting this letter in accordance with the Practices.

      In the Mot. Dismiss, Defendant filed a total of ten documents under seal. *See* Declaration of David Salant, dated October 1, 2024. Dkt. 240, 241. Defendant sought the sealing of three of its own documents and the following seven documents produced by Plaintiff:

1. A text message thread from December 6, 2018, to December 15, 2019 between Ari Teman, the CEO of GateGuard ("Teman"), and a client of GateGuard's. Dkt. 240-15.
2. An email exchange between counsel for GateGuard, Areil Reinitz ("Reinitz"), and a customer of GateGuard, dated March 28, 2018, followed by an email from Teman to a customer of GateGuard. Dkt. 240-16.
3. An email exchange between Teman to Reinitz dated November 6, 2020, copying several Amazon representatives, and attaching a text exchange between Teman and one of GateGuard's installers. Dkt. 240-17.
4. An email exchange between Teman and a customer of GateGuard's, dated November 16, 2020. Dkt. 204-19.

5. An email from Teman to a Bloomberg reporter, dated September 22, 2023. Dkt. 240-20.
6. A device diagram. Dkt. 240-22.
7. An order for GateGuard intercoms with the GateGuard 2019 Terms and Conditions attached. Dkt. 240-23.

In assessing the above documents, the first question for the Court is whether the above materials constitute "judicial documents." A judicial record or judicial document is a filed item that is "relevant to the performance of the judicial function and useful in the judicial process." *Suber v. VVP Servs., LLC*, No. 21-2649, 2023 WL 115631, at *4 (2d Cir. Jan. 10, 2023), *cert. denied*, 144 S. Ct. 346 (2023) (citing *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006)). "Whether a document is a judicial record turns on an evaluation of 'the relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the document would materially assist the public in understanding the issues before the court.'" *Suber*, 2023 WL 115631, at *4 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-150) (2d Cir. 2016). Documents that are not "judicial documents" are not entitled to any presumption of public access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

Applying these principles to the specific documents at issue in the present motion, it is evident the documents are not "judicial documents."

1.      Item No. 1 above is a yearlong text exchange between Teman and a customer cited for a single sentence buried in the middle of this long exchange. *See* Mot. Dismiss at 23. The vast majority of the exchange has no relevance to any point Amazon is trying to make. Aside from the one cited sentence, the remainder of the exchange cannot qualify as "judicial document." While Amazon offered to meet and confer with Plaintiff on the eve of its filing when Plaintiff's counsel was in the middle of making a summary judgment filing in another case, this was obviously insufficient to meaningfully confer. *See* Consent Letter Motion for Extension of Time to File Rule VI(A)(2) Letter, Dkt. 246 at 1. Moreover, as GateGuard will show in its Opposition to the Mot. Dismiss, the particular client at issue has claimed that the Amazon Key was installed with its consent and, therefore, it would not be a class member as to whom there could be a conflict of interest with GateGuard.

In addition, as will be discussed in more detail in GateGuard's opposition to the Mot. Dismiss, Amazon's motion raises factual issues that are irrelevant at this stage and thus the document does not qualify as a judicial document at this juncture in any event. *Suber*, 2023 WL 115631, at *4. Amazon's attempt to deny class certification "pre-emptively" before any motion for class certification has been made is fundamentally misguided. *Compare* Mot. Dismiss at 17 *with Shaw v. Hornblower Cruises & Events, LLC*, No. 21 CIV. 10408 (VM), 2022 WL 16748584, at *5 (S.D.N.Y. Nov. 7, 2022) (explaining that "a determination whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the Court in making this determination" (citing *Bernstein v. Cengage Learning, Inc.*, No. 19 Civ. 7541, 2020 WL 5819862, at *6 (S.D.N.Y. Sept. 29, 2020) (quoting *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012) (collecting cases). In essence, only when the issues are "plain enough from the pleadings," can they be resolved without further discovery. *Shaw*, 2022 WL 16748584, at *5. By relying heavily on extrinsic evidence, Amazon essentially concedes that the issues are <u>not</u> "plain enough" from the pleadings and that its "pre-emptive strike" is futile.

2.      Item No. 2 above also relates to a communication with a client as to which Amazon does not even begin to suggest any possible relevance to the issues before the Court. GateGuard is seeking to be a class representative for "access control" providers as to whom the Amazon Key was installed without consent. *See* SAC, Dkt. 223 ¶ 190. Any conflicts that GateGuard may have had with clients who are not putative class members are irrelevant. Moreover, as discussed, the factual issue is premature at this stage and the Court should disregard this extrinsic evidence in evaluating Amazon's pre-emptive class certification motion. The exhibit cited by Amazon thus cannot be a "judicial document."

3.      Item No. 3 above consists of a short, two-line email followed by the screenshot of an exchange between Teman and a third party. Amazon's point appears to be that the use of colorful language by Teman somehow disqualifies GateGuard as a class representative. Mot. Dismiss at 24. But the entire document filed is not relevant to the point Amazon appears to be trying to make. Had Amazon sought to meet and confer reasonably in advance of its filing, the scope of any redaction could have been discussed and the parties could have avoided burdening the Court. Moreover, as noted, the factual issue raised by Amazon is not properly before the Court and the document cannot, therefore, be a judicial document.

4.      Item No. 4 relates to a billing issue with a GateGuard client and is used for the misleading purpose of attempting to frame a true statement about Amazon as a disparaging comment that would disqualify GateGuard as a class representative. The allegedly false statement occupies only one line from a two-page email exchange, the bulk of which has nothing to do with any alleged disparagement and thus cannot be a "judicial document." Again, had Amazon met and conferred in a timely manner, the parties could have discussed the scope of the document needed by Amazon to make its misleading point. Also, this document raises a factual issue inappropriate, as noted, for judicial resolution at this stage of the proceedings.

5.      Item No. 5 attempts to argue that communications with a reporter about conduct that is the subject of the litigation somehow constitutes a "personal vendetta" of the kind that could disqualify a party from serving as a class representative. *See Kamerman v. Ockap Corp.*, 112 F.R.D. 195, 197 (S.D.N.Y. 1986); *Norman v. Arcs Equities Corp.,* 72 F.R.D. 502, 506 (S.D.N.Y.1976). Amazon's point is a stretch, to put it mildly. However, it is also irrelevant, since GateGuard has not yet made a motion for class certification.

6.      Item 6 above is not referenced in Amazon's brief and is thus obviously not a judicial record. Amazon should withdraw the document from the record.

7.      Item No. 7 above contains GateGuard's 2019 Terms and Conditions, which Amazon tendentiously describes as "highly atypical and unenforceable." Mot. Dismiss at 22. However, Amazon does not explain why or how GateGuard's 2019 Terms and Conditions are relevant to a putative class action brought today, when GateGuard has been operating under Terms and Conditions revised as of July 7, 2020. *See* https://gateguard.xyz/legal/terms.php. In addition, the Court cannot possibly determine what is "highly atypical" at the Motion to Dismiss stage. Once again, Amazon has introduced a document not relevant at this stage in the proceedings and that cannot be a "judicial document."

Notwithstanding the foregoing, even if the Court determines that any of the above documents, or any portion thereof, are "judicial documents," they should still remain sealed because they constitute business communications with third parties that merit confidential treatment. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) ("the defendants' interest in maintaining the confidentiality of the information appears to outweigh any public interest in disclosure. Defendants have demonstrated that the New Redactions contain confidential information concerning an agreement with a non-party entity and that the interests of defendants and the non-party entity in maintaining the confidentiality of the information appear to outweigh the public interest in access to the judicial documents (referencing *Alexander Interactive, Inc. v. Adorama, Inc.,* 12 Civ. 6608 (PKC) (JCF), 2014 WL 4346174 at *2 (S.D.N.Y. Sept. 2, 2014) (allowing documents containing confidential information concerning the business relationship between defendant and a non-party entity to be filed under seal).

Applying these principles here: Item No. 1 contains confidential pricing information and confidential information relating to a proposed transaction that can be appropriately sealed. *Sohm v. Scholastic, Inc*., No. 16-CV-7098 (JPO), 2017 WL 11812251, at *1 (S.D.N.Y. Aug. 15, 2017) (finding that interest in protecting confidential pricing information outweighs right of public access). Item No. 2 contains confidential pricing information and obviously reflects an attempt to resolve a dispute, which should be treated confidentially in any event. Item No. 4 relates to a billing dispute and contains confidential pricing information. Item No. 7 contains confidential pricing and email information that should remain private. Items 3 and 5 are not properly before the Court at this stage and should be disregarded.

In sum, the documents Amazon has submitted are irrelevant at this stage and/or contain confidential business information. Accordingly, the documents discussed should remain under seal. However, because the appreciation of the documents may depend on further briefing from the parties, including GateGuard's forthcoming opposition to Amazon's Mot. Dismiss, the Court may wish to defer ruling on the sealing of the documents until a full record has been developed and the Court is in a better position to assess the relevance and appropriate status of the documents submitted. Should the Court adopt this approach, GateGuard respectfully requests that any decision on unsealing occur at the time of, or after, the Court's decision on the merits of Amazon's motion.

I thank the Court for its consideration and attention to this matter.

Respectfully submitted,

*Eden P. Quainton*
Eden P. Quainton

cc: All counsel of record (via ECF)