UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.

    *Plaintiff*,

v.        Civil Action No. 21-cv-9321 (JGK) (VF)

AMAZON.COM, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC.

    *Defendants*.

I, Eden P. Quainton, swear under penalty of perjury that the following is true and correct:

1. I am counsel for Plaintiff GateGuard, Inc. ("GateGuard" or "Plaintiff").

2.     .

3. The General Counsel for the real estate company for which Mr. Tiburcio works stated to me that the property manager was unaware of any Key for Business ever being installed.

4. I was contacted on an unsolicited basis by a multi-family property owner in California who had discovered the installation of the Amazon Key without his authorization and the resulting disabling of the building's door strike.

5. Another significant property owner in New York with 32 multi-family residential buildings stated to me that the Amazon Key caused the amplifiers at the buildings where it was installed to "blow out" and disable the buildings' intercom.

1

6.

7. After the Court granted GateGuard's motion for leave to file a Second Amended Complaint, I contacted Anne Champion at Gibson, Dunn to discuss whether Amazon would be interested in seeking to mediate its dispute with GateGuard. Ms. Champion responded positively and on July 22, 2024, the parties submitted a joint letter motion to stay all discovery deadlines during the pendency of the mediation.

8. In the wake of Judge Figueredo's decision, the parties met and conferred, and agreed to mediate the dispute to assess whether a resolution was possible before substantial new costs were incurred in litigating the SAC, which would take the litigation to a whole new level.

9. Accordingly, the parties sought a stay of discovery, Dkt. 213, and agreed to mediate the dispute before Judge Henry Pittman of JAMS.

10. The mediation is scheduled for November 12, 2024.

11. Set forth as Exhibit A hereto is a true and accurate copy of extracts from the Deposition of Alex Aguilar, dated December 19, 2023.

12. Set forth as Exhibit B hereto is a true and accurate copy of extracts from the Deposition of Paul Donovan, dated December 15, 2023.

13. Set forth as Exhibit C hereto is a third-party agreement with a Key customer.

14. Set forth as Exhibit D hereto is a true and accurate copy of extracts from the Deposition of Gerry Nievera, dated January 26, 2024.

15. Set forth as Exhibit E hereto is a true and accurate copy of extracts from the Deposition of Odalis Tiburcio, dated January 30, 204.

16. During discovery, GateGuard learned that Goldmont had consented to the installation of the Amazon Key so it is obvious it would not be a class member. On July 22, 2024, the Court inquired whether the parties desired to maintain the hearing on GateGuard's outstanding motion for discovery sanctions relating to Amazon's alleged spoliation of evidence.

17.

Dated: New York, NY
       November 7, 2024

*Eden P. Quainton*
EDEN P. QUAINTON