**EDEN P. QUAINTON**
**QUAINTON LAW, PLLC**
2 PARK AVE., 20TH FL.
NEW YORK, NY 10016
245 NASSAU ST.
PRINCETON, NJ 08540

TELEPHONE (212) 419-0575, (609) 356-0526
CELL: (202) 360-6296
EDEN.QUAINTON@QUAINTONLAW.NET

November 7, 2024

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**APPLICATION GRANTED**
**SO ORDERED**

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
11/8/24

Re: *GateGuard, Inc. v. Amazon.com, Inc. et al., 21-cv-9321 –*
*Letter Motion for Permission to File Opposition, Exhibit and Declaration Under Seal*

    I represent the Plaintiff, GateGuard, Inc., in the above-captioned action. Pursuant to Rule V(A)(2) of your Honor's Individual Practices (the "Individual Practivces"), Plaintiff respectfully requests the Court's permission to file an unredacted version of its opposition to Amazon's Motion to Dismiss, Dkt. 239, an Exhibit thereto, and the Declaration of counsel under seal.

    While there is a presumption that the public and the press have a qualified First Amendment right to access judicial documents, the presumption may be overcome and sealing allowed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation and quotation marks omitted). In the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as "the protection of sensitive, competitive, or proprietary business information." *W.J. Deutsch & Sons Ltd. v. Zamora*, 1:21-cv-11003-LTS, at *3 (S.D.N.Y. Mar. 25, 2022).

    Certain documents received in discovery were labelled "Privileged and Confidential." While GateGuard believes this information should be publicly available, the documents in question contain confidential business information of Amazon. Courts will seal "business information that might harm a litigant's competitive standing in the market." *New York v. Actavis, PLC*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). For example, courts will commonly grant a company's request for sealing of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" when disclosure of that information could "provide competitors with an unearned advantage." *SEC v. Telegram Grp. Inc.*, No. 19-CV-9439-PKC, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). *See also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information,

pricing information, and the like satisfy the sealing standard.") (citation omitted). Sealing is also warranted if the business information would likely qualify as a trade secret. *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Although a business's information need not be a 'true' trade secret in order to warrant [sealing] . . . trade secret law is instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny.") (internal citation omitted). The information contained in the responses describes trade secrets that must be maintained confidential to protect Plaintiff's rights. Defendants have also sought to seal their filing of Plaintiff's alleged trade secrets.

For the foregoing reasons, Plaintiff respectfully requests that it be permitted to file its response its Opposition to Amazon's Motion to Dismiss, an Exhibit thereto and the Declaration of counsel, which either contain or reference the confidential business information, under seal, with a redacted version of the documents being placed on the public docket. Amazon has been advised of Section V(A)(2) of the Individual Practices.

Respectfully submitted,

*Eden P. Quainton*
Eden P. Quainton

cc: All counsel of record (via ECF)

2