# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
Fax: +1 212.817.9586
DSalant@gibsondunn.com

November 12, 2024

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   *GateGuard, Inc. v. Amazon.com, Inc.*, No. 21 Civ. 9321 (JGK) (VF)

Dear Judge Koeltl:

Pursuant to Rule VI.A. of the Court's Individual Practices, Amazon respectfully submits this letter-motion for permanent sealing of two documents that GateGuard filed as exhibits to its opposition to Amazon's recent motion to dismiss, to deny class certification, and to strike class allegations, and for the redaction of a reference to one of these documents in GateGuard's accompanying attorney declaration. Otherwise, Amazon has no objection to the public filing of the balance of GateGuard's opposition papers.

*First*, Amazon requests that the document that GateGuard filed as "Exhibit Third-Party Agreement" be sealed. ECF No. 256-1. This document is a confidential contract between Amazon and a third-party business partner, reflecting nonpublic terms of a business agreement between Amazon and the third-party.

*Second*, Amazon requests the redaction of paragraph two of the declaration of Eden P. Quainton in support of GateGuard's opposition to Amazon's motion, to the extent it identifies the third party discussed above. ECF No. 256 ¶ 2.

*Third*, Amazon requests that the excerpt of the deposition transcript of non-party Paul Southam be sealed. ECF No. 253-7. This testimony relates to the business relationship between Amazon and the third party ClearHome. The testimony includes confidential information about ClearHome's engagement with Amazon to provide services for Amazon, including for installations of Key for Business, and discusses confidential commercial terms. *Id.*

The presumption of public access to judicial documents is not absolute. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). To determine whether documents should be filed under seal, courts first "determine the weight of th[e] presumption" in favor of unsealing, and then "balance competing considerations against [the weight of that presumption]." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring

**GIBSON DUNN**

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
November 12, 2024
Page 2

the federal courts.'" *Id.* at 119 (alteration in original) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Where the court need not "reference or otherwise rely on" certain information to adjudicate the matter at hand, "the weight of any presumption [of public access] is limited." *In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x 247 (2d Cir. 2019). Courts may also deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

The agreement that GateGuard filed as "Exhibit Third-Party Agreement," ECF No. 256-1, the reference to that agreement in Mr. Quainton's declaration, ECF No. 256 ¶ 2, and the excerpt of the transcript of Mr. Southam's deposition, ECF No. 253-7, should be permanently sealed. The terms of the agreements between Amazon and those third parties, the manner in which the parties have performed under those agreements, and the business strategies reflected in those agreements are confidential business information, the disclosure of which risks harm to Amazon's business vis-à-vis disclosure to its competitors or future counterparties. "[C]ourts in this District regularly seal documents that might disclose confidential business information," *Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*, 2023 WL 8720150, at *4 (S.D.N.Y. Dec. 18, 2023), and "[e]xposure to its competitors" of a party's confidential business strategy is a "competitive injury . . . sufficiently serious to warrant protection," *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (collecting cases).

The details of Amazon's commercial agreements are held confidential in the ordinary course of Amazon's business and the public disclosure of the information could prejudice Amazon and its counterparty by permitting competitors to exploit its terms, replicate the business strategy, or target opportunities that Amazon and the counterparties are pursuing. The information reflected in the excerpt of Mr. Southam's deposition transcript is similarly sensitive business information that could be exploited by Amazon and/or ClearHome's competitors. Moreover, it is unclear if GateGuard sought or obtained the sealing positions of these third parties.

There is no countervailing public access interest to this information because the identity of the counterparty to the Exhibit Third-Party Agreement, and the terms of Amazon's agreements with that third-party and with ClearHome are not central to the resolution of Amazon's motion. *See Lugosch*, 435 F.3d at 119. Amazon and its counterparties' interests in the confidentiality of the strategic, confidential, and business information reflected in these documents therefore outweighs any "weak presumption of access for that information given the limited role [it] will play in the Court's adjudication of the pending motions." *City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at *5 (S.D.N.Y. Feb. 23, 2022); *see also In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6; *Amodeo*, 71 F.3d at 1052 ("[T]he presumption [of public access] is weak" where the information "bears only a marginal relationship to the performance of Article III functions.").

# GIBSON DUNN

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
November 12, 2024
Page 3

  We thank the Court for its consideration.

Respectfully submitted,

*/s/ David Salant*
David Salant


CC: All counsel of record (via ECF)