UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GATEGUARD, INC.,

                        Plaintiff,

      v.

AMAZON.COM, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC.,
RING LLC,

                        Defendants.

No. 21 Civ. 9321 (JGK) (VF)

---

**DECLARATION OF ANNE CHAMPION IN SUPPORT OF AMAZON'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS,
TO DENY CLASS CERTIFICATION, AND TO STRIKE CLASS ALLEGATIONS**

I, Anne Champion, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Logistics, Inc., and Ring LLC (collectively, "Amazon") in the above-captioned matter. I make this declaration in support of Amazon's Motion to Dismiss, to Deny Class Certification, and to Strike Class Allegations. I have personal knowledge of the matters set forth herein.

2. Amazon filed Dkt. 204-1 on July 8, 2024 in connection with its response to GateGuard's June 28, 2024 letter in further support of its motion for leave to amend, Dkt. 197. The document filed as Dkt. 204-1 was produced by GateGuard to Amazon on June 28, 2024 without Bates numbering in a production GateGuard labeled "NDA and Design Production."

When GateGuard requested to reopen fact discovery, it stated to Judge Figueredo that the production would include "designs and drawings to the GateGuard intercom." Dkt. 146 at 1. GateGuard produced this document pursuant to the Court's order permitting it to make a further production. GateGuard does not appear to have designated the document confidential. Pursuant to the protective order, Amazon filed the document provisionally under seal, Dkt. 203, and Judge Figueredo ordered GateGuard to move to seal it no later than July 24, 2024. Dkt. 205. However, GateGuard never moved to seal the document. GateGuard has thus waived any claim of confidentiality it has as to this document. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 138–39, 141–45 (2d Cir. 2016) (affirming unsealing of provisionally sealed complaint where parties failed to move for permanent sealing within court-ordered 14-day period, notwithstanding objections surrounding disclosure of confidential information); *In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action.") (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)); *Alcon Vision LLC v. Lens.com*, 2020 WL 3791865, at *7 (E.D.N.Y. Jul. 7, 2020) (unsealing provisionally sealed documents where "no party . . . sought to keep those . . . documents under seal"). The document should be unsealed by the clerk and filed publicly on the docket. The technical design drawing in this document appears to contain GateGuard's alleged trade secrets. GateGuard has not taken "measures to safeguard the secrecy" of information. *24 Seven, LLC v. Martinez*, 2021 WL 276654, at *8 (S.D.N.Y. Jan. 26, 2021).[1]

---

[1] The document filed as Dkt. 204-1 is the same document later filed as Dkt. 240-22. Amazon filed Dkt. 240-22 provisionally under seal in connection with Amazon's Motion to Dismiss, to

*(Cont'd on next page)*

3.      Attached hereto as **Exhibit 1** is a true and correct copy of an ███████████████, produced by GateGuard to Amazon with the Bates range GG0066449 through GG066454.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of an ███████████████, produced by GateGuard to Amazon with the Bates range GG059772 through GG059780.

5.      Attached hereto as **Exhibit 3** is a true and correct excerpt of the certified transcript of the deposition of David Taxman, taken on January 19, 2024.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of U.S. Patent No. 10,142,597 B2, filed by Defendant Ring LLC, with the U.S. Patent and Trademark Office ("USPTO") on December 12, 2017, and published publicly by the USPTO on November 27, 2018. The patent application describes a "device for communicating including a housing including a camera, a microphone, a speaker, a button, a battery, a sensor, non-volatile memory, a processor, and a wireless communication module, wherein the non-volatile memory stores code operable by the processor for switching the processor from low-power mode to active mode in response to an activation trigger, receiving, from the one of the microphone and the camera, outbound audio and video signals, then sending a signal to a server via the wireless communications module during active mode, the signal including one or more of an alert signal, a signal based on the outbound audio signal, and a signal based on the outbound video signal, receiving from the server an inbound audio signal and outputting a signal based on the inbound audio signal via the speaker, and

---

Deny Class Certification, and to Strike Class Allegations. *See* Dkt. 238. However, GateGuard did not move to seal this version either. *See* Dkt. 248 at 3.

switching the processor from active mode to low-power mode in response to a deactivation trigger." Ex. 4 at 1. The patent application further describes the invention's "BACKGROUND" as, "Home safety is a concern for many homeowners and renters. Those seeking to protect or monitor their homes often wish to have video and audio communications with visitors, for example, those visiting an external door or entryway. Existing wireless intercom systems require installation and configuration of multiple devices placed throughout the home that must operate together. Wireless intercom systems that use Wi-Fi communication require hard wiring to a power source and are thereby limited in placement. Therefore, it may be desirable to have a door monitor that may operate independently and consumes reduced energy." *Id.* at 46. The patent application further describes in detail the "transmission of data to and from Wireless Communication Device to a Smart Device," which "process may be initiated when the Visitor [ ] presses Button [ ] of Wireless Communication Doorbell. . . . Once the Button [ ] is pressed, User [ ] receives a notification on their Smart Device. . . . User [ ] is presented with an Accept/Deny Prompt [ ] on Application [ ] installed on Smart Device. [ ] User [ ] then has the ability to accept or deny the request from Visitor [ ] on Smart Device." *Id.* at 53–54.

7. Attached hereto as **Exhibit 5** is a true and correct copy of U.S. Patent No. 10,217,331 B2, filed by Defendant Ring LLC, with the USPTO on July 10, 2017, and published publicly by the USPTO on February 26, 2019. The patent application describes a "communication device that may be removably coupled to a USB port, the device having a processor and non-volatile memory and configured to execute code, including code for receiving a wireless transmission including an alert signal from a second device, where the second device is a wireless doorbell, code for sounding an alarm via an audio or visual indicator on the communication device in response to the alert signal, code for receiving input from a user and transmitting a response

4

signal to the second device, and code for allowing two-way audio communication between the communication device and the wireless doorbell." Ex. 5 at 1. The patent application further describes the "BACKGROUND OF THE INVENTION" as, "Recent advancements in intercom technology and the rapid development of microcomputer industry have allowed users to access numerous household functions remotely. Specifically there are various types of Wireless Doorbell Chimes available in the market that may be accessed from multiple access points such as portable interfaces and smart devices etc. In addition to the advancement of intercom technology, wireless communication chips may be packaged into smaller configurations saving space without affecting their processing ability. As building upon the aforesaid advancements we have developed a USB Doorbell Dongle that not only can store data but also it may work as a USB wireless Controller for a wireless doorbell chime." *Id.* at 10.

8. Attached hereto as **Exhibit 6** is a true and correct copy of U.S. Patent No. 10,270,971 B2, filed by Defendant Ring LLC, with the USPTO on October 10, 2017, and published publicly by the USPTO on April 23, 2019. The patent application describes an "audio/visual (AV) recording and communication door-bell, including a camera, a speaker, a microphone, a power manager, a battery, an AC/DC rectifier, and a DC/DC converter. The doorbell is configured for connected to an external AC power source through the AC/DC rectifier and the DC/DC converter. The power manager is configured to draw power, up to a threshold power, from the AC power source and to draw supplemental power from the battery such that the power drawn from the AC power source never exceeds the threshold power. *The present A/V recording and communication doorbell can thus be connected to an existing household AC power supply and an existing doorbell signaling device without causing* inadvertent sounding of the signaling device." Ex. 6 at 1 (emphasis added). The patent application further describes the

invention's "BACKGROUND" as, "Home safety is a concern for many homeowners and renters. Those seeking to protect or monitor their homes often wish to have video and audio communications with visitors, for example, those visiting an external door or entryway. Audio/Video (A/V) recording and communication doorbell systems provide this functionality, and can also aid in crime detection and prevention. For example, audio and/or video captured by an A/V recording and communication doorbell can be uploaded to the cloud and recorded on a remote server. Subsequent review of the A/V footage can aid law enforcement in capturing perpetrators of home burglaries and other crimes. Further, the presence of an A/V recording and communication doorbell at the entrance to a home acts as a powerful deterrent against would-be burglars." *Id.* at 27. The patent application further describes in detail the process by which the "client-server model" may trigger a "request" to the "user client's device [ ] through the user's network," whereby "the audio and/or video data is transmitted (streamed) from the A/V recording and communication device [ ] to the user's client device," at which point "the user may receive a notification on his or her client device [ ] with a prompt to either accept or decline the call." *Id.* at 33.

9. Attached hereto as **Exhibit 7** is a true and correct copy of U.S. Patent No. 10,593,173 B2, filed by Defendant Ring LLC, with the USPTO on May 30, 2018, and published publicly by the USPTO on March 17, 2020. The patent application describes "[t]echniques . . . to detect and/or deter parcel theft based at least in part on predicted parcel delivery times. . . . An audio/video recording and communication device installed at the delivery address is operated in a parcel protect mode in which the audio/video recording and communication device is configured to be used to detect one or both of delivery of the parcel to the delivery address and removal of the parcel from the delivery address." Ex. 7 at 1. The patent application further states that "User

Receives Notification on Client Device with Prompt to Accept or Deny Call," after which, if the user accepts the call, "User Communicates with Visitor Through User's Client Device with Streaming Audio and/or Video." *Id.* at 3.

10. Attached hereto as **Exhibit 8** is a true and correct copy of an ████████████████████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000005 through AMZN_0000008.

11. Attached hereto as **Exhibit 9** is a true and correct copy of a ████████████████████████████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000485 through AMZN_0000487.

12. Attached hereto as **Exhibit 10** is a true and correct excerpt of a ████████████████████████████████████████████████████████, *see id.* at 34–36, produced by Amazon to GateGuard with the Bates range AMZN_0001419 through AMZN_0001419.

13. Attached hereto as **Exhibit 11** is a true and correct excerpt of a ████████████████████████████████████████████████████████████, *see id.* at 16–25, produced by Amazon to GateGuard with the Bates range AMZN_0002205 through AMZN_0002205.

14. Attached hereto as **Exhibit 12** is a true and correct copy of an ████████████████████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000010 through AMZN_0000010.

15. Attached hereto as **Exhibit 13** is a true and correct copy of an ████████████████████████████████████████████████████████,

produced by Amazon to GateGuard with the Bates range AMZN_0000004 through AMZN_0000004.

16. Attached hereto as **Exhibit 14** is a true and correct copy of an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, produced by Amazon to GateGuard with the Bates range AMZN_0000009 through AMZN_0000009.

17. Attached hereto as **Exhibit 15** is a true and correct copy of an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, produced by Amazon to GateGuard with the Bates range AMZN_0000043 through AMZN_0000044.

18. Attached hereto as **Exhibit 16** is a true and correct copy of an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, produced by Amazon to GateGuard with the Bates range AMZN_0000039 through AMZN_0000040.

19. Attached hereto as **Exhibit 17** is a true and correct copy of an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, produced by Amazon to GateGuard with the Bates range AMZN_0000391 through AMZN_0000392.

20. Attached hereto as **Exhibit 18** is a true and correct copy of an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, produced by Amazon to GateGuard with the Bates range AMZN_0000034 through AMZN_0000034.

21. Attached hereto as **Exhibit 19** is a true and correct copy of a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, produced by Amazon to GateGuard with the Bates range AMZN_0000490 through AMZN_0000492.

22. Attached hereto as **Exhibit 20** is a true and correct copy of an ███████████ ███████████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000031 through AMZN_0000031.

23. Attached hereto as **Exhibit 21** is a true and correct copy of a ███████ ████████████████████████████████████████████████████████████████ ████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000482 through AMZN_0000484.

24. Attached hereto as **Exhibit 22** is a true and correct copy of an ███████████ ███████████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000041 through AMZN_0000042.

25. Attached hereto as **Exhibit 23** is a true and correct copy of an ███████████ ███████████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000514 through AMZN_0000515.

26. Attached hereto as **Exhibit 24** is a true and correct copy of a ████████ ████████████████████████████████████████████████████████████████ ██████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000470 through AMZN_0000472.

27. Attached hereto as **Exhibit 25** is a true and correct copy of a ████████ ████████████████████████████████████████████████████████████████ ██████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000465 through AMZN_0000466.

28. Attached hereto as **Exhibit 26** is a true and correct copy of a ███████████ ███████████████████████████████████████████████

██████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000473 through AMZN_0000475.

29. Attached hereto as **Exhibit 27** is a true and correct copy of a ██████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000467 through AMZN_0000469.

30. Attached hereto as **Exhibit 28** is a true and correct copy of a ██████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000488 through AMZN_0000489.

31. Attached hereto as **Exhibit 29** is a true and correct copy of a ██████████ ████████████████████████████████████████████████████████████ █████████████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000437 through AMZN_0000439.

32. Attached hereto as **Exhibit 30** is a true and correct copy of a ██████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000418 through AMZN_0000420.

33. Attached hereto as **Exhibit 31** is a true and correct copy of an ██████████ ██████████████████████████████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000416 through AMZN_0000417.

34. Attached hereto as **Exhibit 32** is a true and correct copy of a ██████████ ██████████████████████████████████████

███████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000401 through AMZN_0000403.

35. Exhibit 33 has been intentionally omitted.

36. Attached hereto as **Exhibit 34** is a true and correct copy of an ██████████ ███████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000036 through AMZN_0000037.

37. Attached hereto as **Exhibit 35** is a true and correct copy of an ██████████ ███████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000514 through AMZN_0000515.

38. Attached hereto as **Exhibit 36** is a true and correct copy of an ██████████ ███████████████████████████████████████████, produced by Amazon to GateGuard with the Bates range AMZN_0000032 through AMZN_0000033.

39. Attached hereto as **Exhibit 37** is a true and correct excerpt of the certified transcript of the deposition of Odalis Tiburcio, taken on January 30, 2024.

40. Attached hereto as **Exhibit 38** is a true and correct excerpt of the certified transcript of the deposition of Ramon Rodriguez, taken on January 30, 2024.

41. Attached hereto as **Exhibit 39** is a true and correct copy of an ██████████ ███████████████████████████████████████████, produced by GateGuard to Amazon with the Bates range GG007380 through GG007380.

42. Attached hereto as **Exhibit 40** is a true and correct copy of the transcript of trial proceedings in *United States v. Teman*, No. 19 Cr. 00696 (PAE), Dkt. 105. Amazon respectfully requests that the Court take judicial notice of public court records such as this transcript reflecting

11

the sworn testimony in the criminal trial of GateGuard's founder and principal. *See* Fed. R. Evid. 201; *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005).

43. Attached hereto as **Exhibit 41** is a true and correct copy of an email dated November 6, 2024, from Ari Teman to Jeff Bezos (Amazon's founder and current Executive Chair), Andy Jassy (Amazon's President and CEO), Cullinan Williams, Anne Champion, Chris Belelieu, Eden Quainton, and Jonathan Gross.

44. Attached hereto as **Exhibit 42** is a true and correct copy of two emails dated November 13, 2024 from Ari Teman to Jeff Bezos (Amazon's founder and current Executive Chair), Andy Jassy (Amazon's President and CEO), Brad Ellis, Mark Wasco, and Eden Quainton.

45. Attached hereto as **Exhibit 43** is a true and correct copy of a spreadsheet entitled "ATTORNEYS EYES ONLY 2024-03-03-invoiceninja-REDACTED.csv," produced by GateGuard to Amazon on March 4, 2024.

46. Attached hereto as **Exhibit 44** is a true and correct copy of a spreadsheet entitled, "ATTORNEYS EYES ONLY Door_opens_per_device_with_unit_device_name-REDACTED.xlsx," produced by GateGuard to Amazon on March 4, 2024.

47. Attached hereto as **Exhibit 45** is a true and correct copy of a spreadsheet entitled "ATTORNEYS EYES ONLY Installed_devices_2024_03_03_20_40-REDACTED.xlsx," produced by GateGuard to Amazon on March 4, 2024.

48. The GateGuard device that GateGuard alleges that Amazon obtained ▮▮▮▮▮▮. Exhibits 43 & 44 are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████

████████████████████████████████████

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  
November 27, 2024

/s/ Anne Champion  
Anne Champion

13