# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Marc Aaron Takagaki
Direct: +1 212.351.4028
MTakagaki@gibsondunn.com

**APPLICATION GRANTED
SO ORDERED**

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.
11/29/24

November 27, 2024

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   *GateGuard, Inc. v. Amazon.com, Inc.*, No. 21 Civ. 9321 (JGK) (VF)

Dear Judge Koeltl:

Pursuant to Rule VI.A. of the Court's Individual Practices, Amazon respectfully submits this letter-motion to seal the following documents to be submitted in connection with Amazon's forthcoming reply memorandum in further support of its motion to dismiss, to deny class certification, and to strike class claims.

*First*, Amazon requests permission to file six documents produced by Plaintiff GateGuard—namely, Exhibits 1, 2, 39, and 43–45 to the accompanying declaration of Anne Champion ("Champion Declaration")—provisionally under seal. On November 26 and 27, 2024, the parties conferred via email and GateGuard asserted that these documents should be provisionally filed under seal. Accordingly, Amazon is filing these documents under seal in the first instance, so that GateGuard may have an opportunity to move for permanent sealing. For the same reason, Amazon requests leave to redact references to these documents from the publicly docketed versions of its reply memorandum of law and the Champion Declaration.

*Second*, Amazon requests permission to file Exhibits 8, 12–18, 20, 22, 23, 31, and 34–36 to the Champion Declaration under seal. These documents are installation agreements entered into by Amazon and building representatives agreeing to the terms of installation of the Key for Business device ("KfB"). These documents include the name, phone number, and an email address of the building representatives, and information about the building such as its number of units and whether there are keys to control the lock box at the building. They also include substantive terms of the agreement to install KfB at these locations. The Court granted sealing of similar installation agreements in ECF No. 244, and Amazon respectfully requests that these documents be sealed for the same reasons. Amazon is filing these documents on reply to disprove GateGuard's assertion on opposition that the evidence shows KfB installations were conducted without authorization.

*Third*, Amazon requests permission to file Exhibits 9, 19, 21, 24–30, and 32 to the Champion Declaration under seal. These documents are screen captures of pages from Amazon's internal Amazon Key Opportunity Portal database. These documents reflect information about Amazon's customer relationships and reveal how Amazon tracks and

**GIBSON DUNN**

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
November 27, 2024
Page 2

develops business with customers and third parties. They include information such as the person at each property who is Amazon's point of contact ("POC"), the POC's contact information, the source for generating the business, and other confidential information about Amazon's business relationships and strategies. Again, Amazon proffers these materials to disprove GateGuard's assertions about record evidence in this case.

*Fourth*, Amazon requests permission to file Exhibits 10 and 11 to the Champion Declaration under seal. These documents are excerpts of spreadsheets reflecting information about KfB installations, including names, dates, phone numbers, and physical addresses, obtained in connection with authorization to install KfB. They also reflect information about the third parties who sourced the business or conducted the installations. The Court permitted the sealing of a similar spreadsheet, *see* ECF No. 244 (granting motion to seal Salant Decl. Ex. 10), and Amazon respectfully requests that these documents be sealed for the same reasons. Once again, Amazon proffers these materials on reply to disprove GateGuard's assertions about record evidence in this case.

The presumption of public access to judicial documents is not absolute. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). To determine whether documents should be filed under seal, courts first "determine the weight of th[e] presumption" in favor of unsealing, and then "balance competing considerations against [the weight of that presumption]." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* at 119 (alteration in original) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Where the court need not "reference or otherwise rely on" certain information to adjudicate the matter at hand, "the weight of any presumption [of public access] is limited." *In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x 247 (2d Cir. 2019). Courts may also deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

The installation agreements (Exhibits 8, 12–18, 20, 22, 23, 31, and 34–36), screen captures of pages from Amazon's internal Amazon Key Opportunity Portal database (Exhibits 9, 19, 21, 24–30, and 32), and excerpts of installation spreadsheets (Exhibits 10 and 11) should be sealed for two reasons. First, each of these documents contain personal, non-public information about buildings and their representatives, non-parties to this action. Second, the terms of Amazon's installation agreements are confidential business information, the disclosure of which risks harm to Amazon's strategy vis-à-vis its competitors. The same is true of the information in the Amazon Key Opportunity Portal database, which references Amazon's sources for generating business and Amazon's confidential business relationships, the disclosure of which risks harm to Amazon's business vis-à-vis disclosure to its competitors or future counterparties. "[C]ourts in this District regularly seal documents that might disclose

# GIBSON DUNN

The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
November 27, 2024
Page 3

confidential business information," *Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*, 2023 WL 8720150, at *4 (S.D.N.Y. Dec. 18, 2023), and "[e]xposure to its competitors" of a party's confidential business strategy is a "competitive injury . . . sufficiently serious to warrant protection," *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (collecting cases). Here, the terms of Amazon's installation agreements, and the information in the Amazon Key Opportunity Portal database and Amazon's installation spreadsheets are held confidential in the ordinary course of Amazon's business. The public disclosure of this information could prejudice Amazon by permitting competitors to target Amazon's customers or sources of business, copy Amazon's strategies, or exploit the terms of its agreements with customers or third parties.

There is no countervailing public access interest to this information because the personal information of the building representative, the number of units and security at the building, the identifies of Amazon's sources of business, and the details of Amazon's business relationships are not central to the resolution of Amazon's motion. *See Lugosch*, 435 F.3d at 119. Amazon's interest in the confidentiality this information therefore outweighs any "weak presumption of access for that information given the limited role [it] will play in the Court's adjudication of the pending motions." *City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at *5 (S.D.N.Y. Feb. 23, 2022); *see also In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *6; *Amodeo*, 71 F.3d at 1052 ("[T]he presumption [of public access] is weak" where the information "bears only a marginal relationship to the performance of Article III functions.").

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Marc Aaron Takagaki*
Marc Aaron Takagaki


CC: All counsel of record (via ECF)