UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GATEGUARD, INC.,

                                  Plaintiff,

          -against-

AMAZON.COM, INC. et al.,

                                  Defendants.
------------------------------------------------------------------X

21-CV-9321 (JGK) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       On December 5, 2024, Defendants moved to lift the provisional seal placed on two documents: (1) a device diagram at ECF No. 204-1, and (2) an unexecuted nondisclosure agreement between Plaintiff and a supplier in China at ECF No. 204-2. See ECF No. 271. On July 8, 2024, Defendants submitted a letter motion seeking to provisionally seal those documents at ECF Nos. 204-1 and 204-2, which Defendants had appended to a letter to the Court and had sought to provisionally seal because Plaintiff had marked the documents confidential under the protective order in the case. See ECF No. 203. On July 10, 2024, in response to Defendants' letter motion, the Court provisionally sealed the documents at ECF Nos. 204-1 and 204-2 until July 24, 2024, pending a showing by Plaintiff under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006), as to why the materials should remain under seal. See ECF No. 205. The Clerk of Court was directed to maintain the viewing restrictions on those documents until July 24, 2024. Id.

       Plaintiff never moved to permanently seal the documents at ECF Nos. 204-1 and 204-2, and the provisional seal was not lifted after July 24. Consequently, on December 5, Defendants moved to lift the provisional seal, because Plaintiff had failed to make the requisite showing under Lugosch. See ECF No. 271. On December 6, 2024, Defendants also moved to unseal ECF

1

No. 240-22, which is the same design diagram that was previously filed at ECF No. 204-1. See ECF No. 273. Plaintiff opposed the requests. See ECF No. 272. For the reasons set forth herein, the motions to unseal ECF Nos. 204-1 and 240-22 are **DENIED**. The motion to unseal ECF No. 204-2 is **GRANTED** in part.

As an initial matter, Plaintiff should have submitted a letter prior to July 24, 2024, putting forth an adequate basis for sealing the design diagram at ECF No. 204-1. The provisional seal was granted because Defendants sought sealing based solely on the confidential designation of that document pursuant to the protective order, which standing alone is not a proper basis for permanently sealing a document. See, e.g., Douglas v. City of Peekskill, No. 21 Civ. 10644 (KMK) (VR), 2024 WL 3597036, at *3 (S.D.N.Y. July 30, 2024) ("Courts in this Circuit have recognized that a Court's decision to seal documents does not depend solely on their designation under the parties' protective order, but also on the Court's independent assessment of competing interests."); Dandong v. Pinnacle Performance Ltd., No. 10 Civ. 8086 (JMF), 2012 WL 6217646, at *2 ("Consent of the parties [in a Protective Order or Confidentiality Order] is not a valid basis to justify sealing, as 'the rights involved are the rights of the public.'") (quoting Vasquez v. City of N.Y., No. 10 Civ. 6277 (LBS), 2012 WL 4377774, at *3 (S.D.N.Y. Sept. 24, 2012)). Plaintiff now claims that the document at ECF No. 204-1 is a "device diagram" and Defendants previously explained that the drawing was of the design of Plaintiff's intercom, created by a third-party manufacturing company. See ECF No. 272 at 2; ECF No. 204 at 2. Sealing of such documents is appropriate, even if the document is not a judicial document. See Uni-Sys., LLC v. U.S. Tennis Ass'n, No. 17 Civ. 147 (KAM) (CLP), 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019) (granting sealing request for exhibit containing "drawings and written description of designs" because it fell "within the scope of protected trade secrets"); see also Standard v. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 621 F. Supp. 2d 55, 62 (S.D.N.Y. 2007) ("If the documents are not judicial, then there is no presumption of public access.").

Turning to the nondisclosure agreement at ECF No. 204-2, the agreement was not executed (see ECF No. 204 at 2) and identifies one of Plaintiff's Chinese suppliers (see ECF No. 272 at 2). Although Plaintiff argues that sealing of the identity of a supplier is appropriate (id.), Plaintiff does not explain why redacting the supplier's name is not sufficient, particularly given that the agreement was never executed. See Lugosch, 435 F.3d at 124 (explaining that a sealing request must be narrowly tailored); see also Bristol-Meyers Squibb Co. v. Novartis Pharma AG, No. 22 Misc. 124 (PGG), 2022 WL 1443319, at *2 (S.D.N.Y. May 6, 2022) (denying sealing request where "[p]etitioner . . . made no effort to present a 'narrowly tailored' sealing request"). As such, with regards to the document at ECF No. 204-2, the request to unseal is granted and Plaintiff is directed to file a redacted copy of the agreement on the docket by **Friday, December 27, 2024.**

The Clerk of Court is respectfully directed to maintain the viewing restrictions on ECF Nos. 204-1, 204-2, and 240-22. The Clerk of Court is also respectfully directed to terminate the motions at ECF Nos. 271 and 273.

**SO ORDERED.**

DATED:   December 13, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3