UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.,

Plaintiff,

v.                                                              Case No. 21 Civ. 9321 (JGK) (VF)

AMAZON.COM, INC., et al.,

Defendants.

**MOTION OF NON-PARTY ARI TEMAN FOR PROTECTIVE ORDER, CLAWBACK OF PRIVILEGED MATERIALS, PRODUCTION OF DOCUMENTS TO THE PRIVILEGE HOLDER, AND TEMPORARY ADJOURNMENT**

Movant Ari Teman, appearing pro se, respectfully moves this Court for an order (1) declaring that no waiver of attorney-client privilege occurred with respect to certain documents produced during discovery in this matter, (2) directing Defendants to return or destroy privileged materials, (3) directing that the documents at issue be provided to Mr. Teman so that he may review and assert privilege over them, and (4) temporarily adjourning proceedings to permit such review.

**PRELIMINARY STATEMENT**

Defendants contend that certain documents produced during discovery constitute a waiver of attorney-client privilege. That assertion is incorrect.

Because the documents allegedly contain privileged communications belonging to Mr. Teman personally, he files this motion as the privilege holder.

The production at issue occurred while Movant Ari Teman was incarcerated  and unable to participate in the document review process. During that time, Mr. Teman had no ability to review documents, access files, communicate by email, or conduct video conferences with counsel regarding discovery matters. The production was conducted solely by attorney Eden P. Quainton.

At the time of the production, Mr. Teman was not serving as the Chief Executive Officer of GateGuard, Inc. and had no role in supervising or approving the document production.

The documents Defendants claim resulted in a waiver allegedly include attorney-client communications between Mr. Teman and Mr. Quainton unrelated to this civil action. Mr. Quainton also served as Mr. Teman's appellate counsel in the criminal case United States v. Teman, and certain communications therefore concern privileged criminal defense representation.

Mr. Teman never reviewed, authorized, or approved the disclosure of those communications.

Under Federal Rule of Evidence 502(b), inadvertent disclosure does not constitute waiver where reasonable steps are taken to rectify the error. Mr. Teman therefore respectfully requests that the Court order clawback of the materials and permit him to review the documents in order to properly assert privilege.

## BACKGROUND

This action involves claims asserted by GateGuard, Inc. against Amazon.com, Inc. and related defendants.

During discovery, documents were produced on behalf of GateGuard by attorney Eden P. Quainton.

At the time the production occurred, Mr. Teman was incarcerated and unable to participate in the document review process. He could not access the files, review the production, communicate by email with counsel, or conduct video meetings regarding discovery.

As a result, Mr. Teman had no opportunity to review the production or prevent the disclosure of privileged materials.

Defendants now claim that certain documents within that production resulted in a waiver of attorney-client privilege.

However, the production allegedly includes communications between Mr. Teman and Mr. Quainton relating to Mr. Teman's criminal appellate representation rather than the subject matter of this civil litigation.

Mr. Teman has never been provided copies of the documents Defendants claim resulted in a waiver.

Despite repeated email requests, including as recently as last week and this week, Mr. Quainton has declined to provide the documents.

## ARGUMENT

## I. MR. TEMAN HAS STANDING TO ASSERT AND PROTECT HIS ATTORNEY-CLIENT PRIVILEGE

The attorney-client privilege belongs to the client, not the attorney. Because the documents at issue allegedly contain communications between Mr. Teman and his attorney, Mr. Teman is the holder of the privilege and has standing to assert and protect that privilege.

Courts routinely permit non-parties to intervene or seek protective orders to prevent disclosure of their privileged communications.

Accordingly, Mr. Teman has standing to move this Court to prevent the use or disclosure of his privileged communications.

## II. NO WAIVER OCCURRED UNDER FEDERAL RULE OF EVIDENCE 502(b)

Federal Rule of Evidence 502(b) provides that disclosure of privileged material does not constitute waiver if:

(1) the disclosure was inadvertent,
(2) reasonable steps were taken to prevent disclosure, and
(3) reasonable steps are taken to rectify the error.

The circumstances here satisfy those requirements.

First, the disclosure was inadvertent. The production occurred without Mr. Teman's review or authorization while he was incarcerated and unable to supervise the discovery process.

Second, **GateGuard's discovery responses expressly stated that the inadvertent production of privileged material would not constitute a waiver of privilege.**

Third, Mr. Teman now promptly (having just been notified of this issue by new counsel for GateGuard, Fryman and Yeger) asserts privilege and seeks clawback of the documents once the alleged waiver was raised.

Courts in this District routinely preserve privilege where documents were produced during large productions without meaningful client participation.

## III. THE DOCUMENTS INCLUDE PRIVILEGED COMMUNICATIONS RELATING TO CRIMINAL DEFENSE REPRESENTATION

The documents at issue allegedly include communications between Mr. Teman and attorney Eden Quainton relating to Mr. Teman's criminal appellate representation in United States v. Teman.

Those communications may concern legal advice regarding a criminal matter and are therefore unrelated to the civil claims in this case.

Attorney-client privilege applies with particular force to criminal defense communications. Allowing an opposing party in unrelated civil litigation to retain and exploit such communications would undermine the purpose of the privilege.

Because Mr. Teman never authorized disclosure of those communications, their production cannot constitute a knowing or voluntary waiver.

## IV. RECEIVING COUNSEL HAS AN ETHICAL OBLIGATION TO FLAG INADVERTENTLY PRODUCED PRIVILEGED MATERIAL

Courts have long recognized that attorneys who receive materials that appear to contain privileged communications have an ethical obligation to address the issue promptly rather than exploit the disclosure.

Under Rule 4.4(b) of the New York Rules of Professional Conduct, a lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent must promptly notify the sender.

This principle reflects the broader expectation that inadvertent disclosures of privileged material should be addressed cooperatively and in a manner that protects the underlying privilege.

Here, the documents allegedly include communications between Mr. Teman and his criminal appellate counsel that are unrelated to the claims in this civil litigation. Communications of that nature would reasonably appear privileged on their face.

Under these circumstances, the appropriate course is to allow the privilege holder to review the materials and assert privilege, rather than treating the disclosure as a waiver.

This further supports the requested clawback and protective order.

## IV. TEMAN'S INACCESSIBILITY AND INABILITY TO VIEW DOCUMENTS OR PARTICIPATE FURTHER SUPPORTS THIS CLAWBACK

Even apart from the ethical considerations described above, the circumstances here independently satisfy Rule 502(b).

Courts in this District recognize that inadvertent disclosure during document productions does not automatically waive privilege, particularly where the disclosure occurred without meaningful client participation or review.

For example, in **Gruss v. Zwirn**, 276 F.R.D. 115 (S.D.N.Y. 2011), the court held that privilege should be preserved where disclosure occurred during large-scale document productions and the producing party acted promptly to assert privilege once the issue was discovered.

See also **SEC v. Yorkville Advisors**, LLC, 300 F.R.D. 152, 162 (S.D.N.Y. 2014) (holding that inadvertent disclosure during document production did not waive attorney-client privilege where the producing party acted promptly to assert the privilege and the circumstances showed no intent to waive).

Here, the circumstances are even stronger. The disclosure allegedly occurred while Mr. Teman was incarcerated and unable to review or supervise the document production. Unlike many discovery disputes involving inadvertent disclosure, the privilege holder himself had no opportunity to participate in the review process.

Waiver of attorney-client privilege must be knowing and voluntary, and courts are reluctant to find waiver where the privilege holder lacked any opportunity to review or authorize the disclosure.. **Because Mr. Teman was unable to review or authorize the production, any disclosure cannot constitute a knowing or voluntary waiver of privilege.**

Under these circumstances, treating the disclosure as a waiver would undermine the purpose of attorney-client privilege and would improperly penalize a client who had no ability to supervise the production.

## V. THE COURT SHOULD ORDER THAT THE DOCUMENTS BE PROVIDED TO MR. TEMAN FOR REVIEW

Mr. Teman has not been provided copies of the documents Defendants claim resulted in a waiver of privilege.

Without access to the documents, Mr. Teman cannot determine whether they contain privileged communications or whether they relate to matters unrelated to this litigation.

Former counsel Eden Quainton has refused to provide those documents to Mr. Teman. As a result, Mr. Teman cannot review the documents in order to determine whether they are privileged or unrelated to the present litigation.

Because the privilege belongs to Mr. Teman, he must be permitted to review the documents in order to properly assert privilege.

Accordingly, the Court should order that the documents at issue be promptly provided to Mr. Teman. Such production may be ordered from either:

1. Mr. Quainton, who conducted the original production; or
2. Defendants' counsel, Gibson, Dunn & Crutcher LLP, which currently possesses the materials.

## VI. A TEMPORARY ADJOURNMENT IS WARRANTED UNDER CURRENT CONDITIONS

Mr. Teman respectfully requests a temporary adjournment of approximately 45–60 days to allow him to review the documents and prepare appropriate submissions.

Mr. Teman is currently located in Tel Aviv, Israel, which is presently experiencing ongoing armed conflict and frequent missile alerts requiring civilians to seek immediate shelter. These alerts occur repeatedly during both daytime and nighttime hours, interrupting sleep and making sustained periods of work difficult.

For example, there have already been multiple missile alert sirens today requiring immediate sheltering. These repeated interruptions significantly limit the ability to maintain sustained periods of concentration necessary to review complex legal materials.

Public reporting indicates that these conditions may continue for several weeks. For example, a report in The Hill states that the Israel Defense Forces are planning for "at least three more weeks" of ongoing operations against Iran. See *IDF says it's planning for at least 3 more weeks of Iran operation*, The Hill (2026) ( https://thehill.com/policy/international/5785304-idf-at-least-3-more-weeks-iran-operation/ ).

Because Mr. Teman has not yet received the documents at issue and will require time to review them once they are produced, a temporary adjournment of approximately 45–60 days is reasonable.

Courts in this District routinely grant reasonable extensions where pro se litigants face circumstances that impair their ability to litigate effectively.

## CONCLUSION

For the foregoing reasons, Movant Ari Teman respectfully requests that the Court:

1. Declare that the production of privileged materials does not constitute a waiver of attorney-client privilege;

2. Order Defendants to immediately return or destroy any privileged documents within the production;

3. Prohibit Defendants from using or referencing such materials in this litigation;

4. Order former counsel Eden P. Quainton, or alternatively Defendants' counsel Gibson Dunn, to provide the documents at issue to Mr. Teman;

5. Adjourn proceedings and deadlines in this matter for approximately 45–60 days to allow conditions affecting civilian activity in Tel Aviv to stabilize so that Mr. Teman can meaningfully review the documents; and

6.  Grant such other relief as the Court deems just and proper.

Dated: March 18, 2026

   Respectfully submitted,

   Ari Teman
   Pro Se
   Tel Aviv, Israel

**CERTIFICATE OF SERVICE**

I, Ari Teman, certify that on March 18, 2026, I served a true and correct copy of the foregoing Motion of Non-Party Ari Teman for Protective Order, Clawback of Privileged Materials, Production of Documents to the Privilege Holder, and Temporary Adjournment upon all counsel of record in this matter.

Service was effected by filing the document through the Court's Electronic Case Filing ("ECF") system using the Court's Temporary Pro Se email filing procedure, which automatically provides notice to registered counsel of record.

In addition, a copy of the motion was served via electronic mail to counsel for Plaintiff and Defendants at the email addresses  listed for this case.

Dated: March 18, 2026
Tel Aviv, Israel

s/Ari Teman/

Ari Teman
Pro Se