UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.,

 Plaintiff,

– against –

AMAZON.COM, INC., AMAZON.COM SERVICES, INC.,

AMAZON.COM SERVICES, LLC, AMAZON LOGISTICS, INC.,

RING LLC,

 Defendants.

ARI TEMAN,

Intervenor-Plaintiff.

Case No. 21 Civ. 9321 (JGK) (VF)

**NOTICE OF MOTION FOR PRELIMINARY INJUNCTION**

**AND MOTION FOR PRELIMINARY INJUNCTION**

PLEASE TAKE NOTICE that Intervenor-Plaintiff Ari Teman, appearing pro se, hereby moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for an Order granting a preliminary injunction against Defendants as set forth below.

**MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION**

**I. IRREPARABLE HARM AND NEED FOR INJUNCTIVE RELIEF**

1. Defendants' conduct is ongoing and causes immediate and irreparable harm to Intervenor-Plaintiff Ari Teman as the owner of the Teman brand and designer of the GateGuard intercom system.

2. The Teman name appears prominently on each intercom device and serves as the source identifier for the system. Any malfunction, degradation, or failure of the devices is attributed directly to Intervenor-Plaintiff, resulting in loss of goodwill, reputational

1

harm, and damage to the integrity of the Teman brand. Such harm is continuous and cannot be adequately remedied by monetary damages.

3. In addition to reputational harm, Defendants' conduct causes ongoing physical and electrical interference with GateGuard systems.

4. Amazon Key for Business ("KfB") devices operate by connecting to existing intercom wiring and activating electrical relays to unlock doors. In buildings where GateGuard systems are installed, these relay activations necessarily send electrical signals through GateGuard-controlled circuits and hardware.

5. Intervenor-Plaintiff personally designed the GateGuard system architecture, including its power handling, power harness, wiring, signal pathways, and control circuitry between components, and personally sourced and spec'd every cable and board (wiring harness, USB, router, main, etc) that makes up the GateGuard intercom system.

6. GateGuard systems are engineered to operate within specific voltage and current tolerances, including low-voltage DC signaling and dry-contact relay control. The introduction of external electrical signals outside of those parameters—including but not limited to 16V AC, 24V AC, 24V DC, or other voltages—into circuits designed for lower-voltage DC operation can degrade or damage sensitive electronic components.

7. This damage is often cumulative rather than immediate. Repeated relay activations from KfB devices can introduce voltage irregularities, current spikes, or incompatible signaling into GateGuard systems, placing stress on internal components such as voltage regulators, relays, control boards, and communication modules. Over time, this results in progressive degradation and eventual failure of the intercom devices.

8. Because this type of damage does not always occur instantaneously, ongoing operation of KfB devices creates a continuing and compounding risk of harm to GateGuard systems and the Teman brand. Each activation of a KfB device in a building containing a GateGuard system constitutes a new instance of interference and a new risk of cumulative damage.

9.  Defendants do not reliably identify or verify the type of intercom system present in a building prior to installation or operation of KfB devices. Their installation network, which operates through multiple layers of third-party contractors and subcontractors, proceeds without confirming whether GateGuard systems are present or whether authorization has been obtained from the system owner.

10. As a result, Defendants cannot distinguish between buildings where their devices will interfere with GateGuard systems and those where they will not. Because of this inability to identify affected systems, any injunction limited solely to new installations or to specifically identified buildings would be ineffective to prevent ongoing harm.

11. Absent immediate injunctive relief, Defendants' continued operation of KfB devices will result in further degradation, failure, and reputational damage to Teman-branded systems across multiple buildings.

## II. REQUESTED INJUNCTION

12. Intervenor-Plaintiff respectfully requests that the Court issue a preliminary injunction enjoining Defendants, their officers, agents, employees, contractors, and all persons acting in concert with them, from:

1.  Operating, activating, or sending electrical signals through any Amazon Key for Business ("KfB") device installed in any residential building in cities where GateGuard is installed, where such operation may interact with existing intercom wiring or infrastructure; (New York, Miami, Miami Beach, Los Angeles, Philadelphia, etc.)

2.  Continuing operation of any existing KfB device until Defendants implement a reliable and mutually-agreed-upon method to identify buildings containing GateGuard systems and ensure that such devices do not electrically interfere with or damage those systems;

3

3. Installing any additional KfB devices in residential buildings without verified authorization from both (i) the property owner or authorized property manager (not a superintendent or site manager, who most often lack such authority) and (ii) the intercom system owner or operator;

4. Accessing, opening, modifying, or connecting to any intercom system, including Teman-branded GateGuard devices, without authorization;

5. Directing, permitting, or enabling any third-party contractor, subcontractor, or installer to misrepresent authorization to access or modify intercom systems;

6. Utilizing GateGuard networking infrastructure, including cellular routers or communication systems, without authorization; and

7. Engaging in any conduct that interferes with the operation, integrity, or performance of Teman-branded intercom systems.

## III. BASIS FOR RELIEF

13. Intervenor-Plaintiff satisfies all requirements for injunctive relief.

14. First, Intervenor-Plaintiff has demonstrated a likelihood of success on the merits, including claims for trespass, conversion, computer fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act.

15. Second, Intervenor-Plaintiff faces irreparable harm, including ongoing damage to the Teman brand, loss of goodwill, and continuing physical degradation of GateGuard systems caused by Defendants' conduct.

16. Third, the balance of equities strongly favors Intervenor-Plaintiff. Defendants face minimal hardship from being required to refrain from unauthorized interference with existing systems, whereas Intervenor-Plaintiff faces continuing harm that cannot be

4

repaired.

17. Fourth, the public interest favors protecting the integrity of residential building access systems and preventing unauthorized interference with critical infrastructure used for building security.

**CONCLUSION**

For the foregoing reasons, Intervenor-Plaintiff respectfully requests that the Court grant the requested preliminary injunction.

Dated: March 18, 2026

s/Ari Teman

Ari Teman
Tel Aviv, Israel

Mail: 1521 Alton Road #888, Miami Beach, FL 33139
781-718-3375 (m )

**DECLARATION OF ARI TEMAN**

I, Ari Teman, declare under penalty of perjury:

1.  I am the Intervenor-Plaintiff in this action and the founder of GateGuard, Inc.

2.  I am the creator, designer, and architect of the GateGuard intercom system, including its hardware, outer box, electrical design, wiring specifications, software, network, and communication systems.

3.  I have personal knowledge of the system's electrical architecture, including its voltage tolerances, signal pathways, and control mechanisms.

4.  GateGuard systems are designed to operate within specific electrical parameters, including low-voltage DC signaling and dry-contact relay interfaces.

5.  Based on my knowledge and experience designing and testing these systems, introducing external voltages—such as 16V AC, 24V AC, 24V DC, or similar signals—into circuits designed for lower-voltage DC operation can damage system components.

6.  Such damage is often cumulative and may not occur immediately. Repeated exposure to incompatible electrical signals can degrade components over time, eventually causing system failure.

7.  Amazon Key for Business devices operate by sending electrical signals through building intercom wiring. When connected to GateGuard systems, these signals necessarily pass through GateGuard-controlled circuits. They often include these mismatched voltages (16V AC, 24V AC, 24V DC, or similar signals) due to improper connections to lock power supplies, and often send these voltages to the GateGuard device wearing-out the devices either over time or destroying them instantly.

8.  In my expert opinion as the system's designer, continued operation of such devices presents a substantial risk of ongoing and irreversible damage to GateGuard systems.

9. Each activation of a KfB device in a building containing a GateGuard system creates a new risk of damage and contributes to cumulative degradation of the system.

10. The Teman brand appears prominently on these devices, and any failure is attributed to me as the brand owner, causing reputational harm that cannot be adequately compensated by money damages.

I affirm that the foregoing is true and correct to the best of my knowledge.

Dated: March 18, 2026

s/Ari Teman

Ari Teman

Tel Aviv, Israel

ari@teman.com

7

**CERTIFICATE OF SERVICE**

I, Ari Teman, hereby certify that on March 18, 2026, I caused a true and correct copy of the foregoing Motion for Preliminary Injunction, together with all supporting papers, to be served upon all counsel of record in this action via the Court's Electronic Case Filing ("ECF") system, via Temp Pro Se Email, which automatically sends notification of such filing to all registered users.

I further certify that, to the extent any party or counsel of record is not registered for ECF service, I caused a copy of the foregoing documents to be served via electronic mail to such party or counsel at their last known email address.

Dated: March 18, 2026

Respectfully submitted,

s/Ari Teman.

**Ari Teman**

Intervenor-Plaintiff, Pro Se

Tel Aviv, Israel