# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
DSalant@gibsondunn.com

March 26, 2026

**VIA ECF**

The Honorable Valerie Figueredo, U.S.M.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, NY 10007

Re:    *GateGuard, Inc. v. Amazon.com, Inc. et al.*, No. 21 Civ. 9321 (JGK) (VF)

Dear Judge Figueredo:

On behalf of Defendants in the above-captioned action ("Amazon"), we respectfully submit this response to Ari Teman's March 18, 2026 *pro se* motion for a protective order and to adjourn discovery deadlines (ECF No. 311).[1]  Mr. Teman's motion should be struck or denied.

*First*, Mr. Teman's filing should be struck because it seeks relief on behalf of GateGuard.  The deadline to produce privileged materials by March 30 is a requirement the Court imposed on GateGuard, not Mr. Teman.  "[A] corporation may litigate only through a duly licensed attorney," *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983), and "a layman may not represent a corporation even if the sole shareholder," *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008).  "[W]hen a person who is neither a party to a case nor a licensed lawyer makes a submission on behalf of a party, courts should strike that submission." *Floyd v. Mount Sinai Med. Ctr. Pers. Dir. (Linen Dep't)*, No. 04 Civ. 556 (NRB), 2006 WL 3230276, at *2 (S.D.N.Y. Nov. 8, 2006).  Any requested relief for GateGuard must be sought through counsel and subjected to the rules for ensuring its good-faith legal and evidentiary basis.  *See* Fed. R. Civ. P. 11.

---

[1]  On March 18–19, 2026, Mr. Teman filed three *pro se* motions: one seeking a protective order adjourning GateGuard's March 30 deadline to produce documents over which it had waived privilege (ECF No. 311); a second seeking to intervene as a *pro se* plaintiff in the action (ECF No. 312); and a third seeking a preliminary injunction (ECF No. 313).  On March 20, Judge Koeltl issued an order denying without prejudice Mr. Teman's motion for a preliminary injunction and scheduling briefing of Mr. Teman's motion to intervene.  ECF No. 314.  Judge Koeltl's March 20 order does not appear to address Mr. Teman's request for a protective order related to the privilege documents.  Furthermore, GateGuard has a March 30 deadline to produce the privileged materials, *see* ECF No. 304, and Judge Koeltl's March 20 scheduling order runs until May 15, 2026—a month and a half after that deadline.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · Riyadh · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

Hon. Valerie Figueredo, U.S.M.J.
March 26, 2026
Page 2

*Second*, Mr. Teman's new claim of privilege over GateGuard's documents is untimely. In 2024, the Court twice ruled that GateGuard had waived privilege over these documents based on its failure to produce a timely privilege log. ECF Nos. 155, 210. Judge Koeltl affirmed this decision on August 27, 2024. ECF No. 229. Mr. Teman is GateGuard's founder and owner. He and GateGuard's then-counsel had every opportunity to assert claims of privilege during fact discovery. Moreover, the parties stipulated to GateGuard's March 30 production deadline as recently as last month. That deadline was discussed and agreed during a February 11, 2026 status conference, ordered by the Court later that day, set out in a stipulated case management plan on February 26, and once more ordered by the Court on February 27. *See* ECF Nos. 304, 306, 307. Mr. Teman should not be permitted to upend an agreed schedule at the eleventh hour and further delay this case.

*Third*, Mr. Teman's new claim of privilege over GateGuard's documents is baseless. GateGuard withheld the at-issue documents on the basis that, while they were responsive to Amazon's discovery requests, they were purportedly protected by *GateGuard's* attorney-client privilege. Mr. Teman cannot claim his own personal legal privilege over these documents because they were in the possession of GateGuard during fact discovery, meaning that Mr. Teman had disclosed them to another party. *See In re Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973) ("[S]ubsequent disclosure to a third party by the party of a communication with his attorney eliminates whatever privilege the communication may have originally possessed, whether because disclosure is viewed as an indication that confidentiality is no longer intended or as a waiver of the privilege."). Mr. Teman's contention that the documents are wholly "unrelated to this civil action," ECF No. 311 at 1, conflicts with GateGuard's prior position that the documents are responsive but privileged. *Id.* at 3. And Mr. Teman's points about the substance of the documents cannot square with his assertion that he has never seen or reviewed them. *Id.* at 5. Finally, Mr. Teman's arguments concerning inadvertent disclosure and the need for a privilege clawback under Federal Rule of Evidence 502(d) are misplaced, because the documents have never been produced. *Id.* at 4. In sum, Mr. Teman does not assert any viable theory of privilege over the documents.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ David Salant*
David Salant

CC:  All counsel of record (via ECF)
     Mr. Ari Teman (via email)