UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

GATEGUARD, INC., :

:

Plaintiff, :

:

-against- :

:

AMAZON.COM, INC., et al., :

:

Defendants. :

------------------------------------------------------------X

Case No. 21 Civ. 9321 (JGK) (VF)

26 March, 2026

VIA TEMP_PRO_SE EMAIL TO ECF

The Honorable Valerie Figueredo, U.S.M.J.
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

**Re: GateGuard, Inc. v. Amazon.com, Inc., et al., No. 21 Civ. 9321 (JGK) (VF)**

Dear Judge Figueredo:

I, Ari Teman, respectfully submit this letter in response to Defendants' March 26, 2026 letter (ECF No. 315). I write **solely in my individual capacity** and do not purport to represent GateGuard, Inc.

This submission concerns what are potentially my personal attorney-client privileged materials, including materials relating to my criminal matter where Mr. Quainton represented me during appeals and post-trial motions, and other personal legal matters, and does not seek relief on behalf of GateGuard.

---

**I. Inadequate Representation and Lack of Participation**

Defendants assert that I "had every opportunity" to assert privilege. That assertion is incorrect, and they use artful language in an attempt to mislead the court.

From approximately October 2023 through May 2024, when this issue was motioned-on, I was incarcerated and was not in a position to supervise counsel, review discovery materials, or

participate in privilege determinations. I could not get emails, and there was a well-documented issue of attorney-client calls being denied. As a result, any purported waiver of privilege occurred without my knowledge, participation, or consent.

Moreover, during this same period, prior counsel appears to have been experiencing significant personal and health-related difficulties that materially impacted his ability to manage the representation. Based on my understanding, this included serious physical and mental health issues affecting both him and his immediate family, including hospitalizations and substantial impairment of his ability to function in his professional capacity. This condition appears to have worsened and impacted Mr. Quainton's stability to the point that his co-workers quit his firm, with Attorney Jonathan Gross conceding as such on a recorded call with me.

I do not raise these facts to assign blame, and I wish Mr. Quainton a full recovery, but to explain that, under these circumstances, my personal interests were not meaningfully represented or protected during the relevant discovery period.

The circumstances here demonstrate that my interests were not adequately represented. The burden to demonstrate inadequate representation for purposes of intervention is minimal. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972). Where an individual's personal rights diverge from those of a corporate party, intervention is appropriate. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001).

## II. Lack of Access to the Documents at Issue

Even today, I have not been provided access to the specific documents Defendants seek to compel.

Neither I, nor to my knowledge GateGuard or its current counsel, has been provided with or made aware of any such documents by prior counsel, including Eden Quainton.

Despite multiple requests, prior counsel Quainton has not provided these materials or clarified their existence or status, and has been uncooperative in replies to my request for them.

As a result, I cannot determine whether the referenced materials exist at all, whether they are privileged, or whether they are being accurately characterized.

Defendants, by contrast, indicate familiarity with these materials while opposing any effort by me to review them. Allowing Defendants to rely on materials that I have never been permitted to examine would create a fundamentally asymmetric and prejudicial process.

Fundamental fairness requires that a person be afforded notice and an opportunity to be heard before being deprived of legal rights. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

## III. Failure to Identify the Alleged Documents

Defendants assert that certain "documents have never been produced," but do so without identifying, describing, or providing any factual basis for that assertion.

If Defendants contend that such documents exist, they should be required to identify them with specificity, including Bates ranges, dates, authors, recipients, titles (if any), and the basis for any privilege claimed.

Absent such identification, Defendants' position rests on unspecified and *potentially nonexistent materials.*

Intervenor-Plaintiff does not concede that such documents exist, that they were ever provided to GateGuard, or that they are in any way related to GateGuard or to the claims and defenses in this case. I literally have no idea what documents these are, or if they even exist, or if they are from my personal case or GateGuards.

If these documents do exist, Defendants should be able to give *some way to identify them*.

---

## IV. Personal Privilege Distinct from GateGuard

This dispute very likely concerns my **personal** attorney-client privileged materials, including communications relating to criminal and other personal legal matters.

While a corporation controls its own privilege, see *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985), that principle does not extinguish an individual's separate attorney-client privilege over personal matters, particularly where the individual did not participate in or consent to any alleged waiver.

I do not seek to represent GateGuard or assert its rights. I seek only to protect my own independent privilege and legal interests.

---

## V. Necessity of Court Intervention

To the extent any such documents exist and are in the possession, custody, or control of prior counsel, a Court order is necessary to ensure that those materials are identified and produced.

I respectfully request that the Court order prior counsel to identify and produce any such materials to me and to GateGuard's current counsel, subject to any appropriate privilege protocol or protective order.

I further request a reasonable period of thirty (30) days following such production to review and assess the materials before any further action is taken.

This Court has broad discretion to supervise discovery and prevent unfair prejudice. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Under these circumstances, such supervision is necessary to ensure a fair and equitable process.

To the extent the Court determines that these issues exceed the scope of routine discovery and implicate independent personal rights, I respectfully request that the matter be referred to the District Judge.

---

## VI. Request for Temporary Adjournment Due to War - 10 missile alerts today alone.

I am currently located in Tel Aviv, Israel and, as of today, have been subject to repeated missile sirens and emergency conditions requiring immediate access to bomb shelters.

We received 10 missile alerts and bomb shelter runs today from approximately 4:30am until just before drafting this letter, and similarly frequent bombing in the past week -- with impacts in locations near my apartment that could be felt and heard through the steel blast window.

These conditions are ongoing and are expected to continue for a period of time, into mid-to-late April according to the news.

The frequency of these events, including repeated disruptions to sleep and the need to respond to emergency alerts throughout the day and night and immediately run to a shelter, lock blast doors, etc, has materially impaired my ability to focus on complex legal matters and to adequately protect my rights in this litigation.

Therefore, I respectfully request a temporary adjournment of all deadlines and proceedings in this matter for a period of thirty (30) days.

This request is not made for purposes of delay, but to ensure that I can meaningfully participate in these proceedings, review the materials at issue, and address the legal issues presented both in my personal capacity and in my role as an executive of GateGuard.

Courts have discretion to manage their dockets and grant reasonable extensions where circumstances prevent a party from effectively participating in litigation. Under the present extraordinary conditions, a short adjournment is warranted to ensure fairness and due process.

I have asked Attorney Fryman to make a similar request on behalf of GateGuard due to my need to reply to document requests, etc and my increasing inability to focus due to lack of sleep and frequent alerts.

## VII. Requested Relief

For the foregoing reasons, I respectfully request that the Court:

(i) permit my participation for the limited purpose of reviewing and asserting my personal privilege;

(ii) order prior counsel Quainton to identify and produce any such materials to me and to GateGuard's current counsel;

(iii) require Defendants to identify with specificity any documents they contend exist but have not been produced;

(iv) provide a reasonable period to review such materials before any production or reliance; and

(v) adjourn all deadlines for 30 days to allow the Iran missile attacks to end and sleep and focus to be restored.

(vi) grant such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Ari Teman
Ari Teman
Pro Se
Tel Aviv, Israel
ari@teman.com