UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GATEGUARD INC., | Case No.: 1:21-cv-09321-JGK-GWG |
| Plaintiff, | **DECLARATION IN SUPPORT** |
| - against - | |
| AMAZON.COM INC., AMAZON.COM SERVICES, INC., AMAZON.COM SERVICES, LLC, AMAZON LOGISTICS, INC., RING LLC, | |
| Defendants. | |

DAVID FRYMAN declares pursuant to 28 U.S.C. § 1746 as follows:

1.      I am the principal of Fryman PC ("Firm"), the current attorneys of plaintiff GateGuard Inc. in this action ("Plaintiff"). I submit this declaration in support of the accompanying motion to withdraw as counsel of record on behalf of myself, the Firm, and David Yeger, Esq., an attorney with the Firm who has appeared in this action on behalf of Plaintiff.

2.      The Firm first appeared in this action on December 7, 2025, but did not receive the complete case file from prior counsel until the end of January 2026. Upon reviewing the full record, it became clear that this case is larger and more complex than initially estimated. In light of Plaintiff's budgetary constraints, it is impracticable for the Firm to devote sufficient resources necessary to adequately represent Plaintiff's interests.

3.      The recent *pro se* motions by Plaintiff's principal, Ari Teman, also highlight the need for counsel with the experience necessary to address the attorney-client privilege issues arising from an unrelated criminal proceeding.

4.      For these reasons, withdrawal is appropriate under Local Civil Rule 1.4 and Rule 1.16 of the New York Rules of Professional Conduct.

5.      On March 9, 2026, I notified Plaintiff by email of the Firm's intention to withdraw. Plaintiff

1

requested additional time to identify and retain new counsel – both for Plaintiff and Mr. Teman –

and to explore potential litigation funding sources, especially with Passover approaching and

ongoing war conditions in Israel, where Mr. Teman currently located.

6.      To accommodate Plaintiff, I agreed to refrain from withdrawing until April 15, 2026, and

Plaintiff consented. My understanding is that Plaintiff is actively seeking new counsel on a

contingency basis and exploring litigation funding options.

7.      On March 25, 2026, I notified opposing counsel by email that the Firm would be

substituting out of this case.

8.      If so requested, I will submit additional materials in support of this motion for the Court to

review in camera. *See, e.g.*, 22 N.Y.C.R.R § 1200.0, R. 1.16 (2021); N.Y. State Bar Ass'n Comm

on Prof. Ethics Op 1057 ¶ 13, 18 (2015) ("[T]he Rules [of Professional Conduct] anticipate that

the court usually will not demand the disclosure of confidential information if the lawyer advises

the court that 'professional considerations' require withdrawal.")

9.      I request a stay of all deadlines for sixty days to allow Plaintiff to obtain new counsel. This

would also allow Mr. Teman to obtain personal counsel regarding the subject matter of his recent

*pro se* motions. Due to the seriousness of the matters raised in these motions, Mr. Teman should

be afforded ample time to retain counsel.

10.     For these reasons, I respectfully request the Court grant this motion together with such

other and further relief as this Court may deem fair, just, and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

David J. Fryman

Dated: April 15, 2026

2