# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
DSalant@gibsondunn.com

April 17, 2026

**<u>VIA ECF</u>**

The Honorable Gabriel W. Gorenstein, U.S.M.J.
U.S. District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 519
New York, NY 10007

Re:    <u>*GateGuard, Inc. v. Amazon.com, Inc. et al.*</u>, No. 21 Civ. 9321 (JGK)(GWG)

Dear Judge Gorenstein:

Pursuant to Rule 2(A) of the Court's Individual Practices, Defendants (together, "Amazon") respectfully submit this letter seeking a pre-motion conference and to move to compel Plaintiff GateGuard, Inc. to comply with its court-ordered March 30, 2026 document production deadline.  Counsel to Amazon emailed counsel to GateGuard on this subject on March 29, April 10, April 13, and April 14, 2026, requesting to confer and asking GateGuard to state its position on this motion.  GateGuard never responded with its position.

The Court imposed a March 30, 2026 deadline for GateGuard to produce a set of approximately 2,240 documents.  ECF No. 304.  In 2024, Magistrate Judge Figueredo ruled, and Judge Koeltl affirmed, that GateGuard waived its claims of attorney-privilege over these documents that it withheld from production because of GateGuard's failure to produce a timely privilege log.  ECF Nos. 155, 210, 229.  After a stay of discovery was imposed, GateGuard was given four months to find new counsel (ECF Nos. 287, 290), and once the stay was lifted, Judge Figueredo ordered GateGuard to produce these documents by March 30, 2026.  ECF No. 304.  GateGuard and Amazon later stipulated to a case management plan that restated this deadline.  ECF No. 307.

Meanwhile, on March 18, 2026, GateGuard's principal, Ari Teman, filed a *pro se* motion to adjourn this and other discovery deadlines, which Amazon opposed as improper. *See* ECF Nos. 311, 315.  The Court did not rule on this request, which means GateGuard's March 30 document production deadline remained in force.

On March 29, GateGuard's counsel requested a two-week extension of GateGuard's March 30 document production deadline, or until April 13.  *See* ECF No. 317.  Amazon responded on March 29 that it was open to this two-week extension if GateGuard would agree to no further extensions, but GateGuard never replied to Amazon's email nor made any motion to adjourn its deadline.  *Id.*  Amazon followed up by emails dated April 10, April 13 and April 14, first seeking to meet and confer, and then asking GateGuard to state its position on

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · Riyadh · San Francisco · Singapore · Washington, D.C.

# GIBSON DUNN

Hon. Gabriel Gorenstein, U.S.M.J.
April 17, 2026
Page 2

Amazon's prospective motion to compel and to recover its fees and costs incurred through such a motion.  As of this writing, GateGuard has not stated its position.

Giving GateGuard the benefit of the doubt, Amazon waited two weeks from the March 30 document production deadline before troubling the Court.  Amazon sought to confer with GateGuard and solicit GateGuard's position on the issue, and has been ignored.  Discovery deadlines ordered by the Court, and agreed between the parties, must be honored for litigation to be orderly and productive: "if a court order cannot be complied with, all counsel are responsible for seeking an extension rather than violating the Court's order." *Erdman v. Victor*, 345 F.R.D. 60, 63 (S.D.N.Y. 2024) (Gorenstein, J.) (issuing order to show cause and imposing Rule 16(f) sanctions).

On April 15, 2026, GateGuard's counsel filed a motion to withdraw.  ECF No. 322. GateGuard's counsel declared that, having obtained "the complete case file from prior counsel" at "the end of January 2026," they assessed that they could not take this case "[i]n light of Plaintiff's budgetary constraints."  ECF No. 322-2 ¶ 2.  Before the Court permits GateGuard's counsel to withdraw, they should be required to assist GateGuard to meet its March 30 production deadline, which counsel stipulated to on February 26, 2026, weeks after it received "the complete case file" in January.  ECF No. 306.

Accordingly, Amazon respectfully seeks a pre-motion conference and the Court's authorization to move to compel the production of these documents and for its reasonable fees and costs required to bring this motion.  *See* Fed. R. Civ. P. 37.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ David Salant*
David Salant

CC:  All counsel of record (via ECF)