**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*GateGuard, Inc., Ari Teman*

*v.*

*Amazon.com, Inc., et al.*

No. 21 Civ. 9321 (JGK)(GWG)

**PLAINTIFF-INTERVENOR'S SUPPLEMENTAL LETTER IN SUPPORT OF HIS MOTION TO INTERVENE AND REQUEST TO DEFER DEFENDANTS' PROPOSED MOTION PRACTICE**

Dear Judge Gorenstein:

I respectfully submit this letter in connection with Defendants' April 17, 2026 request for a pre-motion conference and my pending motion to intervene.

Defendants' submission makes clear that they intend to seek to compel production of materials that include, or are alleged to include, *my personal attorney-client communications*. Those materials consist of privileged communications arising from unrelated legal matters, including post-trial representation in *United States v. Teman*, and are protected by my personal attorney-client privilege which I *never waived and was physically unable to waive* at the time they were leaked by former counsel.

Defendants rely on prior rulings by Magistrate Judge Figueredo and Judge Koeltl finding a privilege waiver based on GateGuard's failure to produce a timely privilege log. Those rulings addressed GateGuard's corporate procedural failure in discovery. They do not — and cannot — operate as a waiver of my personal attorney-client privilege. A corporation's failure to comply with discovery obligations *cannot legally waive an individual's privilege,* particularly where the communications at issue arise from unrelated criminal defense representation. The Court has not adjudicated my personal privilege, and those rulings do not extend to it.

To the extent these materials were included in GateGuard's prior ESI collection, they were swept up inadvertently by former counsel. GateGuard, as a corporate entity, **has no legal authority to waive my personal privilege or to produce those materials over my objection**. The relevant issue is not mere physical possession, but the absence of any legal right to disclose privileged communications belonging to a different privilege holder.

Any disclosure of these materials was inadvertent and is governed by Federal Rule of Evidence 502(b). As set forth in my March 18, 2026 submission, these materials were collected and produced by former counsel while I was incarcerated and physically unable to review the ESI, access the files, supervise the production, or assert my privilege rights. I could not take steps to prevent disclosure under those circumstances. Upon becoming aware of the issue, I acted

1

promptly to assert my rights. **Rule 502(b) therefore applies and precludes any finding of waiver.** Defendants' attempt to compel production of these materials is, in effect, an attempt to force a waiver of privilege in direct contravention of Rule 502(b).

**This is precisely the circumstance necessitating my intervention.** The issue Defendants seek to advance is not a routine discovery dispute, but one that directly implicates my personal attorney-client privilege—among the most protected communications recognized by law. No existing party can adequately represent that interest. GateGuard does not hold the privilege and cannot waive or fully assert it, and Defendants are adverse.

GateGuard's current posture further underscores this point. As Defendants note, GateGuard's counsel, Attorneys David Fryman and David Yeger, have moved to withdraw. GateGuard is therefore in the process of becoming or is effectively without counsel and is in no position to defend my personal privilege rights at this critical juncture. As Attorney Fryman noted, GateGuard is actively in discussions with multiple law firms and expects to retain new counsel with substantial experience litigating against Amazon imminently.

Notably, Defendants proceeded with their submission **without serving me or otherwise providing notice,** despite being aware that I have a pending motion to intervene specifically to protect these rights. **Defendants are thus seeking to advance motion practice that would adjudicate my privilege interests without my participation.**

I have requested a **60-day period** to obtain competent counsel experienced in criminal law and attorney-client privilege matters. Attorneys Fryman and Yeger likewise requested this same 60-day period so that both GateGuard and I may retain counsel with the requisite expertise to address these issues properly. Proceeding now—before my motion to intervene is resolved and before that 60-day period has been afforded—would risk adjudicating privilege issues without appropriate representation and under circumstances that are inherently prejudicial.

Accordingly, I respectfully request that the Court defer any pre-motion conference or motion practice relating to these materials until (i) my motion to intervene is resolved, and (ii) I have been afforded the requested **60-day period** to obtain appropriate counsel. In the alternative, should the Court elect to proceed with a pre-motion conference, I respectfully request that I be permitted to appear and be heard at that conference to defend my personal privilege rights while my motion to intervene remains pending.

To the extent any such materials have been produced or are at issue, I further respectfully request that the Court ensure that no use is made of those materials pending resolution of these privilege issues, consistent with Federal Rule of Evidence 502(b) and applicable clawback principles.

Proceeding otherwise risks adjudicating core privilege rights without the participation of the privilege holder and without the benefit of appropriate representation, resulting in irreparable loss of privilege.

Defendants will suffer no prejudice from a brief 60-day deferral, particularly where the issue concerns the protection of core attorney-client privilege.

2

Respectfully submitted,

s/Ari Teman/

Ari Teman
Pro Se Plaintiff and Proposed Intervenor
April 21, 2026
Tel Aviv, Israel
Mail: 1521 Alton Road, #888, Miami Beach, FL 33139