Ari Teman
Hon. John George Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (JGK)

**Emergency Letter Motion for Stay of Production Deadline, Objection to Magistrate Jurisdiction, and Privilege Clarification**

Dear Judge Koeltl:

I write on an emergency basis, pro se, on behalf of myself, Ari Teman, and in connection with Plaintiff GateGuard, Inc., to respectfully request (i) a temporary stay of the May 1, 2026 production deadline set forth in Dkt. 326, (ii) confirmation that GateGuard does not consent to magistrate jurisdiction over dispositive matters, and (iii) limited clarification of the scope of the Court's April 24, 2026 Order.

**Background and Immediate Risk**

On April 24, 2026, the Magistrate Judge ordered GateGuard to submit documents ex parte under seal by May 1, 2026. GateGuard's counsel has moved to withdraw and is not in a position to conduct the necessary privilege review. The materials potentially responsive to Docket No. 304 include attorney-client communications and work product, and may include communications involving counsel in unrelated proceedings.

Absent a short stay, GateGuard faces the risk of producing materials without adequate legal review, including potentially privileged communications. Once produced, even under seal, such disclosure cannot be undone. GateGuard respectfully submits that compelled production under these circumstances—without the opportunity for review by appropriate counsel—raises serious concerns regarding the protection of privileged communications and warrants review by the District Court.

**Objection to Magistrate Jurisdiction**

GateGuard does not consent to magistrate jurisdiction over dispositive matters pursuant to 28 U.S.C. § 636(c). To the extent the April 24 Order implicates privilege determinations or other rights of substantial importance, GateGuard respectfully requests that such issues be addressed by the District Court.

**Request to Exclude Criminal Counsel Communications**

Plaintiff further respectfully requests that the Court amend or clarify its April 24, 2026 Order (Dkt. 326) to expressly exclude from any required production all communications between Ari Teman and his counsel in the matter of United States v. Teman, including both trial and appellate counsel.

Such communications are protected by the attorney-client privilege and work product doctrine, concern a separate criminal proceeding, and bear no relevance to the claims or defenses in this civil action. Requiring

1

submission of such materials—even for in camera review—would unnecessarily intrude upon core privileged communications unrelated to this case and risk prejudice without any corresponding benefit to the resolution of the issues before this Court.

In the alternative, GateGuard respectfully requests that it be permitted to withhold such communications subject to a privilege log, without submission of those materials to the Court.

**Counsel Withdrawal and Need for Qualified Review**

GateGuard's current counsel, David Fryman and David Yeger, have not reviewed the emails at issue or undertaken substantive work with respect to them, and have advised that they are not in a position to do so given the nature of the materials, which implicate issues beyond their expertise, including matters relating to criminal defense communications.

This is not a situation of delay, but of responsible recognition of the limits of current counsel's role. Notably, this remains the case even after GateGuard facilitated a connection with a potential litigation funder that has previously funded legal work for Mr. Teman, underscoring that the issue is not financial but one of appropriate legal competence.

Mr. Teman is actively working to retain counsel with the requisite experience to conduct a proper review of these materials and has already initiated that process, including a substantive call with such counsel late last week. He is making diligent, good-faith efforts to engage qualified counsel and to assist the Court in ensuring that any production is handled correctly and lawfully.

**Irrelevance and Ownership of the Emails**

The emails at issue are not GateGuard documents. They are personal communications between Mr. Teman and his criminal defense counsel in an unrelated matter, were never created for or on behalf of GateGuard, and have no relevance to the claims or defenses in this action. Compelling their production on an expedited basis, without appropriate review by qualified counsel, would improperly sweep in materials that fall outside the scope of this case and implicate core attorney-client protections.

**Impact of Prior Counsel's Documented Failures**

Plaintiff further respectfully submits that the current circumstances arise in significant part from the conduct and condition of prior counsel, Eden P. Quainton. In a separate federal matter, the Court expressly found it "astounded" that Mr. Quainton failed to timely comply with court-ordered obligations and noted that such failures followed prior sanctions for missing deadlines. See Order dated March 23, 2026 (EXHIBIT A). These findings are directly relevant here, as Mr. Quainton's deficiencies—of which GateGuard and Mr. Teman were not fully informed at the time—materially impacted GateGuard's ability to manage its legal affairs and protect its rights.

**Recent Discovery of Prior Counsel's Deficiencies**

GateGuard was not advised of the extent of Mr. Quainton's condition, his prior sanctions, or his ongoing inability to meet deadlines, and only became aware of these issues recently when the attached March 2026

2

Order was filed. Upon learning of these developments, Mr. Teman acted promptly, including promptly initiating an action against Mr. Quainton, *Teman v. Quainton*, No. 1:26-cv-03083.

In that matter, Mr. Quainton has declined to waive service, notwithstanding prior communications indicating that he was aware of the claim and intended to retain counsel. Regardless of the explanation, the present record reflects a breakdown in communication and an inability to obtain the client file or necessary cooperation from prior counsel.

Under these circumstances, GateGuard and Mr. Teman were deprived of critical information regarding prior counsel's ability to meet professional obligations and were not in a position to mitigate the resulting issues earlier. It would be inequitable to allow those circumstances—outside of Plaintiff's control—to prejudice Plaintiff's and Mr. Teman's rights here.

Mr. Teman has acted diligently and in good faith since becoming aware of these issues and is actively working to retain qualified counsel to address the complex privilege and procedural issues now before the Court. A brief stay is necessary to ensure that Plaintiff is not unfairly disadvantaged by circumstances arising from prior counsel's conduct and to permit a proper and orderly resolution of the issues presented.

As a result, GateGuard has been forced to transition counsel under urgent circumstances not of its own making. It would be inequitable to impose strict deadlines or compel sensitive production where the present posture is a direct consequence of prior counsel's failures.

**Former Counsel's Refusal to Provide Client File**

GateGuard and Mr. Teman have also been materially hindered by former counsel Eden P. Quainton's failure to provide the complete client file. Despite repeated requests, Mr. Quainton has not produced the file or made himself available to facilitate an orderly transition. As a result, Mr. Teman does not have confidence that he has access to the full set of materials necessary to assess what is responsive to the Court's Order or to conduct a proper privilege review.

As mentioned above, Mr. Teman has initiated legal action (Teman v Quainton, 1:26-cv-03083), in part to obtain the client file, which remains pending. In the interim, he has made diligent, good-faith efforts to gather documents from available sources and reconstruct the relevant record. However, without access to the complete file—and without confirmation that all responsive materials are in his possession—GateGuard's ability to comply with the Court's production directive in a complete and accurate manner is materially impaired.

Under these circumstances, the May 1 deadline is not practicable. GateGuard is not withholding compliance, but rather lacks both the necessary materials and appropriate counsel support to comply responsibly. A brief stay is therefore necessary to allow for the production of the client file, retention of qualified counsel, and a proper, orderly review of any materials subject to production.

Absent access to the complete client file, any production at this stage risks both overproduction of privileged materials and incomplete production of responsive materials.

**No Prejudice and Requested Relief**

3

Under these circumstances, a brief stay is not only reasonable but necessary to restore fairness and allow GateGuard a meaningful opportunity to retain qualified counsel capable of addressing the complex privilege and legal issues presented. The requested 60-day period—supported both by current counsel and by GateGuard's efforts to engage appropriate replacement counsel—is narrowly tailored to that purpose and represents the minimum necessary to ensure that Plaintiff's rights are not prejudiced by circumstances beyond its control.

A brief stay will not prejudice Defendants. The existing Order provides that any documents submitted will not be disclosed absent further order, and a short extension will allow for orderly review by appropriate counsel and avoid unnecessary disputes.

Accordingly, I respectfully request that the Court (i) stay the May 1, 2026 deadline for a period of 60 days, or such time as the Court deems appropriate, (ii) confirm that GateGuard does not consent to magistrate jurisdiction over dispositive matters, and (iii) clarify or amend the April 24, 2026 Order as set forth above.

Respectfully submitted,

s/Ari Teman/

Ari Teman
Pro Se

       VIA Temp Pro Se Email + Emergency Email to Chambers

4

EXHIBIT A: Eden Quainton's health deterioration resulting in sanctions and still further delays in GateGuard v Goldmont:

the CLE requirement set by your Honor and my participation in the program will demonstrate the seriousness with which I take my prior failings and the need to rectify them. I will promptly file evidence of my completion of the CLE course on the docket.

I therefore respectfully request an extension to March 31, 2026, to complete the CLE requirement set forth by your Honor in your September 22, 2025, Order.

Respectfully,

*Eden P. Quainton*

Eden P. Quainton

The Court is astounded that Mr. Quainton waited until the eve of his six-month-long deadline to begin exploring the possibility of complying with the Court's Order (an Order that arose only after Mr. Quainton was sanctioned for failing to comply with other Court-ordered deadlines). Regardless, in light of Mr. Quainton's representation that he has enrolled in the March 31, 2026 course he has described in this letter, his application to adjourn his deadline to comply with the Court's September 22, 2025, Order to that date is GRANTED. The deadline will not, under any circumstances, be adjourned again.

SO ORDERED.

*Valerie Caproni*    3/23/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

5