**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GateGuard, Inc. v. Amazon.com, Inc., et al.**

Case No. 21 Civ. 9321 (JGK) (VF)

---

**EMERGENCY LETTER-MOTION TO STAY PRODUCTION OF PRIVILEGED MATERIALS PENDING RESOLUTION OF MOTION TO INTERVENE**

Hon. John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

---

Dear Judge Koeltl:

This is an emergency application because the current deadline to produce attorney-client privileged materials is March 30, 2026—before this Court can adjudicate the pending motion to intervene—and once disclosed, the privilege at issue will be irreparably destroyed.

I, **Ari Teman**, respectfully submit this letter-motion seeking a **stay of any production of attorney-client privileged materials currently due March 30, 2026**, pending resolution of my motion to intervene and the related briefing schedule set forth in the Court's March 20, 2026 Order (ECF No. 314).

I file this application **pro se in my individual capacity** to protect my personal attorney-client privilege rights.

**GateGuard joins this application** to ensure that no privileged materials of its CEO are disclosed before the Court resolves the pending intervention motion.

---

**I. THE COURT'S EXISTING SCHEDULE PRESUPPOSES NO IRREVERSIBLE DISCLOSURE**

The Court ordered:

- Responses to intervention motion: **April 10, 2026**
- Teman's reply: **May 1, 2026**
- Final replies: **May 15, 2026**

(ECF No. 314)

This schedule necessarily contemplates that **Teman's privilege rights will be adjudicated before any irreversible disclosure occurs**.

If production proceeds on March 30, 2026:

- The motion to intervene becomes **functionally moot**;
- The Court is deprived of the ability to grant effective relief; and
- Teman's attorney-client privilege would be **irreparably destroyed before adjudication**.

A stay is therefore necessary to preserve the status quo.

---

## II. THE MATERIALS INCLUDE PERSONAL CRIMINAL DEFENSE COMMUNICATIONS WHOLLY UNRELATED TO THIS CASE

Teman has begun reviewing the materials disclosed by former counsel **Eden Quainton**, and they include:

- **Direct attorney-client communications with criminal defense counsel**, including **Susan Kellman**, in *United States v. Teman*; and

- Personal communications unrelated to this case, including Teman's leading **volunteer coordination efforts during the Surfside building collapse**, involving:
    - The IDF,
    - U.S. Senator Marco Rubio's office,
    - U.S. Senator Rick Scott's office, and
    - Law enforcement.

These materials have **no relevance whatsoever** to the claims in this case.

Their disclosure reflects an **indiscriminate and improper production** of highly sensitive privileged communications.

**They may also violate the privacy and confidentiality** of victims and families of victims of the Surfside Collapse, while, again, having no relevance to the issue of this case, which is Amazon's documented, organized conspiracy  in concert with Clear Home to steal GateGuard property and break into thousands of multifamily buildings nationwide to install their "KFB Device" so they can turn building lobbies across America into retail locations without paying rent.

---

## III. TEMAN HAS NOT HAD A MEANINGFUL OPPORTUNITY TO REVIEW OR PROTECT HIS PRIVILEGE

Defendants' counsel, **David Salant of Gibson Dunn**, notified Teman of the document list **during Shabbat in Israel**, limiting timely review.

Teman has not yet completed a full review, and there are many documents on the list (165-1, 166-1, etc).

Further:

- Teman was **incarcerated in March 2024**, when the disclosure occurred;
- He could not supervise counsel or object; and
- He was deprived of the opportunity to prevent or remediate the disclosure.

Furthermore, **Teman will need time to review documents and this issue with Counsel** and has not had sufficient time to retain counsel. Given the 5th Amendment and other rights implications, Teman should be afforded at least 45 days to retain counsel and review these issues.

Teman should now be afforded a fair opportunity to assert his rights.

---

## IV. A STAY IS NECESSARY TO PRESERVE THE COURT'S ABILITY TO GRANT RELIEF

Absent a stay:

- The Court's intervention process will be **mooted**;
- Privilege will be destroyed before adjudication; and
- Irreparable harm will occur.

Granting a stay preserves both **the Court's authority and the integrity of the process**.

---

## V. ADDITIONAL BASIS: DISCLOSURE OCCURRED UNDER CONDITIONS OF DOCUMENTED ATTORNEY INCAPACITY

An additional and independent basis exists to stay production and preserve privilege.

Former counsel **Eden Quainton** has represented to the United States Court of Appeals for the Second Circuit that he was suffering from a **serious neurological condition**, including an inability to stand, which has since progressed.

This is not speculation—it is a **documented representation to a federal court**.

If, as appears likely, Mr. Quainton's condition impaired:

- His ability to review productions,
- His ability to supervise his work, or
- His ability to protect privileged communications,

then any disclosure of privileged materials:

- **Cannot be considered knowing or intentional**, and
- **Cannot support any finding of waiver of attorney-client privilege**.

This provides an additional and compelling reason why:

- The materials must **not be produced or further disseminated**, and
- The issue must be **fully adjudicated before any disclosure occurs**.

To the extent the Court determines that further factual development is necessary, Teman respectfully submits that the Court may consider:

- **In camera review**,
- **Limited, targeted inquiry**, or
- Other appropriate procedures

to determine whether counsel's medical condition affected the handling of privileged materials.

At minimum, the existence of a documented neurological condition affecting counsel's functioning makes clear that **the disclosure process itself is unreliable and cannot be the basis for waiver**.

The Court should allow reasonable inquiry into the impacts of Quainton's documented medical condition before forcing Teman to violate his own rights.

## VI. GOOD FAITH EFFORT TO OBTAIN CONSENT

Teman has requested that Defendants, through counsel **Gibson Dunn**, join or consent to this request. **No response has yet been received.**

## VII. REQUEST FOR RELIEF

Teman respectfully requests that the Court:

1. **Immediately stay any production of the disputed materials currently scheduled for March 30, 2026**;

2. **Adjourn that deadline until after the Court resolves the motion to intervene and related briefing (May 15, 2026 or later)**;

3. **Adjourn all related deadlines in this matter by 50 days** to account for the requested stay and ensure orderly resolution of the privilege issues;

4. Permit Teman to **intervene for the limited purpose of asserting and protecting his attorney-client privilege**; and

5. Allow Teman a reasonable period of 45 days to **retain counsel**.

---

Respectfully submitted,

**s/Ari Teman/**
Ari Teman
Proposed Intervenor (pro se)
ari@teman.com
Tel Aviv, Israel
Mail:   1521 Alton Road #888
           Miami Beach, FL 33139

---

**CC: Counsel of Record via Email and "Temp Pro Se Email" to ECF**

# [PROPOSED] ORDER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GateGuard, Inc. v. Amazon.com, Inc., et al.**
Case No. 21 Civ. 9321 (JGK) (VF)

---

Upon consideration of Ari Teman's emergency letter-motion:

**IT IS HEREBY ORDERED THAT:**

1. The deadline for production of the disputed materials currently scheduled for March 30, 2026 is **STAYED**;

2. Such materials shall **not be produced, disclosed, or otherwise disseminated** pending further order of the Court;

3. The stay shall remain in effect **until the Court resolves Mr. Teman's motion to intervene and related briefing**, including submissions due through May 15, 2026, or such later date as the Court determines;

4. **All related deadlines in this action are adjourned by fifty (50) days** from their current dates; and

5. The parties shall maintain all such materials in their current condition and shall **not review, use, or distribute** them except as previously authorized, pending further order of the Court.

---

SO ORDERED.

Dated: New York, New York
_____, 2026

---

HON. JOHN G. KOELTL
United States District Judge

**CERTIFICATE OF SERVICE**

I, Ari Teman, certify that on March 29, 2026, I caused a true and correct copy of the foregoing **Emergency Letter-Motion to Stay Production of Privileged Materials Pending Resolution of Motion to Intervene** to be served on all counsel of record in this action.

Service was made via the Court's **Temporary Pro Se Email to ECF filing method**, which results in electronic filing on the Court's ECF system and automatically provides notice to all registered counsel of record.

In addition, I caused a courtesy copy to be served via **electronic mail** on counsel for Defendants, including counsel at Gibson, Dunn & Crutcher LLP.

A courtesy copy was also provided to Chambers via electronic mail.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 29, 2026
Tel Aviv, Israel

**/s/ Ari Teman**
Ari Teman
Proposed Intervenor (pro se)
ari@teman.com