

FRYMAN · PC
Attorneys · at · Law

David J. Fryman
dfryman@frymanpc.com

April 29, 2026

(*Via ECF*)
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:** ***GateGuard, Inc. v. Amazon.com, Inc., et al.*, No. 21-cv-09321-JGK-GWG**
> **Emergency Application for Stay of May 1, 2026 Production Deadline**

Dear Judge Koeltl:

I respectfully submit this emergency letter motion on behalf of plaintiff GateGuard Inc. to stay the May 1, 2026 production deadline stated in the April 24 order of Magistrate Judge Gorenstein (Dkt. No. 326) (the "Order"), pending this Court's ruling on Fryman PC's withdrawal motion (Dkt. No. 322) and the orderly retention of qualified successor counsel.

## 1.    Background

The firm first appeared as counsel for Plaintiff GateGuard, Inc. on December 7, 2025. As I represented in my April 15, 2026, declaration in support of the pending motion to withdraw, we first received the case file from prior counsel on January 29, 2026.

Due to the size and complexity of the case, especially in light of the various scheduling orders and deadlines already set by the Court, we have not been able to review the record to the degree needed to adequately represent Plaintiff.

That was true even before turning to the specific document production at issue here.

## 2.    The Order

The Order requires Plaintiff to submit approximately 2,200 documents *ex parte* under seal by May 1, which is in two days. The documents at issue related to a dispute arising from prior counsel's production and privilege log.

## 3.    GateGuard Cannot Comply

I respectfully advise the Court that compliance with the above requirements exceeds the firm's capacity, for reasons that overlap substantially with, and are amplified by, the grounds stated in the pending withdrawal motion.



Hon. John G. Koeltl
April 29, 2026
Page 2

Compliance with the Order is not ministerial. The discovery record in this case encompasses over 30,000 produced documents. The privilege dispute concerns approximately 2,200 of them. As noted above, we received the file on January 29, 2026, but it is not organized in a way that allows us to readily isolate the 2,200 documents at issue here. That is why we cannot even confirm that we have the entire case file or whether additional productions exist elsewhere. For example, my understanding is that Plaintiff previously used third-party vendors to conduct document review and the chain of custody needs to be investigated to properly certify a complete production.

To comply, counsel would be required to, among other things:

- Locate approximately 2,200 documents in a case file containing more than 30,000;

- Determine whether each document is accurately reflected in the privilege log;

- Confirm the accuracy of the corresponding Bates numbers; and

- Certify to the Court that either the production is complete or that additional documents are withheld and state the basis for such withholding.

In sum, any production would constitute a certification by counsel that we are, at present, unable to certify.

## 4.    Mr. Teman's Attorney-Client Privilege and Right to Counsel

Aside from the firm's ability to adequately review the case file and advise Plaintiff accordingly, the ordered production directly impacts Mr. Teman's personal attorney-client privilege rights.

In *pro se* filings, Mr. Teman has raised arguments that the ordered production includes documents subject to his personal attorney-client privilege — a privilege belonging to him individually that the corporate entity lacked authority to waive. For example, Mr. Teman identified that the privilege log includes many email exchanges with Susan Kellman, an attorney that represented Mr. Teman in an unrelated criminal matter.

It is important to emphasize that Mr. Teman himself has never had an opportunity to fully review these documents, let alone seek guidance about them from his personal counsel.

The firm was engaged to represent Plaintiff only and has never represented Mr. Teman in his personal capacity. Mr. Teman needs adequate time to (a) review the documents himself; (b) obtain personal counsel; and (c) have his counsel become familiar with complexities of this case.

## 5.  Good Cause Exists for a Stay

I understand that this case has been pending for several years and that the discovery deadlines have been extended many times. But the circumstances here justify a stay.

First, the firm's April 15 motion to withdraw is pending. That motion explains that we, as the current attorneys of record for Plaintiff, lack the capacity to properly represent Plaintiff. The



FRYMAN · PC
Attorneys · at · Law

Hon. John G. Koeltl
April 29, 2026
Page 3

60-day stay requested in the withdrawal motion is all the more important in light of the ordered production at issue here. Plaintiff deserves to be represented by counsel with the wherewithal to handle all aspects of this case.

Second, regardless of the status of Plaintiff's counsel, Mr. Teman requires a stay to obtain personal counsel and enough time to have them review the case file.

Third, there is no prejudice to Defendants. Defendants did not object to the firm's motion to withdraw or the stay which would go into effect upon the Court granting the substitution. We do not request an additional stay. We merely ask the Court to order the same 60-day stay that the firm requested in the withdrawal motion.

For all these reasons, I request an immediate 60-day stay of the production deadline stated in the April 24 order (Dkt. No. 326), pending this Court's ruling on the pending withdrawal motion.

Respectfully submitted,

David J. Fryman

cc:     All counsel via ECF
        Ari Teman (via Email)