UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GATEGUARD, INC.                                           :

                                                         :        ORDER
                         Plaintiff,                              21 Civ. 9321 (JGK) (GWG)
                                                         :

     -v.-                                                :

                                                         :

AMAZON.COM INC. et al.,                                  :

                                                         :
                         Defendants.
------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

        This Order addresses a number of motions on the docket (Docket ## 322, 328, 329 and 330).   It has also considered the responses thereto (Docket ## 332, 333, 334).

        As an initial matter, the Court notes that the motion filed by counsel for plaintiff to withdraw, see Docket # 322, fails to include all the information required by Local Civil Rule 1.4(b), specifically, whether or not counsel is asserting a retaining or charging lien. Accordingly, the motion to withdraw is denied without prejudice to an application compliant with Local Civil Rule 1.4(b).   The Court directs that any application to withdraw must attach a copy of any engagement letter or retainer agreement.   The affidavit in support of the application must not refer to communications with "plaintiff" without giving the specific individual whom counsel communicated with.   For any individual acting on behalf of Gateguard Inc, counsel shall give the full name and title of such individual.

        The Court expects that the motion to withdraw will be granted after a proper application has been filed.   And it appears that the plaintiff corporation has been aware since March 9, 2026, of counsel's intention to withdraw and thus of the need to obtain new counsel.   See Docket # 322-2 ¶ 5.   "[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel."   Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 187 (2d Cir. 2006).   Accordingly, plaintiff must immediately obtain new counsel.   In one of his applications filed April 26, 2026, non-party Ari Teman writes on behalf of Gateguard Inc. requesting 45 days to obtain new counsel.   See Docket # 329 at 5.   While it has already been almost two months since the date plaintiff was first made aware of the need to obtain counsel (March 9, 2026), the Court will reluctantly grant an extension of 45 days from April 26, 2026. Accordingly, plaintiff's deadline to have new counsel appear on this case is June 10, 2026.   If new counsel does not file a notice of appearance by June 10, 2026, this case will likely be dismissed.   See, e.g., OOO FC Grand Cap. v. Int'l. Pharm. Servs. Ltd., 2025 WL 1640511, at *2 (E.D.N.Y. Feb. 1, 2025).

On April 28, 2026, the Court ordered plaintiff to comply with the production required by the Court's Order of February 11, 2026 (Docket # 304), by May 1, 2026.   See Docket # 331. Plaintiff (and non-party Teman) seek a stay of this deadline.   See Docket ## 328, 329, 330, 333, 334.  Defendant has filed a letter in opposition.   See Docket # 332.

Certainly, counsel for plaintiff acted improperly by simply ignoring the Court-ordered production date of March 30, 2026, and not seeking an extension of that deadline.   Nonetheless, in light of the explanation provided by counsel in his latest letter describing his practical inability to comply, see Docket # 330, as well as his effort to withdraw, the Court will grant an extension of the deadline until June 24, 2026.   Any new counsel should consider themselves on notice that the Court will expect them to comply promptly with the February 11, 2026 Order, and to file the documents ex parte with the Court no later than June 24, 2026.

With respect to non-party Teman's request to stay the Court-ordered production of privileged materials pending resolution of his motion to intervene, see Docket # 329, that application is denied. As noted in the Court's Order of April 28, 2026 (Docket # 331), the production will be made ex parte to the Court.   By the authority granted in Fed. R. Evid. 502(d), no waiver of privilege shall occur as a result of this production.   Therefore no prejudice will ensue from requiring the complete production regardless of the disposition of the motion to intervene   The Court requires the production promptly and without regard to whether there has been any disposition of the motion to intervene because the Court needs to be assured that plaintiff is prepared to comply with Court orders, as well as to ensure that there is no unnecessary delay in this matter.   Also, the production may bear on the Court's disposition of the motion to intervene, the merits of which are tied to the contents of this production.   Further, if plaintiff persists in failing to comply with the Court's Order, it will render the motion to intervene moot, as this case will likely be dismissed.

Counsel is directed to inform Gateguard, Inc. of the requirements of this Order forthwith: in particular, that any new counsel must file a notice of appearance by June 10, 2026, and that plaintiff must make the production required by Docket # 304 by June 24, 2026.

Conclusion

The motion to withdraw (Docket # 322) is denied without prejudice.   The motions for a stay of production (Docket ## 328, 329, and 330) are denied, but the deadline for the production is extended to June 24, 2026.

Counsel is directed to serve a copy of this Order on non-party Teman.   Further, counsel for plaintiff is directed to file a sworn statement on or before May 4, 2026, describing how he informed GateGuard, Inc. that new counsel must file a notice of appearance by June 10, 2026, and that it must make the production required by Docket # 304 by June 24, 2026, and describing the means by which a copy of this Order was provided to GateGuard, Inc.

2

Finally, the fact that the Court has considered and ruled upon the applications by non-party Teman shall not be taken as a ruling that there is any merit to Teman's motion to intervene or that Teman has any standing to request the relief he has sought.

SO ORDERED.

Dated:  May 1, 2026
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

3