UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GATEGUARD INC., | Case No.: 1:21-cv-09321-JGK-GWG |
| Plaintiff, | **DECLARATION IN SUPPORT** |
| - against - | |
| AMAZON.COM INC., AMAZON.COM SERVICES, INC., AMAZON.COM SERVICES, LLC, AMAZON LOGISTICS, INC., RING LLC, | |
| Defendants. | |

DAVID FRYMAN declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal of Fryman PC ("Firm"), the current attorneys of plaintiff GateGuard Inc. in this action ("Plaintiff"). I submit this declaration in support of the accompanying motion to withdraw as counsel of record on behalf of myself, the Firm, and David Yeger, Esq., an attorney with the Firm who has appeared in this action on behalf of Plaintiff.

2. The Firm first appeared in this action on December 7, 2025, but did not receive the complete case file from prior counsel until the end of January 2026. Upon reviewing the full record, it became clear that this case is larger and more complex than initially estimated, and it is impracticable for the Firm to devote sufficient resources necessary to adequately represent Plaintiff's interests.

3. The recent *pro se* motions by Plaintiff's principal, Ari Teman, also highlight the need for counsel with the experience necessary to address the attorney-client privilege issues arising from an unrelated criminal proceeding.

4. For these reasons, withdrawal is appropriate under Local Civil Rule 1.4 and Rule 1.16 of the New York Rules of Professional Conduct.

5. On March 9, 2026, I notified Plaintiff via Ari Teman by email of the Firm's intention to

withdraw.[1] Mr. Teman requested additional time to identify and retain new counsel – both for Plaintiff and Mr. Teman – and to explore potential litigation funding sources, especially with Passover approaching and ongoing war conditions in Israel, where Mr. Teman is currently located.

6. To accommodate Plaintiff, I agreed to refrain from withdrawing until April 15, 2026, and Mr. Teman on Plaintiff's behalf consented. My understanding is that Plaintiff is actively seeking new counsel on a contingency basis and exploring litigation funding options.

7. On March 25, 2026, I notified opposing counsel by email that the Firm would be substituting out of this case.

8. If so requested, I will submit additional materials in support of this motion for the Court to review in camera. *See, e.g.*, 22 N.Y.C.R.R § 1200.0, R. 1.16 (2021); N.Y. State Bar Ass'n Comm on Prof. Ethics Op 1057 ¶ 13, 18 (2015) ("[T]he Rules [of Professional Conduct] anticipate that the court usually will not demand the disclosure of confidential information if the lawyer advises the court that 'professional considerations' require withdrawal.").

9. I request a stay of all deadlines pursuant to the Court's Order (ECF No. 335). This would also allow Mr. Teman to obtain personal counsel regarding the subject matter of his recent *pro se* motions. Due to the seriousness of the matters raised in these motions, Mr. Teman should be afforded ample time to retain counsel.

10. Pursuant to the Court's Order, dated May 1, 2026 (ECF 335), I am attaching here as **Exhibit 1** the Firm's engagement letter with Plaintiff.[2]

---

[1] By March 9, 2026, I had learned that Daniel Gabbay, who had executed the Firm's engagement letter as Plaintiff's CEO, was no longer Plaintiff's CEO, and that Mr. Teman was acting as Plaintiff's de facto CEO.

[2] I want to correct a misstatement made in my April 29 letter requesting a stay of the court ordered production deadline, which stated that the Firm was engaged by Plaintiff alone and not Mr. Teman personally. Upon reviewing the engagement letter, the Firm was initially engaged to represent Plaintiff in the three pending actions listed as well as one action that Mr. Teman had commenced *pro se*. After reviewing the *pro se* complaint, I informed Mr. Teman that we would have to decline that representation. No attorneys at the firm appeared or filed documents in connection with that case, or billed any time on that matter. My prior statement was intended to convey, and accurately reflects, that the Firm has never represented Mr. Teman personally in connection with this action, and specifically declined to

2

11.     Pursuant to Local Civil Rule 1.4(b), I am confirming that neither the Firm nor its attorneys are asserting a retaining or charging lien against Plaintiff.

12.     For these reasons, I respectfully request the Court grant this motion together with such other and further relief as this Court may deem fair, just, and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

David J. Fryman

Dated: May 1, 2026

---

represent him personally in connection with his recent *pro se* filings. The other two GateGuard actions listed in the engagement letter have been terminated.

3