

David J. Fryman
dfryman@frymanpc.com

November 13, 2025

(*Via Email*: ari@teman.com; daniel@teman.com)
Ari Teman
Daniel Gabbay
GateGuard Inc.
1521 Alton Road #888
Miami Beach FL 33139

> **Re:** **Engagement Letter**

Dear Ari & Daniel:

Thank you for choosing Fryman PC (the "Firm") to represent Ari Teman and GateGuard Inc. (collectively, the "Client"). The purpose of this letter is to memorialize the terms of our attorney-client relationship.

1.      Services to Be Performed. The Firm agrees to represent the Client in connection with the following matters, as well as such additional services as the Client may authorize ("Engagement"):

> *GateGuard Inc. v. Amazon.com Inc. et al.* (SDNY 1:21-cv-09321)
> *GateGuard Inc. v. Goldmont Realty Corp. et al.* (SDNY 1:20-cv-01609)
> *GateGuard, Inc. v. MVI Systems LLC* (SDNY 1:19-cv-02472)
> *Teman v. Soleimani et al.* (SDNY 1:25-cv-08823)

2.      Fees for Service. The Firm's fees for legal services are primarily based upon the amount of time devoted to this Engagement by its attorneys and paralegals multiplied by each individual's hourly billing rate, as follows:

> David J. Fryman:      $765/hour
> Senior attorneys:      $650-$750/hour
> Associates:      $450-$590/hour
> Paralegals:      $120/hour

Associate counsel and co-counsel not listed above may be employed at the Firm's discretion. Hourly billing rates are subject to change, usually at the beginning of each calendar year.

3.      Reimbursement of Expenses. The Client is responsible for all out-of-pocket expenses incurred in connection with this Engagement, including, for example, travel expenses, filing fees, online legal research charges, printing or photocopying costs, postage or other shipping

Ari Teman
Daniel Gabbay
November 13, 2025
Page 2



FRYMAN · PC
Attorneys · at · Law

costs, and fees for other third-party vendors. For expenses more than $250, we may require either that sufficient funds be paid to us in advance or that the Client pay the vendor directly.

4.      <u>Retainer</u>. For this Engagement, the Client agrees to pay an advance retainer of $30,000 to be applied against fees and expenses as they become due. The advance retainer is deemed earned by the Firm upon receipt and deposited into the Firm's operating account. The Firm may require one or more additional advance retainers in an amount commensurate with the anticipated work remaining as a condition of its continued work on this Engagement. If, at the conclusion of this Engagement, the total fees and expenses are less than the advance retainer amount, the unused portion of the advance retainer shall be refunded.

5.      <u>Billing Practices</u>. The Client will receive periodic statements showing services rendered and disbursements advanced. Where applicable, the statement will include an invoice for any amount due in excess of the retainer balance, which the Client agrees to pay upon presentment. Payment of all invoices is an express condition of our continued representation.

6.      <u>Notice</u>. All notifications and statements will be sent to the Client by email to ari@teman.com and daniel@teman.com. If at any point the Client wishes to use a different address, please notify the Firm in writing.

7.      <u>Cooperation with Counsel</u>. The Client's cooperation is essential to our ability to represent the Client effectively. To that end, the Client agrees to provide the Firm with relevant records and documents; to be available on reasonable notice for meetings, teleconferences, and court appearances; to inform the Firm of any relevant changes in the Client's circumstances; and to notify the Firm of any changes of address or extended absences to ensure that we stay in communication. The individual(s) signing on behalf of the Client below represents that s/he is authorized to make decisions and provide instructions on behalf of the Client.

8.      <u>No Guarantees</u>. It is impossible to predict the result or success of any Engagement. The Client acknowledges that neither this letter nor any statements previously made to you or anyone else acting on behalf of the Client may be construed as a promise or guarantee relating to the outcome of this matter. Similarly, it is impossible to estimate the total cost of this Engagement. While the Firm may try to predict the cost of a particular service to help the Client with budgeting, the Client acknowledges that this is only an estimate.

9.      <u>Insurance Coverage</u>. The Client may have an insurance policy that provides a defense or indemnification regarding certain kinds of legal matters. If the Client has insurance coverage in connection with this Engagement, you should notify your insurance carrier immediately. If the Client would like the Firm to review its insurance policy to determine whether this Engagement may be wholly and partially covered, please notify the Firm in writing, and provide a copy of the entire policy for our review.

10.      <u>Means of Communication</u>. The Firm uses email, cellular, and other electronic communication devices that are not guaranteed to be secure. If the Client prefers that a particular communication to be conducted via a more secure method, please notify the Firm in writing so that we may make the appropriate arrangements.

Ari Teman
Daniel Gabbay
November 13, 2025
Page 3



FRYMAN·PC
Attorneys·at·Law

11.     <u>Consent to Use of Information</u>. The Client agrees that, for marketing purposes, the Firm may identify the Client as a client and disclose a summary of this Engagement, including the general result achieved, on the condition that such disclosure does not include any confidential information and otherwise complies with the applicable ethical rules.

12.     <u>Termination of Services</u>. The Client has the right to discharge the Firm as its attorneys at any time but must pay all fees incurred up to the date that the Firm receives notification of such discharge. The Firm reserves the right to resign as the Client's attorneys at any time and to be paid for all services rendered up to the date of resignation. If a dispute arises between us relating to our fees, the Client agrees to submit to arbitration pursuant to Part 137 of the Rules of the Chief Administrator of the Courts (http://ww2.nycourts.gov/rules/chiefadmin/137.shtml), a copy of which will be provided upon request.

13.     <u>Miscellaneous</u>. This letter contains the entire agreement between the Firm and the Client regarding the provision of legal services and may only be modified or amended in writing. Each party signing below shall be jointly and severally responsible for all obligations owed to the Firm. Each individual signing this letter on behalf of a party represents that he or she has the requisite authority to execute this letter on behalf of such party and is authorized to make decisions and provide instructions for such party. In the event of a dispute regarding this letter, this Engagement, or the Firm's representation of the Client, New York law shall apply. This letter may be executed in any number of counterparts, including via electronic or digital signatures, all of which together shall constitute a single original agreement.

If the terms of this letter are acceptable, please confirm the Client's agreement by signing in the space indicated below and return the signed copy to the Firm along with payment in the amount of the retainer, as stated above.

Thank you for the opportunity to represent you. I appreciate your confidence in selecting our firm and look forward to working together.

Very truly yours,

David J. Fryman

UNDERSTOOD AND AGREED TO:

Ari Teman

Dated:   11/13/2025

GASEGUARD INC.

By:   Daniel Gabbay

Daniel Gabbay, CEO

Dated:   11/13/2025

Docusign Envelope ID: E9E6C491-3A4C-4B11-B970-16BCD60CFA25

Ari Teman
Daniel Gabbay
November 13, 2025
Page 4

