UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.,

                        Plaintiff,

            v.

AMAZON.COM, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM SERVICES LLC,
AMAZON LOGISTICS, INC.,
RING LLC,

                        Defendants.

No. 21 Civ. 9321 (JGK) (GWG)

## AMAZON'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO THE *PRO SE* MOTION OF ARI TEMAN TO INTERVENE AS A PLAINTIFF

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

*Attorneys for Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Logistics, Inc., and Ring LLC*

Pursuant to the Court's Order of March 20, 2026 (ECF No. 314), Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Logistics, Inc., and Ring LLC (collectively, "Amazon") respectfully submit this reply memorandum of law in further opposition to the *pro se* motion of non-party Ari Teman to intervene as a plaintiff in this action (ECF No. 312).

## ARGUMENT

Ari Teman's motion to intervene should be denied.

*First*, Teman's response memorandum dated April 13, 2026, does not state any colorable reason why Teman did not timely move to intervene, or why GateGuard's interests are not those of Teman.  *See* ECF No. 321 at 2–3 (confirming Teman's personal involvement in this lawsuit). As Judge Caproni said when denying Mr. Teman's similar motion to intervene in another civil action brought by GateGuard, "[t]he Court need not recount all the ways in which this motion is frivolous."  *GateGuard v. Goldmont Realty Corp., et al.*, No. 20 Civ. 1609 (VEC), ECF No. 229 at 13 (S.D.N.Y. Apr. 30, 2026).

*Second*, GateGuard was ordered to state its position on Teman's motion, but never did so, demonstrating it cannot support any aspect of Teman's argument.  *See* ECF No. 314 (ordering that "[t]he parties shall respond to Mr. Teman's motion to intervene by April 10, 2026").

*Third*, GateGuard's current counsel has moved to withdraw, which is further evidence of Teman's intent to conduct an end-run around the rule that corporations must be represented by counsel, by adopting GateGuard's litigation position and attempting to advance it *pro se*.  *See* ECF No. 336.

*Fourth*, Teman's claimed interest in his attorney-client privilege is not a basis to intervene because any privilege over these documents has long been waived, as Teman admits in his malpractice lawsuit against GateGuard's former counsel, which seeks money damages for the

1

disclosure of allegedly privileged materials to Amazon in this action. *See Teman v. Quainton et al.*, No. 26 Civ. 3083 (LTS) (S.D.N.Y. Apr. 15, 2026), ECF No. 1 (Complaint). Furthermore, even if privilege had not been waived, that still would not be a sufficient basis to intervene here because Teman himself cannot pursue any of the claims that GateGuard has brought against Amazon.

*Fifth*, Teman continues to send harassing emails to senior Amazon executives in connection with this action, including as recently as last Saturday, May 9, further demonstrating why his intervention motion should be denied. If Teman continues with his harassing emails, Amazon will seek a restraining order.

*Sixth*, Teman remains a convicted felon and a fugitive from justice who has abused his privilege as a *pro se* litigant by pursuing frivolous claims in numerous lawsuits in this Court. Teman should not be permitted to continue to waste the time and resources of the District's Office of Pro Se Litigation and the Judges of this Court.

## CONCLUSION

For the foregoing reasons, the Court should deny Teman's motion to intervene.

2

Dated: New York, New York
       May 15, 2026

By:  */s/ Christopher D. Belelieu*
     Christopher D. Belelieu

     GIBSON, DUNN & CRUTCHER LLP
     Christopher D. Belelieu
     David P. Salant
     Rachel Katzin

     200 Park Avenue
     New York, NY  10166-0193
     Telephone:  (212) 351-4000
     CBelelieu@gibsondunn.com
     DSalant@gibsondunn.com
     RKatzin@gibsondunn.com

     *Attorneys for Defendants Amazon.com, Inc.,*
     *Amazon.com Services LLC, Amazon Logistics, Inc.,*
     *and Ring LLC*

3

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c) and the Court's Individual Rule II(D), counsel hereby certifies that the foregoing memorandum of law complies with the Court's applicable formatting rules.  As measured by the word processing system used to prepare it, this memorandum contains 474 words.

Dated: New York, New York
  May 15, 2026        By: */s/ Christopher D. Belelieu*
                  Christopher D. Belelieu