UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GATEGUARD, INC.,

Plaintiff,

v. No. 21 Civ. 9321 (JGK) (GWG)
AMAZON.COM, INC., AMAZON.COM SERVICES,
INC., AMAZON.COM SERVICES LLC, AMAZON
LOGISTICS, INC., and RING LLC,

Defendants.

---

## REPLY IN FURTHER SUPPORT OF THE MOTION OF ARI TEMAN

## TO INTERVENE

Ari Teman respectfully submits this reply in further support of his motion to intervene (ECF No. 312) and in response to Amazon's reply memorandum in opposition (ECF No. 341). Amazon's opposition rests almost entirely on personal attacks and collateral matters. It does not engage with the requirements of Rule 24 or with the substantial personal interests that warrant intervention here.

At the threshold, the premise running through Amazon's opposition—that intervention is an attempt to litigate GateGuard's claims pro se and thereby evade the rule that a corporation must appear through counsel—is simply wrong. As set forth in GateGuard's June 10, 2026 letter to the Court (ECF No. 340), GateGuard has secured commitments from counsel to appear. Eden P. Quainton, Esq., who previously appeared in this matter, is prepared to re-enter his appearance, and Josef Timlichman, Esq. is prepared to appear on GateGuard's behalf. GateGuard will therefore be represented by counsel, and Amazon's "end-run" theory disappears. GateGuard supports intervention, and intends to so advise the Court through counsel upon their appearance. Mr. Teman seeks to protect his own distinct interests as an individual; he does not seek to prosecute GateGuard's corporate claims himself.

Amazon's six numbered points do not withstand scrutiny.

1

First, Amazon's timeliness argument identifies no prejudice whatsoever. Amazon does not contend that intervention would require reopening discovery, modifying existing deadlines, duplicating completed proceedings, or any other meaningful expenditure of resources. Under Rule 24, timeliness is assessed in light of all the circumstances, including when the applicant learned that his interests were no longer adequately protected. Recent developments—concerning privileged communications, the posture of GateGuard's representation, and counsel's motion to withdraw (ECF No. 336)—are precisely what crystallized the need for Mr. Teman to protect his own interests. The complete absence of prejudice weighs heavily in favor of the motion.

Second, Amazon turns GateGuard's prior silence and its counsel's motion to withdraw into arguments against intervention. They are the opposite. A corporation's failure to respond, and the departure of its counsel, are concrete demonstrations that the corporate entity may not adequately represent the distinct interests of its founder, chief executive, privilege holder, witness, and majority owner. That is the classic Rule 24(a) showing of inadequate representation, not a reason to deny intervention. And the premise no longer holds in any event: counsel are appearing for GateGuard.

Third, the "end-run around the corporate-counsel rule" argument fails on its own terms. Mr. Teman is not asking to speak for GateGuard. He founded GateGuard, serves as its Chief Executive Officer, and is the majority owner of its parent. He personally participated in many of the events underlying the claims and defenses, and he holds interests—including in communications in which he participated, confidential information concerning him, and the handling of privilege issues directly affecting him—that are distinct from those of the corporate entity. With counsel appearing for GateGuard, there is no risk that Mr. Teman is litigating the corporation's claims by proxy.

Fourth, Amazon's privilege argument misapprehends the issue. Amazon contends that any privilege has been waived, pointing to Mr. Teman's malpractice action against former counsel. But whether privilege was waived, by whom, as to which documents, to what extent, and under what circumstances are sharply disputed questions—and the existence of those disputes is itself a reason intervention is warranted, not a reason to deny it. Mr. Teman's malpractice claim seeks damages

2

for the disclosure of materials he contends were privileged; it does not concede that the disclosure was authorized or that his privilege has been extinguished for all purposes. Amazon effectively asks the Court to resolve the waiver question in its favor while excluding from the proceeding the very person whose communications are at stake. Rule 24 does not compel that result.

Fifth, Amazon's reference to correspondence with its executives is irrelevant to the Rule 24 analysis. Amazon identifies no court order prohibiting such communications and cites no authority suggesting that correspondence with corporate executives bears on whether intervention is warranted. Amazon's suggestion that it may someday seek a restraining order is speculation about a hypothetical future motion and has no bearing on the question presently before the Court.

Sixth, Amazon's invocation of Mr. Teman's criminal proceedings, appellate proceedings, and other litigation, and its characterization of him as a "fugitive" and a litigant who "wastes" judicial resources, are improper and irrelevant. Rule 24 contains no exception for parties an opponent dislikes. The questions before the Court are whether Mr. Teman possesses interests relating to the subject matter of this action that may be impaired absent intervention, and whether those interests are adequately represented by existing parties. Amazon's opposition studiously avoids both. Nor does Amazon dispute that Mr. Teman was personally involved in the events underlying the claims and defenses in this action—a fact Amazon itself has previously acknowledged.

The elements of Rule 24(a)(2) are squarely met. Mr. Teman has a direct, substantial, and legally protectable interest relating to the transactions and occurrences at issue in this litigation. Disposition of this action may, as a practical matter, impair or impede his ability to protect those interests, and no existing party adequately represents them—particularly given GateGuard's prior silence and the withdrawal of its counsel. The motion is timely, and intervention will cause no party any prejudice.

Notably, Amazon never actually disputes that Mr. Teman possesses substantial interests relating to the subject matter of this litigation. It attacks him personally while failing to identify any concrete prejudice that intervention would cause. Because intervention will prejudice no party and

3

is necessary to protect interests that may otherwise be impaired—and because GateGuard will be represented by counsel—the motion should be granted.

For the foregoing reasons, Mr. Teman respectfully requests that the Court grant the motion to intervene.

Dated: New York, New York

June 10, 2026

Respectfully submitted,

/s/ Ari Teman
**Ari Teman**
Pro Se Intervenor
ari@teman.com
212-203-3714