**Ari Teman**
Chief Executive Officer, GateGuard, Inc.
Pro Se Intervenor
ari@teman.com | 212-203-3714

June 10, 2026

MEMORANDUM ENDORSED

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   ***GateGuard, Inc. v. Amazon.com, Inc., et al.,***
> **No. 21 Civ. 9321 (JGK) (GWG)**

Dear Judge Koeltl:

I write as Chief Executive Officer of plaintiff GateGuard, Inc. and as pro se intervenor, in response to the Court's Order of May 1, 2026 (Docket # 335). This letter is respectfully directed to Your Honor because the assigned Magistrate Judge has requested that filings not be emailed to his chambers. Because the deadline addressed below falls today, and because submissions made through the Pro Se Office's email-filing process are sometimes subject to delays of days or, on occasion, weeks before they appear on the docket, I am also copying Your Honor's chambers to ensure the Court is timely apprised of this request. For the good cause set forth below, GateGuard respectfully requests that the Court extend the deadline for counsel to appear to June 22, 2026. GateGuard does not seek to disturb the June 24, 2026 deadline for the in camera production required by Docket # 304, and will comply with it.

GateGuard has secured commitments from two attorneys to appear, subject only to completion of engagement documentation and their existing trial and mediation obligations. Eden P. Quainton, Esq., who previously appeared in this matter, is prepared to re-enter his appearance, and Josef Timlichman, Esq. is prepared to appear on GateGuard's behalf. Mr. Quainton is engaged in a mediation today, and Mr. Timlichman is presently on trial; for that reason, neither can reliably file a notice of appearance by the close of business today, June 10, 2026.

The need to retain replacement counsel arose after a prior attorney, experienced in litigation against Amazon, committed to providing a retainer agreement and then unexpectedly became unresponsive while in trial in another matter. GateGuard relied on that commitment in good faith, and only as this Court's deadline approached did it become clear that GateGuard would need to secure new counsel within a compressed period.

During the relevant period, I was also actively litigating several other federal matters in this District with overlapping deadlines, including Teman v. Zeldes, Needle & Cooper, P.C., No. 1:24-cv-09830, and Teman v. MedPro Group, Inc., No. 1:26-cv-03517, both of which required responses to discovery and motions on a compressed schedule. In retrospect, I should have recognized sooner that I could not reasonably manage all of those obligations, secure replacement

counsel, and meet every deadline without requesting additional time. I regret not seeking an extension earlier, and respectfully submit that the failure to do so was an error in estimating how much I could accomplish and how much work preparing for those other matters would entail, not a lack of diligence or disregard of the Court's Order.

GateGuard remains committed to complying fully with the Court's Order, and will produce the documents required by Docket # 304 for ex parte and in camera review by the June 24, 2026 deadline. I have reviewed and compiled the documents identified by Amazon's counsel, Mr. Salant, who identified three docket numbers with lists of documents, and I have done my best to match those listed documents with the discovery files produced by Mr. Quainton. Because I am not an attorney and certain Bates numbers were not clearly legible, I wish to be candid that this was a good-faith, best effort; to the extent any documents are missing or incorrectly matched, counsel will be able to retrieve and provide the correct documents upon notice.

Telephone call logs reflecting my recent calls with both Mr. Quainton and Mr. Timlichman are reproduced as Exhibit A, with telephone numbers redacted. The brief extension requested will not prejudice any party or delay the in camera production. GateGuard understands the Court's admonition that this action may be dismissed if counsel does not appear, and respectfully submits that the limited additional time sought is warranted for good cause. I thank the Court for its consideration.

Respectfully submitted,

/s/ Ari Teman
Ari Teman
Chief Executive Officer, GateGuard, Inc.
Pro Se Intervenor

The Court will not consider any filings by Ari Teman until the motion to intervene is decided. To the extent that this letter purports to be from plaintiff GateGuard, Inc., the Court will not consider it as the plaintiff is represented in this matter by an attorney (see Docket # 342). Mr. Teman is directed to stop filing materials on this docket sheet or communicating with the Chambers of any judge assigned to this case by any means until the motion to intervene is decided. Any violation of this Order may result in sanctions, including but not limited to denial of the motion to intervene.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 15, 2026