# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
Fax: +1 212.817.9586
DSalant@gibsondunn.com

June 29, 2026

**VIA ECF**

The Honorable Gabriel W. Gorenstein, U.S.M.J.
U.S. District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 519
New York, NY 10007

Re:     *GateGuard, Inc. v. Amazon.com, Inc.*, No. 21 Civ. 9321 (JGK) (GWG)

Dear Judge Gorenstein:

On behalf of Defendants in the above-captioned action ("Amazon"), and pursuant to Rule 2(A) of Your Honor's Individual Practices, we respectfully submit this pre-motion letter seeking a conference and leave to move to dismiss and for discovery sanctions pursuant to Federal Rules of Civil Procedure 41(b) and 37(d), in light of recent case developments. On June 25, 28, and 29, Amazon asked Plaintiff GateGuard to meet and confer. GateGuard said it could at speak at 5 p.m. today, and then failed to appear at the scheduled conference.

*First*, **GateGuard's counsel is conflicted because he is being sued for malpractice based on his work in this action.** On May 1, 2026, this Court "reluctantly" granted the application of GateGuard's CEO, Ari Teman, for more time to find GateGuard new counsel and warned Mr. Teman that, if counsel did not appear by June 10, "this case will likely be dismissed." ECF No. 335 at 1. On June 10, 2026, attorney Eden Quainton entered his appearance for GateGuard. ECF No. 342. Mr. Quainton is not new counsel to GateGuard in this case. He represented GateGuard in this action from its inception in November 2021 until 2025, when he moved to withdraw, declaring that "the attorney-client relationship has irreparably deteriorated." ECF No. 284 ¶ 3. On August 14, 2025, following an *ex parte* conference, Judge Figueredo granted Mr. Quainton's motion to withdraw. ECF No. 287. On April 15, 2026, Mr. Teman sued Mr. Quainton and his team for legal malpractice, accusing them of "misconduct . . . in connection with their representation of Plaintiff in multiple litigations, including GateGuard v. Amazon[.]" *Teman v. Quainton*, No. 26 Civ. 3083 (KPF), ECF No. 1 ¶ 1 (S.D.N.Y. Apr. 15, 2026).

Mr. Quainton's simultaneous roles as counsel to GateGuard and defendant in Mr. Teman's malpractice suit violate New York's Rules of Professional Conduct ("NYRPC") and present an unwaivable conflict. Mr. Quainton is being sued for misconduct during discovery in this very case, including allegedly causing GateGuard's waiver of attorney-client privilege over many documents. He necessarily will be representing conflicting interests across the two actions—GateGuard's and his own—and there is "a significant risk that [his] professional judgment . . . will be adversely affected by . . . [his] own financial, business, property or other

# GIBSON DUNN

Hon. Gabriel W. Gorenstein, U.S.M.J.
June 29, 2026
Page 2

personal interests."  NYRPC 1.7(a).  Mr. Quainton's resumed "involvement in the litigation underlying th[e] malpractice action presents one of the rare instances where an attorney's presence poses a significant risk of trial taint."  *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 236 (S.D.N.Y. 2010) (disqualifying counsel due to malpractice suit relating to underlying representation).  If Mr. Quainton believes he can represent GateGuard in this action, he misled the Court in saying his relationship with GateGuard was "*irreparably* deteriorated."  ECF No. 284 ¶ 3 (emphasis added).  He also cannot "reasonably believe[ ] that [he] will be able to provide competent and diligent representation to" GateGuard while defending the malpractice suit against him.  NYRPC 1.7(b); *see Anderson v. Nassau Cnty. Dept. of Corrections*, 376 F. Supp. 2d 294, 300–01 (E.D.N.Y. 2005) (disqualifying counsel based on concurrent adverse representation, notwithstanding client's waiver).  This unusual situation presents an unwaivable conflict of interest and warrants disqualification.

Because GateGuard could not find acceptable counsel by the Court's June 10 deadline, the case should be dismissed.  ECF No. 335 at 1; *see GateGuard, Inc. v. MVI Sys. LLC et al.*, No. 19 Civ. 2472 (JLR), ECF No. 250 (S.D.N.Y. Oct. 10, 2025) (dismissing GateGuard' lawsuit for failure to obtain counsel); *Teman et al. v. Deel, Inc.*, No. 25 Civ. 5852 (JMF), ECF No. 23 (S.D.N.Y. Oct. 21, 2025) (dismissing GateGuard's claims for failure to obtain counsel).

*Second*, **Plaintiff GateGuard and its CEO Ari Teman failed to appear for their duly-noticed depositions.**  On February 27, 2026, the parties stipulated, and the Court ordered, that GateGuard would "make Ari Teman available for deposition in his personal capacity and as GateGuard's Rule 30(b)(6) designee" by July 17, 2026.  ECF No. 307 at 2.  On April 3, 2026, Amazon served GateGuard with notices of deposition for June 23 and 24, 2026.  On June 12, 2026, Amazon served these deposition notices again, on GateGuard's new counsel Mr. Quainton.  Neither Mr. Teman nor Mr. Quainton appeared at either deposition, causing Amazon to waste time and money on deposition preparation and stenographer and videographer bookings.  Transcripts reflecting these events are attached as **Exhibits 1 and 2**.

GateGuard and Mr. Teman have no excuse for failing to appear.  GateGuard's counsel asserted, incredibly, that he "had no knowledge" of the June 23 deposition.  Amazon served notices of deposition more than two months in advance and re-served them on Mr. Quainton when he appeared.  Moreover, after indicating at 12:44 a.m. on June 24 that he would attend that day's Rule 30(b)(6) deposition, GateGuard's counsel wrote at 9:12 a.m.—18 minutes before the deposition's noticed start time—that he could not attend the deposition because he had "run into a transportation problem" and also because he was committed to attend a different deposition.  If counsel knew he had a previously scheduled deposition, he should not have told Amazon that he would attend this one.  Finally, GateGuard's morning-of objections to Amazon's noticed topics for examination do not justify the nonappearance.  Amazon has noticed GateGuard's Rule 30(b)(6) deposition four times since 2023.  Amazon twice asked GateGuard to meet and confer on the noticed topics for examination.  GateGuard did not.  Instead, GateGuard proceeded to schedule these depositions with Amazon, only to pull out

# GIBSON DUNN

Hon. Gabriel W. Gorenstein, U.S.M.J.
June 29, 2026
Page 3

each time, demonstrating that GateGuard was ready to proceed with its 30(b)(6) deposition and waived its newfound objections to the topics.[1]

GateGuard's conduct warrants dismissal for failure to prosecute and discovery sanctions. This case cannot proceed without the depositions of Mr. Teman individually and on behalf of GateGuard because he appears to be the sole witness to GateGuard's surviving claims of trade secret misappropriation and tortious interference. Amazon is entitled to take these depositions in person in this District, where GateGuard chose to sue. *See Baring Indus., Inc. v. Rosen*, 2025 WL 2320379, at *1 (S.D.N.Y. Jul. 10, 2025). Mr. Teman's unwillingness to appear over the years has made discovery impossible to complete, and dismissal for failure to prosecute is the necessary remedy. Fed. R. Civ. P. 41(b); *see GateGuard v. Goldmont Realty*, No. 20 Civ. 1609 (VEC), ECF No. 216 (S.D.N.Y. Nov. 17, 2025) (Caproni, J.) (dismissing GateGuard's lawsuit for failure to prosecute after Mr. Teman failed to appear at arbitration). GateGuard also should be sanctioned for its failure to appear and ordered to pay not only the costs of the wasted stenographer and videographer reservations, but also Amazon's fees for deposition preparation time and the preparation of its sanctions motion. Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3); *see Accettola v. Mei He*, 2024 WL 3274436, at *2, 4 (S.D.N.Y. Jul. 1, 2024).

**Third**, **GateGuard failed to produce necessary written discovery.** On April 3, 2026, Amazon served requests for production and interrogatories relating to GateGuard's newly asserted trade-secrets-copying theory. On May 5, after GateGuard did not respond to Amazon's discovery requests by its May 4 deadline, Amazon told GateGuard that it intended to move to compel GateGuard's responses. To resolve the dispute, the parties stipulated that GateGuard would respond to Amazon's April 3 discovery requests by June 24, 2026. ECF No. 340 at 2. The stipulation's stated purpose was "to place any prospective new counsel on notice of this deadline." *Id.* at 1. Yet GateGuard never responded to the discovery requests.

Once again, GateGuard has made it impossible to complete needed discovery in this case, and the appropriate remedy is dismissal. Among Amazon's requests were the production of a "functioning GateGuard device" and the specification of GateGuard's allegedly misappropriated trade secrets. Amazon is unable to investigate or defend against the claim that Amazon copied GateGuard's device and trade secrets if it cannot examine the device against a list of allegedly misappropriated intellectual property. GateGuard's repeated failure to meet written discovery deadlines is another basis for dismissal. *See Beauford v. Doe #1*, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2007) (Koeltl, J.) ("This case cannot proceed without the plaintiff's prosecution of it and his availability and willingness to respond to discovery requests.").

---

[1] For his part, Mr. Teman appears to have been available and had no excuse not to show. Mr. Teman spent the time that should have been used to prepare for and travel to his depositions sending threatening, obscene emails to individuals involved in this case. *See, e.g.*, **Exhibit 3**.

# GIBSON DUNN

Hon. Gabriel W. Gorenstein, U.S.M.J.
June 29, 2026
Page 4

     ***Fourth***, **GateGuard failed to comply with the Court's May 1 order to produce withheld documents.**  On May 1, 2026, this Court set a hard-and-fast June 24, 2026 deadline for GateGuard to produce *ex parte* a set of documents over which GateGuard waived claims of privilege yet had withheld from production.  ECF No. 335 at 2.  On June 25, one day after its deadline, GateGuard claimed to produce these documents across six sealed docket entries.  ECF Nos. 349–54.  GateGuard said it produced "approximately 913 responsive documents exceeding 8,000 pages," ECF No. 348, but this figure is well short of the 2,240 documents Amazon counted on GateGuard's privilege log, as well as what Mr. Quainton himself told the Court totaled "1,600 entries covering 30,000 pages," ECF No. 220 at 10 n.2, all of which were ordered for production.  GateGuard's late and incomplete production is another example of its noncompliance with Court-ordered deadlines and another reason to dismiss this case for failure to prosecute.  Fed. R. Civ. P. 41(b); *see Gonzalez v. City of New York*, 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018).

     We thank the Court for its consideration.

Respectfully submitted,

*/s/ David Salant*
David Salant

CC: All counsel of record (via ECF)