UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.,

Plaintiff,

-against-

AMAZON.COM, INC.,

Defendant.

No. 21-cv-9321 (JGK)(GWG)

**CERTIFICATION OF EDEN P. QUAINTON IN RESPONSE TO AMAZON'S JUNE 29, 2026 PRE-MOTION LETTER (ECF NO. 356)**

I, Eden P. Quainton, pursuant to 28 U.S.C. § 1746, hereby certify and declare as follows:

1. I am the principal of Quainton Law, PLLC, and counsel of record for Plaintiff GateGuard, Inc. ("GateGuard") in this action. I am admitted to practice before this Court. I submit this certification in response to the June 29, 2026 pre-motion letter filed by Defendant Amazon.com, Inc. ("Amazon") (ECF No. 356), and to place before the Court the complete correspondence between counsel concerning the matters that letter raises. Except where a statement is made on information and belief, I have personal knowledge of the facts set forth below, and if called as a witness I could and would testify competently to them.

2. Attached as **Exhibit A** is a true and correct copy of the complete email correspondence between me and counsel for Amazon concerning the depositions of Mr. Teman and the parties' meet-and-confer, from June 12, 2026 through July 1, 2026. Amazon's counsel has requested that the full record of that correspondence be placed before the Court, and GateGuard agrees that it should be.

3. I represented GateGuard in this action from its inception. After a period during which the matter was handled by other counsel, I re-entered my appearance for GateGuard on June 10, 2026.

4. The notices for the depositions of Mr. Teman — in his personal capacity and as GateGuard's Rule 30(b)(6) designee — were served on April 3, 2026 on GateGuard's then-counsel, not on me. On June 12, 2026, Amazon's counsel forwarded the notices to me as a courtesy, in a single email addressed to both my Quainton Law email address and my personal email address. I did not see that email before the deposition dates: in my personal email account it was routed to a trash folder and remained unread, and I likewise did not see the copy sent to my Quainton Law address. Between June 12 and the June 23 and 24 deposition dates, Amazon made no further effort to confirm my or Mr. Teman's receipt of the notices or availability — whether by a follow-up email or by a telephone call to my cell phone, the number of which Amazon's counsel has — and did not communicate with me about those dates until Mr. Salant telephoned me on the morning of June 23, 2026. I first became aware of the June 23 and 24 deposition dates at that time.

5. On June 23, 2026, I was engaged in a previously scheduled, all-day deposition in an unrelated matter. I responded to Mr. Salant's message by email that morning, advising that I was in a deposition all day and proposing that we speak after 3:00 p.m. That same day, before any meet-and-confer had taken place, Amazon's counsel advised by email that Amazon intended to apply for discovery sanctions and to dismiss this action. In that email and in the days that followed, I proposed that the parties meet and confer and offered to discuss rescheduling.

6. By order (ECF No. 307), the Court set July 17, 2026 as the deadline for GateGuard to make Mr. Teman available for deposition, in his personal capacity and as GateGuard's Rule 30(b)(6) designee. That deadline has not passed.

7. I was unable to attend the Rule 30(b)(6) deposition Amazon had noticed for the morning of June 24, 2026 because of a previously scheduled deposition in another matter, of which I advised Amazon. I also advised Amazon that no meet-and-confer had taken place regarding the topics listed in Amazon's Rule 30(b)(6) notice. GateGuard's predecessor counsel confirmed to me that no such meet-and-confer had occurred.

8. Beginning on June 28, 2026, I sought to arrange a meet-and-confer with Amazon's counsel. On June 29, 2026, I advised Amazon's counsel that I was engaged in jury selection in another matter that day and was available to confer after 5:00 p.m. Amazon's counsel circulated a video-conference invitation for 5:00 p.m. I did not see that invitation until later in the evening, as I remained occupied with jury selection, and the parties did not connect at 5:00 p.m. Amazon filed its pre-motion letter (ECF No. 356) that evening; Amazon's counsel has stated that Amazon's team waited 25 minutes after 5:00 p.m. before doing so. I responded by email at approximately 6:43 p.m., and the parties held a meet-and-confer by video conference at 7:00 p.m. on June 29, 2026. The parties held a second meet-and-confer by telephone at 1:00 p.m. on June 30, 2026.

9. During those conferences and the ensuing correspondence, the parties addressed the rescheduling of Mr. Teman's depositions. Mr. Teman has represented to me that he has a medical condition that presently precludes air travel pending a surgical procedure, and that he expects to be cleared to travel by approximately mid-to-late August 2026. I conveyed the substance of that constraint to Amazon's counsel. To complete the depositions within the Court's July 17, 2026 deadline notwithstanding that constraint, GateGuard offered to proceed by video, or in person in Tel Aviv, where Amazon maintains offices. Amazon declined both options and took the position that the depositions must proceed in person in New York. In a July 1, 2026 email, Amazon's counsel stated that, if Mr. Teman expects to be available for a deposition in New York in August,

I should so advise the Court, and that such a deposition "might be selected as the outcome here over [Amazon's] objection." In reliance on Amazon's representation that it would withdraw the portion of its motion directed to the depositions, GateGuard agreed to reimburse Amazon for the approximately $1,500 in court-reporter cancellation costs Amazon states it incurred for the June 23 and 24 sessions. Amazon has since stated that it does not consent to any extension of the July 17, 2026 deadline. I further advised Amazon that Mr. Teman is seeking to obtain and provide documentation of his medical condition and of the timing of his anticipated clearance to travel.

10. On June 30, 2026, Mr. Teman submitted to the Court's Pro Se Intake Unit, for filing, a notice of voluntary dismissal with prejudice of the action captioned *Teman v. Quainton*, No. 1:26-cv-03083, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). That is the action on which Amazon's letter relies for its assertion of a disqualifying conflict of interest. I received a copy of Mr. Teman's transmittal to the Pro Se Intake Unit and of the notice, a true and correct copy of which is annexed hereto as **Exhibit B**.

11. The Court directed GateGuard to file the responsive documents identified at Docket No. 304 ex parte and under seal by June 24, 2026 (ECF Nos. 326, 335). Within that deadline, I attempted to make the sealed filing through CM/ECF. The system would not permit it, returning the message: "You are not authorized to seal an entry or document for any of the parties in this case." I then filed a letter motion for leave to file the documents under seal and ex parte (ECF No. 347); CM/ECF continued to refuse the sealed filing, returning the same message, so it appears that my CM/ECF account is not authorized to effect a sealed filing in this case. I also filed a letter documenting the refusal, annexing the system's message and requesting the Court's direction and that the submission be deemed timely (ECF No. 348 & Ex. A). On June 26, 2026, the Court granted leave to file under seal (ECF No. 355). The block on my account was lifted on June 25

and I immediately filed the required documents. I had no reason to anticipate there would be a block on my account as I have filed under seal many times in this action.

12. The correspondence and materials annexed as Exhibits A and B reflect the matters set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1, 2026.

Eden P. Quainton

Eden P. Quainton
Quainton Law, PLLC
2 Park Avenue, 20th Floor
New York, New York 10016
Tel: (212) 419-0575
*Counsel for Plaintiff GateGuard, Inc.*