# EXHIBIT A

*Correspondence between counsel for GateGuard, Inc. and counsel for Amazon.com, Inc. concerning the depositions of Ari Teman and the parties' meet-and-confer*
*June 12 – July 1, 2026*

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com, eden.quainton@quaintonlaw.net
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 12, 2026, 2:29 PM ET
**Subject:** FW: GateGuard v. Amazon, 21 Civ. 9321 (SDNY) - deposition notices

Dear Eden,

Nice to see you back in the GateGuard case. As a courtesy we are forwarding you these deposition notices, which we served on GateGuard on April 3.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Date:** June 23, 2026, 10:45 AM ET
**Subject:** Teman v. Amazon

David,

I saw your voice mail, but I am in a deposition all day. Can we connect later today after 3:00 p.m.?

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Date:** June 23, 2026, 11:25 AM ET
**Subject:** RE: Teman v. Amazon

Eden,

I have been trying to get in touch with you this morning.

As you know we had Mr. Teman's deposition noticed for 9:30 AM today, and you and he did not appear.

Instead it appears you are attending a different deposition in another matter.

This conduct is unacceptable. We intend to make an application for discovery sanctions and to dismiss this case.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 23, 2026, 8:18 PM ET
**Subject:** RE: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

David,

I'm responding to your voicemail and email of this morning. When I saw that you had called, I emailed you at 10:45 a.m. proposing that we connect after 3:00 p.m. I tried you again by telephone this evening but was unable to

reach you, and I'm writing now. I would like to meet and confer with you by telephone as soon as possible. I am available tomorrow morning before 11:00 and then on Thursday all day except from 12:00-1:00 p.m.

Let me be straightforward about what happened, because it bears on your stated intention to move for sanctions and dismissal. Your April 3 notices were served on my predecessor counsel, not on me, and were not brought to my attention when I re-entered the case; and your June 12 courtesy copy did not reach my attention either, owing to an email-routing failure on my end. The first I learned of any deposition was today after you left a voice mail (you also have my cell and unless I missed it you did not try my cell). I was not aware of any urgency and did not listen to the message itself until this evening when I immediately called you, as I had indicated I would. There was no willful disregard of any rule, and I am moving immediately to cure the issue. The notice itself contemplates as much, setting Mr. Teman's deposition for June 23, 2026 "or another date mutually agreed to by the parties." I will produce Mr. Teman, and a Rule 30(b)(6) designee for GateGuard, promptly, on dates we can fix during our call.

As for an application for sanctions and dismissal, that would not be appropriate here. Dismissal is an extreme sanction reserved for willful and contumacious noncompliance, ordinarily following the violation of a court order — none of which is present in a single, inadvertent, immediately curable non-appearance, from which Amazon suffers no cognizable prejudice. A motion on these facts would be premature, and we would oppose it.

In any event, Judge Gorenstein's Individual Practices require that, before any discovery application — including any application under Rule 37 — the moving party confer in good faith by telephone or in person; an exchange of emails does not satisfy that requirement. See Individual Practices of Magistrate Judge Gabriel W. Gorenstein ¶ 2.A (Discovery Motions); S.D.N.Y. Local Civ. R. 37.2. I am available for that conference first thing tomorrow morning — please let me know a time that works, or call me at 202.360.6296 — and I am confident it will resolve this and moot any need for motion practice.

As you know, I take my obligations seriously and will make Mr. Teman available promptly. I look forward to speaking tomorrow morning or as soon on Thursday as you are able. You can reach me tonight until late on my cell phone as well.

Regards,
Eden

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com

**Date:** June 23, 2026, 9:44 PM ET
**Subject:** RE: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Dear Eden,

Thank you for your note.

As you know from my prior email of 11:25 AM today, we believe it is unacceptable for a party to ignore a notice of deposition that was duly served on GateGuard more than two months ago. This is the fourth time we have scheduled Mr. Teman's deposition with plenty of notice. Each of the prior times, Mr. Teman withdrew from the scheduled deposition at the last minute. A clear pattern has emerged whereby Mr. Teman is unwilling or unable to make himself available for deposition. But this case cannot proceed without Mr. Teman's deposition because he is apparently the sole witness to GateGuard's claims of trade secret misappropriation and tortious interference. No documentary evidence, and no other employee or associate of GateGuard, has supported GateGuard's claims. For this reason, the action must be dismissed.

Turning to whether you knew or should have known about today's deposition, in our view, your below recitation is not credible. You are not new counsel to GateGuard in this case. You represented GateGuard in this action for four long years: from its inception in November 2021, until your withdrawal in August 2025. You re-appeared in this case on June 10, 2026. During this interim period, the case was largely quiet, as we waited for new counsel to appear and for the Court's decision on Amazon's motion to dismiss. A cursory review of court orders placed on the docket during your absence would have disclosed a Revised Joint Case Management Plan reflecting that GateGuard had stipulated, and the Court had ordered, to "make Ari Teman available for deposition in his personal capacity and as GateGuard's Rule 30(b)(6) designee." ECF No. 307 at 2. Moreover, you appear to have investigated and now acknowledge that we duly served GateGuard with our deposition notices on April 3, and re-served them on you personally on June 12. Any reasonable case transition discussion with predecessor counsel, or just keeping tabs on your email, would have placed you on notice of today's deposition.

We are happy to meet and confer with you on the question of whether Rule 37 discovery sanctions are appropriate in this context. We think the answer is yes. Will GateGuard agree to pay for the wasted court reporter and videographer bookings? Please let us know.

For now the most urgent thing we have to address is tomorrow's 30(b)(6) deposition of GateGuard. We intend to proceed with this deposition. Will you and Mr. Teman be appearing?

Thank you,
David

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:10 AM ET
**Subject:** RE: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Dear Eden,

It is now past midnight and the morning of GateGuard's 30(b)(6) deposition.

You told us you would be available “tonight until late” to discuss this matter, yet you have left us hanging all night on our urgent question of whether GateGuard will to appear at its deposition tomorrow.

In our view that was unprofessional. There can be no dispute that at this point, you know about tomorrow’s deposition of GateGuard. Your nonresponse tonight caused us to continue preparing for tomorrow’s deposition, and to maintain our stenographer and videographer bookings when they might have been cancelled.

Our team needs to log off for the night. We will be opening the record at 9:30 AM tomorrow. If GateGuard does not appear tomorrow, we will be moving for discovery sanctions.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:15 AM ET
**Subject:** RE: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

David,

You rely on ECF No. 307, and that order resolves this. ECF No. 307 sets the deadline for GateGuard to make Mr. Teman available for deposition - in his personal capacity and as GateGuard's Rule 30(b)(6) designee - by July 17, 2026. We are well within that deadline. There is no missed obligation, and no basis for an application for sanctions or dismissal: GateGuard will produce Mr. Teman, on a mutually agreed date, on or before July 17, exactly as the Court ordered, subject to any extensions that may be granted by the Court in light of intervening changes since the date of Magistrate Figueroda's scheduling order.

Accordingly, we will not be producing Mr. Teman for a 30(b)(6) deposition on June 24. As mentioned earlier, I was unaware that you had noticed one for that date or that you had noticed an absurd 47 topics--none of which were agreed and none of which had been discussed with me, or to my knowledge, with predecessor counsel. I cannot believe you could possibly have met and conferred and agreed on such an absurdly overbroad number of topics with predecessor counsel. You know perfectly well it is improper to proceed with a 30(b)(6) deposition until the parties have met and conferred on the proposed topics. If you do not withdraw and substantially withdraw your proposed topics, we intend to move for a protective order and to seek attorneys fees for your abusive behavior.

Let's try to get back on the right foot her and discuss these topics and narrow them down to something in the realm of reasonableness.

As for deposition fees with respect to the 30(b)(1) deposition, we can take that up at our meet-and-confer.

Congratulations on making partner, by the way.

Thank you,

Eden

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:18 AM ET
**Subject:** Re: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Stop David.

Read my email. You cannot proceed in good faith with a 30(b)(6) deposition when you have made no effort to satisfy your obligation to meet and confer on the proposed topics. I have never seen such a ridiculous list of topics in 30 years of practice. If you insist on maintaining this list or in proceeding with a deposition without satisfying your obligations under the Federal Rules first, we will seek sanctions and attorneys fees.

We can meet and confer tomorrow morning as I proposed.

On Wed, Jun 24, 2026 at 12:10 AM Salant, David P. <DSalant@gibsondunn.com> wrote:

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:28 AM ET
**Subject:** RE: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Dear Eden,

There is nothing wrong with our Rule 30(b)(6) notice. You scheduled this 30(b)(6) deposition with us three prior times against these noticed topics, before cancelling it at the last minute, as you are attempting to do this fourth time. We repeatedly offered to meet and confer on these topics when we served this deposition notice.

Therefore we cannot accept your objection about the topics for examination as a basis to cancel today's deposition. We will proceed to open the record tomorrow morning, and if GateGuard does not show, we will make our record that this duly noticed deposition has been blown, and we can take it from there.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com

**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:29 AM ET
**Subject:** Re: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

When did you offer to talk to me about these topics?

On Wed, Jun 24, 2026 at 12:28 AM Salant, David P. <DSalant@gibsondunn.com> wrote:

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com, CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:31 AM ET
**Subject:** Re: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Please arrange for a zoom link so that I can make a record as well.

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com, CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:34 AM ET
**Subject:** RE: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Dear Eden, there is no Zoom link, this is an in-person deposition. You are welcome to attend. Thank you.

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com, CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:34 AM ET
**Subject:** Re: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Aslo, what are you talking about that I cancelled this deposition three times against these topics? Anne and I discussed Ari's 30(b)(6) a while ago but I do not recall ever having received these topics before. We certainly NEVER met and conferred on the scope of the topics and you must know it your obligation to seek in good faith to meet and confer on 30(b)(6) deposition topics before proceeding with a deposition. If you have any contrary authority, please provide it to me asap.

Thank you,

Eden

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:39 AM ET
**Subject:** Re: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Look at my email. Please provide me with the dates I supposedly cancelled a deposition, evidence that you previously sent me your list of 47 deposition topics and the date on which I and Gibson Dunn met and conferred on the scope of the topics. If you do not, I will note that you are making

affirmative misrepresentations and I really do not appreciate that,
particularly in light of your incendiary email calling me unprofessional.
I would have thought the minimum professionalism would have been to have
contacted me prior the proposed deposition, confirmed my availability and
sought in good faith to confer on your topics.

Eden

On Wed, Jun 24, 2026 at 12:34 AM Salant, David P. <DSalant@gibsondunn.com>
wrote:

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 12:43 AM ET
**Subject:** Re: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Please put me on the list for tomorrow.

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 24, 2026, 8:02 AM ET
**Subject:** Re: GateGuard, Inc. v. Amazon.com, Inc., No. 21 Civ. 9321 (S.D.N.Y.) — deposition of Mr. Teman

Dear Eden, thank you for confirming that you will be attending today's deposition.

As you may remember from the prior depositions in this case, there is a visitor check in desk at the second floor of the MetLife building, 200 Park Avenue at 45th street. They will have your name and send you to the 47th Floor, our Reception, where we will pick you up.

Please let us know if you have any difficulties finding us.

Best,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** June 24, 2026, 9:11 AM ET
**Subject:** GateGuard 30(b)(6) Deposition

Good morning David,

I have run into a transportation problem and I cannot be at the deposition of which I became aware last night. I have a previously scheduled deposition for this morning and I have not been able to rearrange the date of the deposition.

I would request that you read into the record the following statement:

"A 30(b)(6) notice of deposition for GateGuard was served on the predecessor counsel for plaintiff GateGuard, Inc. in the matter of GateGuard, Inc. v. Amazon.com., Inc. , 21-cv-9321, on or about April 3, 2026. As you know Plainitff's counsel, Eden P. Quainton, had re-entered an appearance in the case on June 10, 2026. Other than sending counsel a "courtesy copy" of the notice previously served on GateGuard's counsel, defendant Amazon.com, Inc. made no effort to contact Plaintiff's counsel to determine whether the dates of June 23 and 24 were convenient dates for counsel. Counsel is separately advised by Plaintiff that it has no records of having been notified of any depositions by GateGuard's predecessor counsel. Plaintiff's counsel had depositions previously scheduled for both June 23 and 24 in the separate matter of Anlauf et al. v. UKC et al. MCRO 33-cv-24-80, that could not be rescheduled. In addition, Plaintiff's counsel is lead counsel in another matter, Coleman v. Fairfield University, et al, FBT-CV24-6139203-S for which jury selection begins on June 26, 2026. The proposed topics for the 30(b)(6) deposition of Plaintiff were not discussed with Plaintiff's counsel prior to the proposed deposition and, to counsel's knowledge, no meet and confer to discuss these topics was ever scheduled or conducted, in violation of Rule 30(b)(6) stating that "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Plaintiff objects to the impermissibly broad scope of the 47 topics noticed for deposition and the attempt to proceed with a deposition in the absence of the mandatory meet and confer session. Plaintiff demands that Defendants schedule a meet and confer conference to narrow the scope of the topics prior to rescheduling any deposition. Plaintiff's counsel will work in good faith with Defendants to narrow the topics for examination and schedule a 30(b)(6) deposition at a mutually convenient time."

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com, CBelelieu@gibsondunn.com
**Date:** June 24, 2026, 9:27 AM ET
**Subject:** RE: GateGuard 30(b)(6) Deposition

Dear Eden,

This is obviously very disappointing, and once again the points you are making to us are not credible on their face.

You say you have run into a transportation problem, and also that you have another deposition scheduled for this morning, that presumably you are attending instead of this one. Simultaneously, you promised to make yourself available for a meet and confer last night or this morning, which did not materialize. And now you say you have other case commitments, including a jury trial this week, which will render your unavailable.

If you knew you had a previously scheduled deposition, you should not have told us you would be attending this one, and we could have made a more timely attempt to cancel the stenographer and videographer reservations.

We will not be reading your lengthy statement and demands into the record. We will note for the record that you object to this deposition proceeding. And we can take up your points, with which we disagree, in the forthcoming briefing concerning what has happened yesterday and today.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** June 28, 2026, 8:35 PM ET
**Subject:** Depositions of Ari Teman and GateGuard

David,

I would like to meet and confer with you about the GateGuard 30(b)(6) deposition. I consulted with predecessor counsel and they confirmed there had been no meet and confer so that deposition cannot go forward unless we meet and confer. That is a requirement under the rules and the Court will not give Amazon a pass on this.

With respect to Ari's personal deposition, the deposition notice indicated that we were to agree on a mutually agreeable date. While there was some coordination difficulty, the fact is the date you had selected was not agreeable to me because I had a previously scheduled deposition in another case. Can we discuss a new date asap? I am in the middle of selecting a jury for a case scheduled for which evidence begins immediately after the 4th. I can find a time late in the day tomorrow to talk. Can we speak after 5:00 p.m.?

Please let me know.

Thank you,

Eden

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** CBelelieu@gibsondunn.com
**Date:** June 28, 2026, 8:56 PM ET
**Subject:** Re: Depositions of Ari Teman and GateGuard

Dear Eden,

We asked for an urgent meet and confer on this on Thursday. The events here happened last Tuesday and Wednesday and you repeatedly said you would make yourself available to speak with us, but have not.

Please make yourself available to discuss tonight.

Please let us know any time tonight that works for you.

I can make myself available anytime tonight, including late night.

Thank you,
David

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 29, 2026, 1:01 AM ET

**Subject:** Re: Depositions of Ari Teman and GateGuard

Dear Eden, after responding to your Sunday evening email in 20 minutes, our team stayed up until 1 AM to attempt to accommodate you here, and you did not respond to our email. We wish you had, so that we could have spoken on this tonight.

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 29, 2026, 11:30 AM ET
**Subject:** RE: Depositions of Ari Teman and GateGuard

Dear Eden,

We have not heard back from you on this meet and confer.

We will try one more time to accommodate you – we can speak with you today at 5 PM ET, as you have requested.

I will circulate a calendar invite and dial-in now.

Thank you,
David

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** CBelelieu@gibsondunn.com, RKatzin@gibsondunn.com
**Date:** June 29, 2026, 6:21 PM ET
**Subject:** RE: Depositions of Ari Teman and GateGuard

[redacted]

Dear Eden,

We started this Zoom call at 5 PM and waited 25 minutes for you to appear.

Having been unable to reach you to confer, despite our many attempts, we will proceed to file a pre-motion letter pursuant to Judge Gorenstein’s individual rules.

Please take notice that per the Court’s individual rule 2(A), “the party opposing the requested relief must submit a letter to the Court in response as soon as practicable and in any event within two business days.”

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** CBelelieu@gibsondunn.com
**Date:** June 29, 2026, 6:43 PM ET
**Subject:** Re: Depositions of Ari Teman and GateGuard

I am available David. Please try me now. I have been in jury selection all day and just got out.

On Sun, Jun 28, 2026 at 8:56 PM Salant, David P. <DSalant@gibsondunn.com> wrote:

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** RKatzin@gibsondunn.com
**Date:** June 29, 2026, 7:27 PM ET
**Subject:** Teman Depositions

David,

I just want to make sure I understand. Are you refusing to try to reschedule the two depositions before the July 17th deadline?

Please let me know as soon as possible. Please also provide me the any support you have for the alleged waiver of the right to meet and confer on 30(b)(6) topics.

Thank you,

Eden

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** RKatzin@gibsondunn.com
**Date:** June 30, 2026, 5:30 AM ET
**Subject:** Amazon

David,

I have a follow-up communication from my client I would like to go over with you. Can we have a meet and confer at some point today? I in a deposition but I can step aside to discuss this. Please let me know what works for you.

Thank you,

Eden

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** RKatzin@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** June 30, 2026, 8:44 AM ET
**Subject:** Re: Amazon

Dear Eden,

Yes, we can speak with you today.

Can you do 12 PM or 1 PM ET.

Please let us know.

Thank you.

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** RKatzin@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** June 30, 2026, 11:21 AM ET
**Subject:** RE: Teman Depositions

Dear Eden,

We are open to a resolution here where we reschedule these two depositions between now and July 17, in-person at GDC.

We would ask that GateGuard pay the invoices from Veritext for the wasted deposition reservations on June 23 and 24.

If GateGuard agrees to this, we would drop the point in our letter-motion relating to the missed depositions.

Is GateGuard open to this? Please let us know.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Date:** June 30, 2026, 5:44 PM ET
**Subject:** Re: Teman Depositions

How much is that?

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com, RKatzin@gibsondunn.com
**Cc:** CBelelieu@gibsondunn.com
**Date:** July 1, 2026, 12:18 PM ET
**Subject:** (no subject)

David,

Thank you for speaking yesterday; as I understood it, the parties are working to reschedule Mr. Teman's depositions and you are considering whether the depositions can proceed in Tel Aviv. Mr. Teman has indicated he is hopeful his surgery will be completed by mid-August, and I urged you to consider Tel Aviv because of the difficulties in scheduling medical procedures in Israel at the present time.

Separately, you have indicated you would withdraw your arguments relating to the depositions if GateGuard agreed to cover the cost of the two cancellations. I had asked for the cost, but I did not see a response. In any event, we want to work with you to reschedule the depositions and will agree to pay the cancellation fees, subject to your withdrawal of your position on the depositions. I'm trying to get my reply to your letter filed as soon as possible (as you know, I'm also prepping for trial in another case), so I would appreciate a response as soon as you are able.

Thank you,

Eden

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com, RKatzin@gibsondunn.com
**Cc:** CBelelieu@gibsondunn.com
**Date:** July 1, 2026, 12:35 PM ET
**Subject:** RE:

Dear Eden,

Thank you for your note.

Your note incorrectly describes our recent meet-and-confer calls. To be clear, here is Amazon's position:

Your proposal to take these depositions in Israel is rejected. We require these depositions be taken in person in New York, which is our prerogative under the law because GateGuard chose to sue Amazon in this district. We are also concerned that Mr. Teman's claims of medical hardship are not credible, in light the multiple reschedulings of his depositions in this case, purportedly for various medical reasons, and his similar history of using various medical excuses in his actions before Judge Engelmayer and Judge Caproni.

We still would like to know if GateGuard will pay for the cost of engaging Veritext for the two wasted deposition. The cost is approximately $1,500, and we can send you invoices upon request. Please let us know.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** RKatzin@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** July 1, 2026, 12:43 PM ET
**Subject:** Re:

David,

I don't think that was accurate either. Our conversation ended with you saying that you would consider Mr. Teman's request that the depositions occur in Tel Aviv. I believe you said at least twice that you would take that back to your client. If you are now rejecting the request after talking to your client, that is your prerogative, but please don't suggest that I mischaracterized our call. You also specifically stated that you would work with me to to reschedule the depositions, that you understood Mr. Teman was undergoing surgery and was representing he believed he would be cleared to fly in mid August.

You also specifically stated that you would withdraw your position on the depositions if we agreed to cover the cancellation costs. I am representing to you that we will cover the costs subject to your withdrawing your arguments relating to the depositions.

If I have misstated anything please let me know and let us work to have a clear record for the court.

Thank you,

Eden

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com
**Cc:** RKatzin@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** July 1, 2026, 12:57 PM ET
**Subject:** RE: Re:

Hi Eden, you have misstated the record.

On our call, I repeatedly told you that Amazon's strong preference was for in-person depositions in New York. I said we would take back the Tel Aviv idea, but I did not expect this would work, and that in the meantime we were standing on the position taken in our court letter. I also asked you to follow up with details about Mr. Teman's medical hardship and the scheduling of his procedure, which you did not do. I recommended that if Mr. Teman expects to be available for a deposition in New York in August, you should say so to Judge Gorenstein in your forthcoming opposition letter – and it might be selected as the outcome here over our objection.

Before you suggest to the Court that we are "working to reschedule" anything, which we are not, I am now being clear that your proposal is rejected. Among other reasons, you have not made an adequate record of Mr. Teman's medical hardship in light of him claiming the same and other various problems to avoid his legal obligations in the U.S., and it is extremely burdensome and expensive to fly a team of lawyers, and boxes of documents, to Tel Aviv.

You are also misstating my June 30 email which offered to resolve the deposition scheduling dispute if (1) Mr. Teman would come to New York for his depositions between now and July 17, as GateGuard originally promised and stipulated, and (2) GateGuard pays for the wasted June 23 and June 24 deposition costs. You appear to be agreeing to point (2), but not point (1). Please let us know if GateGuard will accept our full proposal, not just part of it.

If GateGuard is going to make representations about what was said on our calls and emails in its forthcoming court letter, please make sure to include the full record, including this response.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** dsalant@gibsondunn.com, rkatzin@gibsondunn.com, cbelelieu@gibsondunn.com
**Date:** July 1, 2026, 1:11 PM ET
**Subject:** Fwd: Re:

David,

Respectfully, you are misstating -- quite egregiously -- what we agreed on the call. You specifically stated that you would take back our proposal that Mr. Teman sit for his deposition in Tel Aviv to your client. I repeatedly stated I believed that would be a good solution here. If you have gone back to your client and

your client is rejecting that proposal fine, I will inform the court.

You also expressly stated that you would drop you position with respect to the depositions if we agreed to pay the cancellation costs. I have told you that we would do that. I also told you that Mr. Teman was scheduling procedures and hoped to be cleared to fly by mid-August. I was clear with you that in the context of a country at war, a civilian's medical procedures are not the country's priorities. You requested that we provide you with medical information with respect to Mr. Teman's condition and of course we will do that. So I am not quite sure I understand your aggressive tone or your apparent walking back of what we agreed.

In any event and to summarize:

1.You are dropping your arguments with respect to the depositions (this is also memorialized in an email);
2.GateGuard is agreeing to pay for the cancelled depositions;
3.Amazon rejects the in person deposition in Tel Aviv;
4.Mr. Teman is working to schedule all his procedures so that he will be cleared to travel in mid-August.
Mr Teman simply cannot give you a hard date right now because he has both a pre-op appointment and the actual surgery to schedule, but we are working in good faith towards a mid-August date.
Mr. Teman will provide medical confirmation of his condition, his pre-operation and operating dates, and the timing he is definitively cleared for travel.

If there is anything you disagree with in that, please let me know as soon as possible.

Thank you,

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com, RKatzin@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** July 1, 2026, 1:24 PM ET
**Subject:** RE: Re:

Dear Eden,

Amazon is not dropping its arguments with respect to the depositions. My email to you on June 30, and my email to you immediately below on July 1, stated Amazon's offer to you on this subject. The key point you are missing is that we would drop our arguments if GateGuard made Mr. Teman available for his depositions in person in New York by July 17.

Eden, I have to raise another question, which is that the pace and style of your emails indicates you are using generative AI to draft your correspondence with us. Can you please disclose if you are doing so?

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** RKatzin@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** July 1, 2026, 1:34 PM ET
**Subject:** Re: Re:

David,

I'm not going to grace your comment about generative AI with anything elaborate. It's an absurd and completely irrelevant charge.

The important thing is that you are changing your position with respect to what we discussed on the phone.

You specifically acknowledged what I told you about Mr. Teman's medical procedures and you specifically stated you understood.

I think we've taken this as far as we can. I have an email from you in which you said you would drop your arguments if we agreed to pay the deposition costs. You knew perfectly well that Mr. Teman cannot travel by July 17th because I told you so. If you are changing your position from what we expressly discussed on the phone and what your email expressly states, fine.

At this point, we have taken this as far as we can. Judge Gorenstein will weigh the correspondence--all of which I will put in front of him and make make his decision.

Thank you,

Eden

On Wed, Jul 1, 2026 at 1:24 PM Salant, David P. <DSalant@gibsondunn.com> wrote:

---

**From:** equainton@gmail.com
**To:** dsalant@gibsondunn.com, rkatzin@gibsondunn.com, cbelelieu@gibsondunn.com
**Date:** July 1, 2026, 1:38 PM ET
**Subject:** Re: Re:

Eden P. Quainton

Quainton Law, PLLC

2 Park Avenue, 20th Floor

New York, NY 10016

Tel: 212.419.0575

Fax: 212.376.5699.

Cell: 202.360.6296

245 Nassau St.

Princeton, NJ 08540

Tel: 609-356-0526

Cell: 202-360-6296

https://quaintonlaw.net

On Wed, July 1 2026 at 1:11 PM Eden Quainton <equainton@gmail.com> <equainton@gmail.com> wrote:

David,

Respectfully, you are misstating -- quite egregiously -- what we agreed on the call. You specifically stated that you would take back our proposal that Mr. Teman sit for his deposition in Tel Aviv to your client. I repeatedly stated I believed that would be a good solution here. If you have gone back to your client and your client is rejecting that proposal fine, I will inform the court.

You also expressly stated that you would drop you position with respect to the depositions if we agreed to pay the cancellation costs. I have told you that we would do that. I also told you that Mr. Teman was scheduling procedures and hoped to be cleared to fly by mid-August. I was clear with you that in the context of a country at war, a civilian's medical procedures are not the country's priorities. You requested that we provide you with medical information with respect to Mr. Teman's condition and of course we will do that. So I am not quite sure I understand your aggressive tone or your apparent walking back of what we agreed.

In any event and to summarize:

1.You are dropping your arguments with respect to the depositions (this is also memorialized in an email);

2.GateGuard is agreeing to pay for the cancelled depositions;

3.Amazon rejects the in person deposition in Tel Aviv;

4.Mr. Teman is working to schedule all his procedures so that he will be cleared to travel in mid-August.

Mr Teman simply cannot give you a hard date right now because he has both a pre-op appointment and the actual surgery to schedule, but we are working in good faith towards a mid-August date.

Mr. Teman will provide medical confirmation of his condition, his pre-operation and operating dates, and the timing he is definitively cleared for travel.

If there is anything you disagree with in that, please let me know as soon as possible.

Thank you,

---

**From:** DSalant@gibsondunn.com
**To:** equainton@gmail.com

**Cc:** RKatzin@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** July 1, 2026, 1:41 PM ET
**Subject:** RE: Re:

Dear Eden,

I am sorry you will not say whether or not you are using AI to correspond with us. As an AI bot might say: That is disappointing—and telling.

Your below email, once again, has many of the tell-tale signs of an AI-generated message.

We will look forward to your court correspondence and urge you to please attach our correspondence when Amazon has objected to your recitation of what was said.

Thank you,
David

---

**From:** equainton@gmail.com
**To:** DSalant@gibsondunn.com
**Cc:** RKatzin@gibsondunn.com, CBelelieu@gibsondunn.com
**Date:** July 1, 2026, 1:44 PM ET
**Subject:** Re: Re:

David,

Respectfully, you obviously do not know anything about AI drafting. What are the signs, pray tell, of AI drafting in anything I wrote to you?

This is comical at at this point.

Eden

On Wed, Jul 1, 2026 at 1:41 PM Salant, David P. <DSalant@gibsondunn.com> wrote: