GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

David P. Salant
Direct: +1 212.351.2486
Fax: +1 212.817.9586
DSalant@gibsondunn.com

July 31, 2026

**VIA ECF**

The Honorable Gabriel W. Gorenstein, U.S.M.J.
U.S. District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 519
New York, NY 10007

Re: *GateGuard, Inc. v. Amazon.com, Inc.*, No. 21 Civ. 9321 (JGK) (GWG)

Dear Judge Gorenstein:

On behalf of Defendants in the above-captioned action ("Amazon"), and pursuant to the Court's order of July 17, 2026 (ECF No. 360) and paragraph 2.A of the Court's Individual Practices, we respectfully ask the Court to set a deadline of **September 30, 2026**, for Plaintiff GateGuard and its principal Ari Teman to sit for in-person depositions in this District.

Over the past two and a half years, Amazon has attempted to schedule two depositions of Mr. Teman: in his personal capacity and as GateGuard's designated Rule 30(b)(6) corporate representative. Fact discovery closed on February 29, 2024, with the exception that "Amazon may take the deposition of Ari Temen after February 29." ECF No. 140 at 2. On February 27, 2026, the parties stipulated, and the Court ordered, that Mr. Teman's depositions would be completed by July 17, 2026. ECF No. 307 at 2. Amazon noticed the depositions, Mr. Teman failed to appear, and Amazon moved for discovery sanctions. *See* ECF No. 356 at 2–3. By Order dated July 17, 2026, the Court declined to impose sanctions and instructed the parties to attempt to reschedule the depositions. The Court said that "if no agreement can be reached, either party may apply to the Court to set the deadline." ECF No. 360 at 1. On July 17, July 20, July 22, and July 29, 2026, the parties conferred concerning the date and location of Mr. Teman and GateGuard's depositions, but they could not reach agreement. After first agreeing that Mr. Teman would address his alleged health issues and sit for in-person depositions in New York by October 31, 2026, GateGuard now claims Mr. Teman cannot appear until at least January 2027. Such a delay is unjustified and unreasonable.

***First*, GateGuard and its principal must "appear for deposition[s] in New York, the forum where [GateGuard] brought suit."** *Packard v. City of N.Y.*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018). It is well established that a "non-resident plaintiff who chooses this district as his forum [must] appear for deposition in this forum" absent "compelling circumstances" to the contrary. *Clem v. Allied Van Lines Intern. Corp.*, 102 F.R.D. 938 (S.D.N.Y. 1984). This rule applies equally to entity plaintiffs and their managing members and employees. *See Baring Indus., Inc. v. Rosen*, 2025 WL 2320379, at *1 (S.D.N.Y. Jul. 10, 2025) ("Plaintiff must produce employees of its company for depositions in New York."). It also governs the

mode of deposition—in-person or remote—which the deposing party may select. *See Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 2014 WL 1870368 (S.D.N.Y. Apr. 25, 2014) (rejecting deponent's request for remote deposition when foreign government had ordered him to remain in foreign country following jail sentence); *Daly v. Delta Airlines, Inc.*, 1991 WL 33392, at *2 (S.D.N.Y. Mar. 7, 1991) (rejecting plaintiff's request for remote deposition when he could sit for the deposition and "return home in no more than two to three days"). A party "resisting deposition or seeking a protective order bears the burden of showing good cause." *Wei Su v. Sotheby's, Inc.*, 2019 WL 4053917, at *1 (S.D.N.Y. Aug. 28, 2019).

***Second*, Mr. Teman's fugitivity is not good cause to avoid in-person depositions.** Mr. Teman does not wish to travel to the United States because he is a fugitive from justice and would risk arrest upon his return. Following his conviction by a jury and incarceration for wire and bank fraud, Mr. Teman traveled to Israel and failed to return to the United States to face arraignment for violations of his terms of supervised release. Judge Engelmayer held that Mr. Teman "is a fugitive." *United States v. Teman*, No. 19 Cr. 696, ECF No. 575 at 1 (Sept. 10, 2025). The Court of Appeals agreed. *United States v. Teman*, No. 24 Cr. 345, ECF No. 84.1 at 2 (2d Cir. Oct. 30, 2025) ("We conclude that Teman is a fugitive."). Since then, Mr. Teman has remained a fugitive abroad. GateGuard may not exploit Mr. Teman's fugitivity to defer or avoid his depositions in this District. "[T]he possibility or reality of a criminal indictment is irrelevant to a court's decision as to whether a civil deposition of an accused or potential accused should occur here." *Vringo, Inc. v. ZTE Corp.*, 2015 WL 4743573, at *10 (S.D.N.Y. Aug. 12, 2015) (rejecting application for remote deposition). "Any other result would place this Court in the inappropriate role of assisting [the deponent] in his efforts to evade apprehension" on criminal charges. *Doe v. Karadzic*, 1997 WL 45515, at *5 (S.D.N.Y. Feb. 4, 1997) (denying convicted criminal's motion for deposition abroad and directing him to apply for visa to travel to New York for his deposition). GateGuard's counsel represented Mr. Teman in his criminal case and is duty-bound not to assist any person's fugitivity. *See* N.Y. R. Prof'l Cond. 1.2(d) ("A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is illegal or fraudulent."); N.Y. City Bar Ass'n Comm. on Prof'l Ethics, Formal Op. 529 at 2–3 (1981) (An attorney advising a fugitive client must do "nothing to aid the client to escape trial.").

***Third*, Mr. Teman's claimed health issues are unevidenced and pretextual.** GateGuard claims Mr. Teman suffers from an unnamed "medical condition that presently precludes air travel pending surgery" and promised to "provide current documentation of that condition from his physician." ECF No. 357 at 2. Amazon repeatedly asked GateGuard to support these assertions with evidence. GateGuard produced records stating that, *in April 2025*, an Israeli doctor told Mr. Teman he should avoid flying "*for 3 months*"—a period that elapsed more than one year ago. GateGuard has not advanced evidence of compelling

circumstances prohibiting Mr. Teman from travel.[1] On a similar factual record, two Judges of this Court and the U.S. Government have concluded that Mr. Teman's health claims are pretextual. Judge Engelmayer held: "the Court's firm conclusion—along with the Government—is that Teman's claim that air travel is medically risky is pretextual. Numerous data points support that Teman invoked this in late February [2025] as a last-ditch excuse to avoid returning to the United States." *Teman*, No. 19 Cr. 696, ECF No. 531 at 7 (S.D.N.Y. Apr. 17, 2025). And Judge Caproni concluded that Mr. Teman's purported health issues are a "pretext he invented to avoid returning to the United States and risking arrest as a fugitive." *GateGuard v. Goldmont Realty Corp.*, No. 20 Civ. 1609, ECF No. 216 at 2 (S.D.N.Y. Nov. 17, 2025).

***Fourth*, even if credited, Mr. Teman's health claims are outweighed by the significant prejudice to Amazon arising out of endless discovery delays in this action.** GateGuard brough this lawsuit in 2021 and it has involved significant, burdensome factual discovery, including 10 depositions by GateGuard and the production of many documents. Yet Mr. Teman appears to be GateGuard's sole witness to its surviving claims of trade secret misappropriation and tortious interference. The case cannot proceed without his testimony. *See Wei Su*, 2019 WL 4053917, at *1 (finding plaintiff's "purported health conditions" did not supply good cause for a remote deposition, given "competing considerations of prejudice and litigation efficiency"). Amazon has waited years and should receive a deadline by which Mr. Teman must appear for his depositions. *See Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of N.Y.*, 212 F.R.D. 464 (S.D.N.Y. 2003) (dismissing case and awarding attorneys' fees pursuant to Fed. R. Civ. P. 37 where plaintiff's president repeatedly canceled and otherwise evaded sitting for his deposition for two years), *aff'd*, 86 F. App'x 441 (2d Cir. 2004); *see also Passe v. City of N.Y.*, 2009 WL 290464 (E.D.N.Y. 2009) (dismissing case where plaintiff "initially thwarted the taking of her deposition" and "later delayed" its completion, for more than two years), *aff'd*, 377 F. App'x 106 (2d Cir. 2010).

For the foregoing reasons, Amazon respectfully requests that the Court order that Mr. Teman appear for in-person depositions in the Southern District of New York, in his personal capacity and as GateGuard's corporate representative, by **September 30, 2026**.

---

[1] On July 29, 2026, GateGuard produced a putative physician's letter asserting that Mr. Teman will require at least six months before he can travel by plane, or until approximately January 2027. Amazon has concerns about the reliability of this letter. Among other things, it lacks any letterhead and contains a different signature from a March 5, 2025 letter from the same doctor that Mr. Teman proffered to Judge Engelmayer in his criminal case. *See Teman*, No. 19 Cr. 696, ECF No. 513 at 6 (S.D.N.Y. Mar. 5, 2025). It also contains commentary in the style of Mr. Teman's uninvited late-night writings to Amazon. In all events, GateGuard must prosecute this action in a reasonably timely manner. *See* Fed. R. Civ. P. 41(b).

Respectfully submitted,

*/s/ David Salant*
David Salant

CC: All counsel of record (via ECF)