UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.,

Plaintiff,

v.

AMAZON.COM, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM SERVICES, LLC,
AMAZON LOGISTICS, INC.,
RING LLC,

Defendants.

No. 21 Civ. 9321 (JGK) (GWG)

**DECLARATION OF DAVID SALANT IN SUPPORT OF AMAZON'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

I, David Salant, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendants Amazon.com, Inc., Amazon.com Services LLC, Amazon Logistics, Inc., and Ring LLC (collectively, "Amazon") in the above-captioned matter. I make this declaration in support of Amazon's opposition to Plaintiff's motion for a protective order, ECF No. 372. I have personal knowledge of the matters set forth herein.

**Prior Schedulings of Mr. Teman's Depositions in this Action**

2. In December 2023, Amazon first noticed the deposition of Ari Teman, Plaintiff GateGuard's principal, as well as the deposition of GateGuard pursuant to Federal Rule of Civil Procedure 30(b)(6).

3. By email dated January 8, 2024, counsel for GateGuard confirmed that Mr. Teman would serve as GateGuard's designated corporate representative pursuant to Rule 30(b)(6).

4. On December 6, 2023, Amazon obtained the Court's authorization to take Mr. Teman's depositions in-person at FCI Miami, where Mr. Teman was then incarcerated. *See* ECF No. 81. GateGuard said it was available for this deposition in the first two weeks of March 2024. Amazon therefore arranged with the Staff of FCI Miami for these depositions to be held on March 11 and 12, 2024, and communicated these dates to GateGuard.

5. On March 1, 2024, GateGuard's counsel emailed me to say that "[t]he week of the 11th no longer works." Counsel wrote that "Mr. Teman is not presently in a state in which a deposition could be meaningfully conducted" because he was suffering "orchalgia" (testicular pain), "severe allergies," "auto-immune reactions," and "the overall weakening effect of try[ing] to keep Kosher on a prison diet." Attached hereto as **Exhibit A** is a true and correct copy of this email, dated March 1, 2024.

6. On July 1, 2024, with GateGuard's prior consent, Amazon noticed Mr. Teman's depositions for July 9 and 10, 2024, in New York City. On July 2, 2024, GateGuard's counsel told me that Mr. Teman had obtained permission from the Probation Department to travel from the Southern District of Florida—where he was subject to supervised release—to the Southern District of New York, to attend these depositions.

7. On July 5, 2024, GateGuard canceled Mr. Teman's July 9 and 10 depositions, stating by email that Mr. Teman "will not be able to travel next week" because he "went to the emergency room last night and has been diagnosed with [redacted]." Attached hereto as **Exhibit B** is a true and correct copy of this email, dated July 5, 2024.

8. On July 7, 2024, with GateGuard's consent, Amazon noticed Mr. Teman's depositions for July 24 and 25, 2024, in New York City.

9. On July 24, 2024, on the parties' joint motion, the Court stayed discovery pending an out-of-court mediation, which mediation was unsuccessful. ECF No. 213. During a court conference held January 29, 2026, Judge Koeltl lifted the stay. Jan. 29, 2026 Tr. at 33:25–34:1.

10. On February 27, 2026, the parties stipulated, and the Court ordered, that Mr. Teman's depositions would be completed by July 17, 2026. ECF No. 307 at 2.

11. On April 3, 2026, Amazon noticed Mr. Teman's depositions for June 23 and 24 in New York City. On June 12, 2026, Amazon re-sent its notices of deposition to GateGuard's counsel.

12. Mr. Teman failed to appear at either of his June 23 or June 24, 2026 depositions. *See* ECF Nos. 356 at 2–3, 356-1 at 4, 356-2 at 4.

**GateGuard's Representations Concerning Mr. Teman's Medical Condition**

13. On July 17, 2026, the parties conferred regarding the timing and location of Mr. Teman's depositions. GateGuard disclosed that Mr. Teman had a medical issue that would prevent him from being deposed in-person in New York in the near future. Amazon asked for supporting evidence of Mr. Teman's medical issue and expressed concern regarding what it perceived to be endless, unjustified delays.

14. On a July 22, 2026 telephone conference, the parties again discussed the timing and location of Mr. Teman's depositions. Amazon proposed that the parties agree to an "outside date" by which Mr. Teman would address his health issues and appear in New York. GateGuard's counsel said that Mr. Teman could obtain the medical treatment he needed and appear in-person in New York for his depositions by a deadline of October 31, 2026. Later that day, Amazon sent

GateGuard an email proposing a joint stipulation including the October 31, 2026 deadline. By email dated July 24, GateGuard's counsel wrote that "Yes, GateGuard will accept a stipulation along the lines of the above, which corresponds to what we had previously discussed." That evening, Amazon sent GateGuard a draft stipulation containing the October 31, 2026 deadline and authorized GateGuard to file it on behalf of the parties. Attached hereto as **Exhibit C** is a true and correct copy of an email chain dated July 24, 2026, reflecting these discussions and attaching the draft joint stipulation.

15. During a meet-and-confer call on July 29, 2026, GateGuard withdrew its agreement to the October 31 deadline for Mr. Teman's in-person depositions in New York. GateGuard's counsel stated, in sum and substance and in relevant part, that Mr. Teman "wants 150 days" to obtain an ear procedure and recover from it, or until approximately December 26, 2026.

16. In its motion for a protective order, GateGuard states that Mr. Teman "seek[s] to schedule the balloon procedure" and has scheduled another "examination that precedes the procedure" for July 19, 2027. ECF No. 376 at 4.

17. To date, GateGuard has communicated no date certain for Mr. Teman's prospective "balloon procedure."

**<u>GateGuard's Claimed Financial Position</u>**

18. As a result of Mr. Teman's failure to appear at the June 2026 depositions, Amazon incurred approximately $2,334.95 in costs for the two-day stenographer and videographer bookings, which were not timely canceled.

19. By letter-motion dated June 29, 2026, Amazon asked the Court to require GateGuard to pay these costs. ECF No. 356 at 2–3. By Order dated July 17, 2026, the Court "encouraged" the parties "to attempt to agree upon any compensatory or other financial sanctions

that defendants seek regarding plaintiff's past conduct in relation to the depositions." ECF No. 360 at 2.

20. On July 22, 2026, I conferred by telephone with Eden Quainton, counsel to GateGuard, regarding financial sanctions sought by Amazon for the missed June depositions. I asked Mr. Quainton if GateGuard would pay the costs Amazon incurred for the depositions Mr. Teman missed. Mr. Quainton responded, in sum and substance and in relevant part, that GateGuard could not pay these costs because GateGuard "has no money."

**GateGuard's Proposal for Remote or Tel Aviv Depositions**

21. On August 6, 2026, the Court issued an Order stating that: "The Court intends to exercise its discretion to require that the plaintiff (including its principal) appear in person for the deposition in the Southern District of New York, where plaintiff brought suit, unless the plaintiff can show that conducting the deposition in such manner 'imposes a meaningful burden.'" ECF No. 368 (citation omitted).

22. On August 10, 2026, GateGuard wrote to Amazon requesting that Mr. Teman's depositions be held "by Zoom or in person in Tel Aviv," Israel, and offered to "bear[ ] the full cost of the venue, the court reporter, the videographer, any technical or interpretation support Amazon requires, as well as [Amazon's counsel's] own reasonable travel costs and local accommodation." ECF No. 374-4.

23. During a telephonic meet-and-confer on August 17, 2026, I told Mr. Quainton, GateGuard's counsel, that Amazon rejected GateGuard's proposal to take Mr. Teman's depositions remotely. I asked Mr. Quainton questions about GateGuard's offer to bear the costs of in-person depositions in Tel Aviv. I explained that requiring Amazon's attorneys to fly to Tel Aviv for the depositions would be extremely burdensome. I asked whether GateGuard was truly

able to make the significant payments that in-person depositions in Tel Aviv would require. I explained that Amazon estimated that these costs—including airfare and accommodations for two attorneys, the rental of conference room space in Israel, the booking of a stenographer and a videographer for two days, the international shipping of exhibit boxes—would total approximately $20,000–$40,000. I asked if GateGuard was truly in the financial position to pay these costs, in light of its previous representation that GateGuard "has no money" and could not pay the approximately $2,000 in costs that Amazon incurred for Mr. Teman's missed June 2026 depositions.

24. Mr. Quainton responded, in sum and substance and in relevant part, that he believed Mr. Teman was not thinking everything through regarding the offer and did not realize what it would cost; that Mr. Teman probably did not realize how expensive videographer and stenographer bookings are; that Mr. Teman had not thought through the ins and outs of international travel for two attorneys; and that Mr. Teman is "certainly going to fight you on price." GateGuard never followed up on its offer after this call, such as to contest Amazon's estimate or confirm or demonstrate that GateGuard was in the position to advance $20,000–$40,000 in deposition costs.

Dated: New York, New York
September 3, 2026

*/s/ David Salant*
David Salant