UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

GATEGUARD, INC., :

Plaintiffs, :

-v.- :

AMAZON.COM, INC., et al, :

Defendants. :

---------------------------------------------------------------X

ORDER
21 Civ. 9321 (JGK) (GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Pending before the Court is Ari Teman's motion to intervene (Docket # 312). That motion has been fully briefed and seeks to allow Ari Teman to intervene as a plaintiff.

Separately, however, Teman filed a motion that seeks to intervene for the more limited purpose of obtaining a protective order. See Docket # 311, 315, 316, 324/325,[1] 334. The protective order is sought with respect to a document production by GateGuard, Inc. that has since been filed with the Court under seal but has not yet been produced to defendants. See Docket ## 349-354.

In the event Teman's motion to intervene were granted — either to intervene as a plaintiff or for the limited purpose of asserting privilege — the Court is concerned that the current briefing on Teman's motion for a protective order is insufficient to address the merits of that motion. At the time Teman filed even his reply letter, Teman states that he did not have access to the full set of documents at issue. See Docket # 334 at 1. More fundamentally, and perhaps as a consequence of the lack of access, Teman's motion contains no substantive discussion of why Teman in fact has a personal privilege that covers any particular document. The Court is also concerned that the parties filings, including the defendant's cursory opposition letter (Docket # 315), are insufficient to present the issues raised by the motion to the Court.

Plaintiff obviously now has full access to the production at issue given that he is CEO of GateGuard and GateGuard has filed the documents at issue with the Court. See Docket ## 349-54. The Court requires a complete record to adjudicate the motion for a protective order in the event Teman is permitted to intervene to have that motion heard. Accordingly, the Court orders as follows:

On or before October 20, 2026, Teman shall file a privilege log that lists every document

[1] Docket # 324 and Docket #325 appear to be identical

over which Teman asserts a personal privilege objection. Teman is warned that he must include in this listing only documents as to which he has a personal privilege, not documents as to which only GateGuard has a privilege. The log shall comply in full with Local Civil Rule 26.2. The log shall also contain for each listed document the "Bates number" of the document as well as the docket number and page it was filed within Docket ## 349-54 (for example, "GG06626 – Docket # 350-2 at 2").[2] Annexed to the log shall be a separate document that identifies each sender or recipient named on the privilege log by job title and organization and also supplies any explanation needed to show the relationship between Teman and each such individual that is relevant to the claim of privilege.

On the same date, Teman shall file a memorandum of law (whose title shall include the words "Superseding Memorandum of Law") and a sworn statement that sets forth all facts relevant to his claim for a protective order. This superseding memorandum shall address only the request for a protective order, not the request for intervention which the Court considers to have been fully briefed already. This memorandum will supersede all prior filings by Teman regarding the request for a protective order and thus he must include all relevant facts and law in this memorandum.

On or before November 3, 2026, defendants shall file their response to the superseding memorandum of law and sworn statement. Teman may file a reply by November 10, 2026.

Both parties are reminded that, as required by paragraph 2.D of the Court's Individual Practices, no factual statement shall appear in a memorandum of law that is not followed by a citation to the record (which may include, where appropriate, a sworn statement).

Gateguard's counsel is ordered to immediately transmit a copy of this Order to Teman and to file a sworn statement showing compliance on or before October 8, 2026.

SO ORDERED.

Dated: October 6, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

[2] The Court picked the cited document at random and thus its mention herein should not be construed as a suggestion that there is justification for withholding this particular document.