UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

GATEGUARD, INC., :

: MEMORANDUM ORDER

Plaintiffs, 21 Civ. 9321 (JGK) (GWG)

:

-v.-

:

AMAZON.COM, INC., et al, :

:

Defendants.

---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff GateGuard, Inc., has requested that the Court maintain under seal a number of documents relating to its motion for a protective order. See Docket ## 371, 375, 377, 385.[1] The motion for a protective order (Docket # 372) challenges defendants' effort to require Ari Teman to appear for a deposition in New York on behalf of GateGuard by asserting that Teman's medical condition excuses him from appearing for such a deposition.

We have previously set forth the legal principles governing applications to seal in the case of In re New York City Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d 247, 251-54 (S.D.N.Y. 2022). We incorporate by reference our discussion of those principles here. In brief, we must weigh the presumption of public access against any factors that counsel against the disclosure of the documents. Id. at 253. The request for sealing here arises in the context of discovery, which means the presumption of access is a "modest." Id.

The requests to seal involve three different types of information: (1) the caption pages and reporters' certificates of the depositions taken in this matter; (2) Ari Teman's medical records; and (3) Teman's personal identifying information contained in those records.

As to the caption pages, see Exhibit G to Docket # 373 (filed in redacted form as Docket # 374), GateGuard makes this request only because the pages reference information that Amazon designated as confidential under the Confidentiality Stipulation and Protective Order entered in this action. See Docket # 375 at 2. However, "the mere fact that the parties agreed to a confidentiality designation does not overcome the presumption of access to judicial documents." In re New York City Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d at 254. Moreover, under paragraph 2.E of our Individual Practices, Amazon was required to make an application itself to justify the sealing. Amazon has not done so and thus there is nothing in the

[1] Dockets # 371 and # 375 are identical sealing requests, except that Docket # 375 corrects a typographical error in Docker # 371.

record that would justify the sealing of these documents. Accordingly, the caption pages will not be sealed.

GateGuard seeks to seal several documents that consist of or quote from Teman's medical records.[2] Amazon seeks to seal the same category of documents in its own filing; but Amazon makes the request only because it felt obligated to act consistently with GateGuard's own sealing request. See Docket # 377.

GateGuard argues that Teman's privacy interest in his medical records outweighs the presumption of public access. See Docket # 375 at 1-2; Docket # 385 at 2. GateGuard, however, gives no further explanation of the weight of that privacy interest other than to say that "public disclosure serves no purpose." Docket # 375 at 2; Docket # 385 at 2. We reject this argument inasmuch as the "purpose" of any disclosure would be to vindicate the public right of access to judicial documents. See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006). The assertion of a purported lack of "purpose" does nothing to address the issue of harm to Teman or GateGuard. GateGuard also asserts that "courts in this District routinely permit medical records, and briefing that quotes them, to be filed under seal." Docket # 385 at 2. But the only citation for this statement is Lugosch, which says nothing about the sealing of medical records.

Certainly, there are situations where medical records are sealed based on a party's privacy interest. But cases routinely hold that a plaintiff who brings a lawsuit putting his medical history at issue has a diminished privacy right in medical records relevant to the resolution of his claims. See Crawford v. Manion, 1997 WL 148066, at *2 (S.D.N.Y. Mar. 31, 1997) (collecting cases); accord Trooper 1 v. New York State Police, 2026 WL 1398926, at *1 n.1 (E.D.N.Y. May 19, 2026). Here, GateGuard's application for relief puts Teman's medical history directly at issue and GateGuard offers nothing to explain why Teman's privacy interest outweighs the public's right to know the basis for the Court's adjudication of his motion for a protective order.

Further, some of these same medical records have already been publicly filed by Teman himself in another lawsuit. See Docket ## 119, 126 in Teman v. Zeldes Needle Cooper LLP, et al. (S.D.N.Y. 24 Civ. 9830). Indeed, in Zeldes Needle, Teman publicly filed medical evidence relating to the condition at issue in this case that he did not even file in this case. See Docket # 126 in 24 Civ. 9830. We discern no principled distinction between the records Teman publicly filed himself in Zeldes Needle and the records GateGuard seeks to have sealed here. Thus, we give virtually no weight to GateGuard claim that Teman has a privacy interest that

[2] In Docket # 375 and # 385 GateGuard seeks to seal (1) Exhibits A, B, and H attached to Docket # 373 (filed in redacted form as Docket # 374) and (2) quotations and descriptions of such exhibits contained within: (a) Amazon's memorandum of law in opposition (Docket # 378; filed in redacted form as Docket # 379); (b) the Declaration of David Salant (Docket # 380; filed in redacted form as Docket # 381); (c) the Declaration of Darius Kohan (Docket # 382; filed in redacted form as Docket # 383); (d) GateGuard's reply memorandum of law (Docket # 386; filed in redacted form as Docket # 388); and (e) the Declaration of Ari Teman (Docket # 387; filed in redacted form as Docket # 389).

outweighs even a modest presumption of public access. As a result, all the medical information must be unsealed.

Finally, GateGuard seeks to seal Teman's personal identifying information that appears in Exhibits A, B, and H attached to Docket # 373 (filed in redacted form as Docket # 374) consisting of "date of birth, a national identification number, and contact details." Docket # 375 at 1–2. We agree with GateGuard that such personal identifying information has no relation to any matter being adjudicated and that there are privacy interests that warrant keeping such material from public disclosure. Thus, Teman's privacy interest in this personal identifying information outweighs the modest presumption of public access at this stage.

Conclusion

The applications to seal (Docket ## 371, 375, 377, 385) are denied except as to the personal identifying information set forth above. On or before November 6, 2026, each side shall publicly re-file any submission it previously filed under seal in a form consistent with this Order. The parties shall comply with this directive by filing a letter that attaches as exhibits the new versions of each previously sealed document. The description in the docket text of each exhibit shall identify the original docket number of the redacted filing (e.g., "Reply Memorandum of Law — filed in redacted form as Docket # 388").

SO ORDERED.

Dated: October 30, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge